IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-cv-00854-UA-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) **ANSWER TO COMPLAINT OF** |
| PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., DR. DAVID SPIVEY, individually, and SHERRY SPIVEY, individually, | ) **SHERRY SPIVEY** ) ) ) ) ) |
| Defendants. | ) |

Defendant SHERRY SPIVEY ("Spivey" or "Defendant"), by and through her undersigned counsel, respectfully answers the Complaint as follows:

## FIRST DEFENSE

With respect to the specific allegations contained in the Complaint, Spivey responds as follows:

1. As to the allegations contained in Paragraph 1 of the Complaint, Spivey admits that Plaintiffs Rebecca Kovalich ("Kovalich") and Suzanne Nagelski ("Nagelski") purport to bring this action against Defendants Preferred Pain management & Spine Care, P.A. ("PPM"), Dr. David Spivey ("Dr. Spivey") and Sherry Spivey arising out of the separation of their employment with PPM. Spivey further admits that Plaintiffs have alleged that they have suffered damages. The remaining allegations not specifically herein admitted are denied.

2. As to the allegations contained in Paragraph 2 of the Complaint, it is admitted that PPM terminated the employment of Kovalich and Nagelski. The remaining allegations not specifically herein admitted are denied.

3. As to the allegations contained in Paragraph 3 of the Complaint, Spivey admits that Plaintiffs purport to seek recovery in this action for alleged: violations of the Age Discrimination in Employment Act of 1976 ("ADEA"), 29 U.S.C. § 621 *et seq.*; violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; wrongful discharge in violation of public policy; tortious interference with contract; and violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140. Spivey specifically denies that Plaintiffs are entitled to recovery against her on any theory of liability.

## II. PARTIES, JURISDICTION, AND VENUE

4. As to the allegations contained in Paragraph 4 of the Complaint, Spivey admits upon information and belief that Kovalich is a resident of Charleston County, South Carolina. The remaining allegations not specifically herein admitted are denied as Spivey lacks sufficient information and belief as to the truth or falsity of the allegations.

5. The allegations contained in Paragraph 5 of the Complaint are admitted upon information and belief.

6. The allegations contained in Paragraph 6 of the Complaint do not pertain to this answering Defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 6 of the Complaint are admitted.

7. The allegations contained in Paragraph 7 of the Complaint do not pertain to this answering defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 7 of the Complaint are admitted.

8. The allegations contained in Paragraph 8 of the Complaint are admitted.

Case 1:17-cv-00854-TDS-LPA   Document 12   Filed 11/01/17   Page 2 of 28

9.  As to the allegations contained in Paragraph 9 of the Complaint, it is admitted that PPM has an office in Forsyth County, North Carolina. The remaining allegations not specifically herein admitted are denied.

10.  As to the allegations contained in Paragraph 10 of the Complaint, it is admitted that PPM has an office located at 2912 Maplewood Avenue, Winston-Salem, North Carolina 27103. It is further admitted that PPM employed Plaintiffs. It is further admitted that Plaintiffs from time to time came to PPM's office located at 2912 Maplewood Avenue, Winston-Salem, North Carolina. The remaining allegations not specifically herein admitted are denied.

11.  The allegations contained in Paragraph 11 do not pertain to this answering Defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 11 of the Complaint are admitted.

12.  As to the allegations contained in Paragraph 12 of the Complaint, it is admitted that Plaintiffs allege that they purport to seek damages in excess of the sum sufficient for subject matter jurisdiction to be properly vested in the Superior Court division pursuant to N.C. Gen. Stat. § 7A-243. The remaining allegations not specifically herein admitted are denied.

13.  The allegations contained in Paragraph 13 of the Complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 13 of the Complaint are denied.

### III. FACTUAL STATEMENT

14.  The allegations contained in Paragraph 14 of the Complaint are admitted upon information and belief

15.  As to the allegations contained in Paragraph 15 of the Complaint, it is admitted upon information and belief that Kovalich obtained her MBA. It is further admitted upon

3

information and belief that Kovalich worked to develop a lab for Salem Gastro. It is further admitted upon information and belief that the lab was subsequently sold. It is further admitted upon information and belief that Kovalich was affiliated with Triad Clinical Laboratory. The remaining allegations contained in Paragraph 15 of the Complaint are denied based upon a lack of information and belief as to their truth or falsity.

16.     The allegations contained in Paragraph 16 of the Complaint are admitted upon information and belief.

17.     As to the allegations contained in Paragraph 17 of the Complaint, Spivey admits upon information and belief that Nagelski worked for National Environmental Technologies. Spivey further admits upon information and belief that Nagelski obtained her MBA from Wake Forest. The remaining allegations not specifically herein admitted are denied based upon a lack of information and belief.

18.     As to the allegations contained in Paragraph 18 of the Complaint, Spivey admits that she knew Kovalich prior to July 2006. The remaining allegations contained in Paragraph 18 not specifically herein admitted are denied.

19.     The allegations contained in Paragraph 19 of the Complaint do not pertain to this answering defendant. Therefore, no response is required. To the extent that a response is required, it is admitted that Kovalich informed Dr. Spivey about Piedmont Community Physicians. It is further admitted that on October 9, 2006, Dr. Spivey opened PPM as a care center of Piedmont Community Physicians. The remaining allegations not specifically herein admitted are denied based upon a lack of information and belief.

20.     The allegations contained in Paragraph 20 of the Complaint do not pertain to this answering Defendant. Therefore, no response is required. To the extent that a response is

required, it is admitted that in approximately December 2006, Nagelski began working for PPM as an independent contractor. The remaining allegations n contained in Paragraph 20 of the Complaint not specifically herein admitted are denied.

21.     As to the allegations contained in Paragraph 21 of the Complaint, it is admitted upon information and belief that Nagelski began working for PPM as a consultant. Spivey further admits that from time to time, Nagelski performed some human resources and information technology functions for PPM. The remaining allegations not specifically herein admitted are denied.

22.     As to the allegations contained in Paragraph 22 of the Complaint, Spivey admits that there was an incident which occurred between herself and Dr. Spivey in 2014. Spivey admits that Dr. Spivey was taken to the Forsyth County jail by law enforcement authorities. Spivey further admits that the Consent Order entered on September 11, 2015, and the Amended Consent Order entered on February 18, 2016, by the North Carolina Board (hereinafter the "Consent Orders") are in writing and are the best evidence of their contents. The allegations contained in in Paragraph 22 of the Complaint are denied to the extent that they are in conflict with the contents of the Consent Orders. The remaining allegations not specifically herein admitted are denied.

23.     The allegations contained in Paragraph 23 of the Complaint are denied based upon a lack of information and belief as to their truth or falsity.

24.     As to the allegations contained in Paragraph 24 of the Complaint, Spivey admits that she spoke with Nagelski on the phone and asked Nagelski for information about salaries of employees under Spivey's supervision. Spivey further admits that Nagleski refused to provide

Spivey with this information. The remaining allegations not specifically herein admitted are denied.

25. The allegations contained in Paragraph 25 of the Complaint are denied based upon a lack of information and belief as to their truth or falsity.

26. As to the allegations contained in Paragraph 26 of the Complaint, Spivey admits that at some point PPM relieved Nagelski of her IT responsibilities. Spivey further admits that Dr. Spivey instructed Ms. Bailey to send a letter to one of PPM's vendors advising them that Nagleski did not have the authority to enter into contracts on behalf of PPM. The remaining allegations not specifically herein admitted are denied.

27. The allegations contained in Paragraph 27 of the Complaint are denied based upon a lack of information and belief as to their truth or falsity.

28. The allegations contained in Paragraph 28 of the Complaint are denied based upon a lack of information and belief as to their truth or falsity.

29. As to the allegations contained in Paragraph 29 of the Complaint, Spivey admits that as the Clinical Manager for PPM, she had input into personnel decisions. The remaining allegations not specifically herein admitted are denied.

30. As to the allegations contained in Paragraph 30 of the Complaint, Spivey admits that she discussed with Nagelski the reorganization of the Greensboro office and the separation of three employees. Spivey further admits that Nagelski indicated that firing of the three employees could have EEOC repercussions. The remaining allegations not specifically herein admitted are denied.

31. As to the allegations contained in Paragraph 31 of the Complaint, it is admitted that PPM hired a 44-year old female to become its Director of Human Resources. It is further

6

admitted that this individual was a former Belk Department Store bridal sales consultant. It is further admitted that Nagelski was 49 years old in January 2016. The remaining allegations not specifically herein admitted are denied.

32. As to the allegations contained in Paragraph 32 of the Complaint, it is admitted that Nagelski's EEOC Charge bearing EEOC Charge No. 430-2016-01529 ("Nagelski's EEOC Charge") is in writing and is the best evidence of its contents. The allegations contained in Paragraph 32 of the Complaint are denied to the extent that they are in conflict with the contents of Nagelski's Charge. The remaining allegations not specifically herein admitted are denied as Spivey lacks sufficient information and belief as to the truth or falsity of the allegations.

33. The allegations contained in Paragraph 33 of the Complaint do not pertain to this answering defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 33 of the Complaint are denied as Spivey lacks sufficient information and belief as to the truth or falsity of the allegations.

34. The allegations contained in Paragraph 34 of the Complaint do not pertain to this answering defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 34 of the Complaint are denied as Spivey lacks sufficient information and belief as to the truth or falsity of the allegations.

35. As to the allegations contained in Paragraph 35 of the Complaint, Spivey admits that she slammed a door and screamed and raised her voice at Kovalich. The remaining allegations not specifically herein admitted are denied.

36. The allegations contained in Paragraph 36 of the Complaint do not pertain to this answering defendant. Therefore, no response is required. To the extent that a response is

7

required, the allegations contained in Paragraph 36 of the Complaint are denied as Spivey lacks sufficient information and belief as to the truth or falsity of the allegations.

37.     The allegations contained in Paragraph 37 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 37 of the Complaint are denied as Spivey lacks sufficient information and belief as to the truth or falsity of the allegations.

38.     As to the allegations contained in Paragraph 38 of the Complaint, Spivey admits that PPM hired an independent contractor, Mary Benton, to coordinate the move of the Practice from the old space to the new.  The remaining allegations not specifically herein admitted are denied.

39.     The allegations contained in Paragraph 39 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 39 of the Complaint are denied as Spivey lacks sufficient information and belief as to the truth or falsity of the allegations.

40.     The allegations contained in Paragraph 40 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 40 of the Complaint are denied as Spivey lacks sufficient information and belief as to the truth or falsity of the allegations.

41.     The allegations contained in Paragraph 41 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 41 of the Complaint are denied as Spivey lacks sufficient information and belief as to the truth or falsity of the allegations.

42.     As to the allegations contained in Paragraph 42 of the Complaint, Spivey admits that Kovalich was separated from PPM in June 2016.  It is further admitted upon information and belief that Kovalich was 71 years of age at the time of her separation.  The remaining allegations not specifically herein admitted are denied.

43.     The allegations contained in Paragraph 43 of the Complaint are denied.

44.     The allegations contained in Paragraph 44 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 44 of the Complaint are denied.

45.     The allegations contained in Paragraph 45 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 45 of the Complaint are denied as Spivey lacks sufficient information and belief as to the truth or falsity of the allegations.

46.     The allegations contained in Paragraph 46 of the Complaint are denied.

47.     The allegations contained in Paragraph 47 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 47 of the Complaint are denied.

48.     The allegations contained in Paragraph 48 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 48 of the Complaint are denied.

49.     As to the allegations contained in Paragraph 49 of the Complaint, it is admitted that the Cash Balance Plan (the "Plan") is in writing and is the best evidence of its contents.  The allegations contained in Paragraph 49 of the Complaint are denied to the extent that they

9

are in conflict with the contents of the Plan. The remaining allegations not specifically herein admitted are denied.

50. As to the allegations contained in Paragraph 50 of the Complaint, Spivey admits that she and Dr. Spivey participate in the Plan. Spivey further admits the Plan is in writing and is the best evidence of its contents. The allegations contained in Paragraph 50 of the Complaint are denied to the extent that they are in conflict with the contents of the Plan. The remaining allegations contained in Paragraph 50 of the Complaint are denied.

51. As to the allegations contained in Paragraph 51 of the Complaint, Spivey admits that the Plan is in writing and is the best evidence of its contents. The allegations contained in Paragraph 51 of the Complaint are denied to the extent that they are in conflict with the contents of the Plan. The remaining allegations not specifically herein admitted are denied.

52. As to the allegations contained in Paragraph 52 of the Complaint, it is admitted that Kovalich's EEOC Charge bearing EEOC Charge No. 435-2017-00151 ("Kovalich's EEOC Charge") is in writing and is the best evidence of its contents. The allegations contained in Paragraph 52 of the Complaint are denied to the extent that they are in conflict with the contents of Kovalich's Charge. The remaining allegations not specifically herein admitted are denied as Spivey lacks sufficient information and belief as to the truth or falsity of the allegations.

53. As to the allegations contained in Paragraph 53 of the Complaint, it is admitted that Nagelski's Charge is in writing and is the best evidence of its contents. The allegations contained in Paragraph 53 of the Complaint are denied to the extent that they are in conflict with the contents of Nagelski's Charge. The remaining allegations not specifically herein admitted are denied.

10

54. As to the allegations contained in Paragraph 54 of the Complaint, it is admitted that the Right to Sue Letter issued by the EEOC to Kovalich ("Kovalich's Right to Sue Letter") is in writing and is the best evidence of its contents. The allegations contained in Paragraph 54 of the Complaint are denied to the extent that they are in conflict with the contents of Kovalich's Right to Sue Letter. The remaining allegations not specifically herein admitted are denied.

55. As to the allegations contained in Paragraph 55 of the Complaint, it is admitted that the Right to Sue Letter issued by the EEOC to Nagelski ("Nagelski's Right to Sue Letter") is in writing and is the best evidence of its contents. The allegations contained in Paragraph 55 of the Complaint are denied to the extent that they are in conflict with the contents of Nagelski's Right to Sue Letter. The remaining allegations not specifically herein admitted are denied.

### First Cause of Action

56. Spivey realleges and incorporates herein by reference her answers to Paragraphs 1-55 of the Complaint, as though more fully set forth herein above.

57. The allegations contained in Paragraph 57 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 57 of the Complaint are denied.

58. The allegations contained in Paragraph 58 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 58 of the Complaint are denied.

11

59.   The allegations contained in Paragraph 59 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, the allegations contained in Paragraph 59 of the Complaint are denied.

60.   The allegations contained in Paragraph 60 of the Complaint are admitted.

61.   The allegations contained in Paragraph 61 of the Complaint are admitted.

62.   The allegations contained in Paragraph 62 of the Complaint are denied.

63.   The allegations contained in Paragraph 63 of the Complaint are denied.

64.   The allegations contained in Paragraph 64 of the Complaint are denied.

65.   The allegations contained in Paragraph 65 of the Complaint are denied.

66.   The allegations contained in Paragraph 66 of the Complaint are denied.

67.   The allegations contained in Paragraph 67 of the Complaint are denied.

68.   The allegations contained in Paragraph 68 of the Complaint are denied.

69.   The allegations contained in Paragraph 69 of the Complaint are denied.

70.   The allegations contained in Paragraph 70 of the Complaint are denied.

71.   The allegations contained in Paragraph 71 of the Complaint are denied.

72.   The allegations contained in Paragraph 72 of the Complaint are denied.

73.   The allegations contained in Paragraph 73 of the Complaint are denied.

74.   The allegations contained in Paragraph 74 of the Complaint are denied.

75.   The allegations contained in Paragraph 75 of the Complaint are denied.

## Second Cause of Action

76.   Spivey realleges and incorporates herein by reference her answers to Paragraphs 1-75 of the Complaint, as though more fully set forth herein above.

12

77.     The allegations contained in Paragraph 77 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 77 of the Complaint are denied as Spivey lacks sufficient information and belief as to the truth or falsity of the allegations.

78.     The allegations contained in Paragraph 78 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 78 of the Complaint are denied as Spivey lacks sufficient information and belief as to the truth or falsity of the allegations.

79.     The allegations contained in Paragraph 79 of the Complaint are denied.

80.     The allegations contained in Paragraph 80 of the Complaint are denied as Spivey lacks sufficient information and belief as to the truth or falsity of the allegations.

81.     The allegations contained in Paragraph 81 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 81 of the Complaint are denied.

82.     The allegations contained in Paragraph 82 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 81 of the Complaint are denied.

83.     As to the allegations contained in Paragraph 83 of the Complaint, Spivey admits that Plaintiff Kovalich purports to assert a quid pro quo sexual harassment theory.  The remaining allegations not specifically herein admitted are denied.

84.     The allegations contained in Paragraph 84 of the Complaint do not pertain to this answering Defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 84 of the Complaint are denied.

13

85.    The allegations contained in Paragraph 85 of the Complaint do not pertain to this answering Defendant.    Therefore, no response is required.    To the extent that a response is required, the allegations contained in Paragraph 85 of the Complaint are denied.

86.    The allegations contained in Paragraph 86 of the Complaint do not pertain to this answering Defendant.    Therefore, no response is required.    To the extent that a response is required, the allegations contained in Paragraph 86 of the Complaint are denied.

87.    The allegations contained in Paragraph 87 of the Complaint do not pertain to this answering defendant.    Therefore, no response is required.    To the extent that a response is required, the allegations contained in Paragraph 87 of the Complaint are denied.

88.    The allegations contained in Paragraph 88 of the Complaint do not pertain to this answering Defendant.    Therefore, no response is required.    To the extent that a response is required, the allegations contained in Paragraph 88 of the Complaint are denied.

89.    The allegations contained in Paragraph 89 of the Complaint do not pertain to this answering Defendant.    Therefore, no response is required.    To the extent that a response is required, the allegations contained in Paragraph 89 of the Complaint are denied.

90.    The allegations contained in Paragraph 90 of the Complaint do not pertain to this answering defendant.    Therefore, no response is required.    To the extent that a response is required, the allegations contained in Paragraph 90 of the Complaint are denied.

91.    The allegations contained in Paragraph 91 of the Complaint do not pertain to this answering defendant.    Therefore, no response is required.    To the extent that a response is required, the allegations contained in Paragraph 91 of the Complaint are denied.

## Third Cause of Action

92.     Spivey realleges and incorporates herein by reference her answers to Paragraphs 1-91 of the Complaint, as though more fully set forth herein above.

93.     The allegations contained in Paragraph 93 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, the allegations contained in Paragraph 93 of the Complaint are denied.

94.     The allegations contained in Paragraph 94 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, the allegations contained in Paragraph 94 of the Complaint are denied.

95.     The allegations contained in Paragraph 95 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, the allegations contained in Paragraph 95 of the Complaint are denied.

96.     The allegations contained in Paragraph 96 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 96 of the Complaint are denied.

97.     The allegations contained in Paragraph 97 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 97 of the Complaint are denied.

98.     The allegations contained in Paragraph 98 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 98 of the Complaint are denied.

99. The allegations contained in Paragraph 99 of the Complaint do not pertain to this answering defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 99 of the Complaint are denied.

100. The allegations contained in Paragraph 100 of the Complaint do not pertain to this answering defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 100 of the Complaint are denied.

101. The allegations contained in Paragraph 101 of the Complaint do not pertain to this answering defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 101 of the Complaint are denied.

102. The allegations contained in Paragraph 102 of the Complaint do not pertain to this answering defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 102 of the Complaint are denied.

103. The allegations contained in Paragraph 103 of the Complaint do not pertain to this answering defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 103 of the Complaint are denied.

104. The allegations contained in Paragraph 104 of the Complaint do not pertain to this answering defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 104 of the Complaint are denied.

## Fourth Cause of Action

105. Spivey realleges and incorporates herein by reference her answers to Paragraphs 1-104 of the Complaint, as though more fully set forth herein above.

106. The allegations contained in Paragraph 106 of the Complaint do not pertain to this answering defendant. Therefore, no response is required. To the extent that a response is

16

required, the allegations contained in Paragraph 106 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 106 of the Complaint are denied.

107. The allegations contained in Paragraph 107 of the Complaint do not pertain to this answering defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 107 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 107 of the Complaint are denied.

108. The allegations contained in Paragraph 108 of the Complaint do not pertain to this answering defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 108 of the Complaint are denied as Spivey lacks sufficient information and belief as to the truth or falsity of the allegations.

109. The allegations contained in Paragraph 109 of the Complaint do not pertain to this answering defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 109 of the Complaint are denied as Spivey lacks sufficient information and belief as to the truth or falsity of the allegations.

110. The allegations contained in Paragraph 110 of the Complaint are denied.

111. The allegations contained in Paragraph 111 of the Complaint are denied.

112. The allegations contained in Paragraph 112 of the Complaint are denied.

113. The allegations contained in Paragraph 113 of the Complaint are denied.

114. The allegations contained in Paragraph 114 of the Complaint do not pertain to this answering defendant. Therefore, no response is required. To the extent that a response is required, the allegations contained in Paragraph 114 of the Complaint are denied.

17

115.    The allegations contained in Paragraph 115 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 115 of the Complaint are denied.

116.    The allegations contained in Paragraph 116 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 116 of the Complaint are denied.

117.    The allegations contained in Paragraph 117 of the Complaint are denied.

118.    The allegations contained in Paragraph 118 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 118 of the Complaint are denied.

119.    The allegations contained in Paragraph 119 of the Complaint are denied.

120.    The allegations contained in Paragraph 120 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 120 of the Complaint are denied.

121.    The allegations contained in Paragraph 121 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 121 of the Complaint are denied.

122.    The allegations contained in Paragraph 122 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 122 of the Complaint are denied.

123.    The allegations contained in Paragraph 123 of the Complaint do not pertain to this answering defendant.  Therefore, no response is required.  To the extent that a response is required, the allegations contained in Paragraph 123 of the Complaint are denied.

## Fifth Cause of Action

124.    Spivey realleges and incorporates herein by reference her answers to Paragraphs 1-123 of the Complaint, as though more fully set forth herein above.

125.    As to the allegations contained in Paragraph 125 of the Complaint, it is admitted that PPM offers its employees various employee benefits which are governed by plan documents.  It is further admitted that these benefits plans are in writing and are the best evidence of their contents.  The allegations contained in Paragraph 125 of the Complaint are denied to the extent that they are in conflict with the contents of the applicable plan document. The remaining allegations not specifically herein admitted are denied.

126.    As to the allegations contained in Paragraph 126 of the Complaint, it is admitted that PPM offered its employees various employee benefits which are governed by plan documents.  It is further admitted that these benefits plans are in writing and are the best evidence of their contents.  The allegations contained in Paragraph 126 of the Complaint are denied to the extent that they are in conflict with the contents of the applicable plan documents. The remaining allegations not specifically herein admitted are denied.

127.    The allegations contained in Paragraph 127 of the Complaint are denied.

128.    The allegations contained in Paragraph 128 of the Complaint are denied.

129.    As to the allegations contained in Paragraph 129 of the Complaint, it is admitted that the Plan is in writing and is the best evidence of its contents.  The allegations contained in Paragraph 129 of the Complaint are denied to the extent that they are in conflict with the contents of the Plan.  The remaining allegations not specifically herein admitted are denied.

130.    As to the allegations contained in Paragraph 130 of the Complaint, it is admitted that the Plan is in writing and is the best evidence of its contents.  The allegations contained in

19

Paragraph 130 of the Complaint are denied to the extent that they are in conflict with the contents of the Plan. The remaining allegations not specifically herein admitted are denied.

131.    As to the allegations contained in Paragraph 131 of the Complaint, Spivey admits that she and Dr. Spivey participate in employee benefit plans for which they are eligible.   It is further admitted that PPM offers its employees various employee benefits which are governed by plan documents.   It is further admitted that these benefits plans are in writing and are the best evidence of their contents.   The allegations contained in Paragraph 131 of the Complaint are denied to the extent that they are in conflict with the contents of the applicable plan documents.   The remaining allegations not specifically herein admitted are denied.

132.    As to the allegations contained in Paragraph 132 of the Complaint, it is admitted that the Plan is in writing and is the best evidence of its contents.   The allegations contained in Paragraph 132 of the Complaint are denied to the extent that they are in conflict with the contents of the Plan.   The remaining allegations not specifically herein admitted are denied.

133.    The allegations contained in Paragraph 133 of the Complaint are denied.

134.    The allegations contained in Paragraph 134 of the Complaint are denied.

135.    The allegations contained in Paragraph 135 of the Complaint are denied.

136.    The allegations contained in Paragraph 136 of the Complaint are denied.

137.    The allegations contained in Paragraph 137 of the Complaint are denied.

138.    The allegations contained in Paragraph 138 of the Complaint are denied.

139.    The allegations contained in Paragraph 139 of the Complaint are denied.

140.    The allegations contained in Paragraph 140 of the Complaint are denied.

141.    All allegations contained in the Complaint that are not expressly admitted, qualified, or explained above, including Plaintiffs' Prayer for Relief, are denied.

## SECOND DEFENSE

All of Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state any claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any actions taken with respect to Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory reasons unrelated to any alleged protected class or alleged protected activity.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant would have taken the same actions with respect to Plaintiffs even in the absence of any purported protected class or alleged protected activity for legitimate, non-discriminatory and non-retaliatory reasons.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust administrative remedies and/or comply with the statutory pre-requisites to bringing this action.

## SIXTH DEFENSE

In the Alternative, Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate their alleged damages.

## SEVENTH DEFENSE

In the alternative, Defendants plead upon information and belief that Plaintiffs failed to exercise reasonable diligence and ordinary care to minimize their damages, and Defendants, therefore, plead the doctrine of avoidable consequences and the defense of failure to mitigate damages in bar of Plaintiffs' claims against Defendants.

## EIGHTH DEFENSE

Defendants pleads all applicable statutes of limitation in bar, in whole or in part, to recovery by Plaintiffs.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants have at all times acted reasonably and in good faith toward Plaintiffs, without malice, without a reckless indifference to their rights, and in accordance with state and federal laws.

## TENTH DEFENSE

All Defendants exercised reasonable care to prevent and correct the actions which support Plaintiff's claims, and Plaintiffs unreasonably failed to avail themselves of preventive or corrective opportunities or to avoid harm otherwise.

## ELEVENTH DEFENSE

At all times pertinent, Plaintiffs were employees of PPM. PPM has, and had in place at all relevant times, all requisite policies prohibiting unlawful conduct of any kind in the workplace and a reporting and enforcement procedure of which Plaintiffs were aware and which PPM strictly enforces. To the extent Plaintiffs suffered harassment or discrimination, which is denied, Plaintiffs unreasonably failed to avail themselves of the benefits of the policy, reporting and enforcement procedure. Defendants, therefore, expressly pleads the existence of PPM's policy, reporting and enforcement procedure and Plaintiffs' failure to timely utilize said procedure as a bar to Plaintiffs' claims.

## TWELFTH DEFENSE

Plaintiffs' claims and/or claims for damages are barred or limited to the extent it is shown they engaged in misconduct prior to, during, or in connection with their employment,

that otherwise would have resulted in his discharge if such conduct were then known to Defendants.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTEENTH DEFENSE

The employment actions of which Plaintiffs complain occurred solely as a result of the Plaintiffs' own actions in failing to properly carry out the responsibilities of their positions.

## FIFTEENTH DEFENSE

At no point during Plaintiffs' employment did Defendants take any adverse action against them due to any alleged legally protected activity.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred because they did not engage in any legally protected activity.

## SEVENTEENTH DEFENSE

In the alternative, Defendants plead that Plaintiffs' claim for punitive damages are barred in whole or in part by limitations on punitive damages set out in N.C. Gen. Stat. §§ 1D-1, *et seq.*

## EIGHTEENTH DEFENSE

Plaintiffs' claim for punitive damages is in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States in that it deprives Defendants of property without due process of law; further, the claim for punitive damages is violative of the Fourteenth Amendment of the Constitution of the United States concerning equal protection; the punitive damages claim is further in violation of the Eighth Amendment of the Constitution of the United States prohibiting the imposition of excessive fines. Plaintiffs' claim for punitive damages is furthermore in violation of the Constitution of North Carolina.

## NINETEENTH DEFENSE

Any employment actions taken against Plaintiffs by Defendants were required by business necessity and were based on factors other than any protected class status or activities of the Plaintiffs.

## TWENTIETH DEFENSE

Even if any adverse action was taken against Plaintiffs by Defendants for reasons related to a protected class status or any exercise by Plaintiffs of their protected rights, which is again specifically denied, Plaintiffs would have been subject to the same employment action for reasons unrelated to any protected class status or activities of Plaintiffs.

## TWENTY-FIRST DEFENSE

Defendants have not deprived Plaintiffs of any rights protected by North Carolina General Statutes.

## TWENTY-SECOND DEFENSE

Plaintiffs seek recovery of multiple damages based upon the same alleged factual events. Recovery of damages as to one of these claims bars recovery of like damages for any other claim(s).

## TWENTY-THIRD DEFENSE

To the extent that Dr. Spivey allegedly interfered with any contract between Plaintiffs and any of the other Defendants, Dr. Spivey had a qualified privilege to interfere.

## TWENTY-FOURTH DEFENSE

To the extent that Spivey allegedly interfered with any contract between Plaintiffs and any of the other Defendants, Spivey had a qualified privilege to interfere.

24

## TWENTY-FIFTH DEFENSE

To the extent that Dr. Spivey allegedly interfered with any contract between Plaintiffs and any of the other Defendants, Dr. Spivey acted with legal justification.

## TWENTY-SIXTH DEFENSE

To the extent that Spivey allegedly interfered with any contract between Plaintiffs and any of the other Defendants, Spivey acted with legal justification.

## TWENTY-SEVENTH DEFENSE

Plaintiffs are not entitled to a jury trial on their ERISA claims.

## TWENTY-EIGHTH DEFENSE

Plaintiffs are not entitled to any extra-contractual damages in regards to the ERISA claims, including but not limited to lost income, reputational damages, emotional distress damages, or treble damages.

## TWENTY-NINTH DEFENSE

The individual Defendants are not a proper party to the ERISA claims. Any benefits due under the terms of any applicable benefit plan should come from the plan and not from the individual Defendants.

## THIRTIETH DEFENSE

To the extent benefits are due from any applicable benefit plan, the benefits should be payable from the applicable benefit plan and not the individual defendants.

## THIRTY-FIRST DEFENSE

Defendant reserves the right to amend Defendant's Answer to Complaint and to assert additional affirmative defenses as the claims of Plaintiff are more fully disclosed during the course of this litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, having answered each and every allegation contained in Plaintiffs' Complaint, Defendant makes the following prayer for relief:

1.      That Plaintiffs have and recover nothing by way of their Complaint;

2.      That the costs of this matter be taxed to the Plaintiffs, including attorneys' fees;

3.      For a trial by jury of all issues of fact so triable; and

4.      For such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 2nd day of November, 2017.

JACKSON LEWIS P.C.

BY:      /s/ Ann H. Smith
         ANN H. SMITH
         N.C. State Bar No. 23090
         CAITLIN M. GOFORTH
         N.C. State Bar No. 49227
         *Attorneys for Defendants*
         3737 Glenwood Avenue, Suite 450
         Raleigh, NC 27612
         Telephone:  (919) 760-6460
         Facsimile:   (919) 760-6461
         Email:  Ann.Smith@jacksonlewis.com
         Email:  Caitlin.Goforth@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-cv-00854-UA-LPA

REBECCA KOVALICH and SUZANNE )
NAGELSKI, )
)
Plaintiffs, )
)
vs. )
) **<u>CERTIFICATE OF ERVICE</u>**
PREFERRED PAIN MANAGEMENT & )
SPINE CARE, P.A., DR. DAVID )
SPIVEY, individually, and SHERRY )
SPIVEY, individually, )
)
Defendants. )

The undersigned certifies that on November 2, 2017, the foregoing *Answer to Complaint of*

*Sherry Spivey* was electronically filed with the Clerk of the Court, using the Court's CM/ECF

electronic service system and a copy served on all parties to this cause as follows:

☐      Hand delivering a copy hereof to the said party addressed as follows:

☒      Depositing a copy hereof, postage prepaid, in the United States Mail, addressed to said party as follows:

☐      Depositing a copy hereof with a nationally recognized overnight courier service, for overnight delivery, addressed to each said party as follows:

☐      Telecopying a copy hereof to each said party as follows:

Sean F. Herrmann
Van Kampen Law, PC
315 East Worthington Avenue
Charlotte, NC 28203
sean@vankampenlaw.com
*Attorney for Plaintiffs*

27

JACKSON LEWIS P.C.


BY:    */s/ Ann H. Smith*
        ANN H. SMITH
        N.C. State Bar No. 23090
        *Attorneys for Defendants*
        3737 Glenwood Avenue, Suite 450
        Raleigh, NC 27612
        Telephone:  (919) 760-6460
        Facsimile:    (919) 760-6461
        Email:  Ann.Smith@jacksonlewis.com

4820-7700-0014, v. 1