IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-cv-00854-UA-LPA

| | |
|---|---|
| REBECCA KOVALICH and<br>SUZANNE NAGELSKI,<br><br>   Plaintiffs,<br><br>vs.<br><br>PREFERRED PAIN MANAGEMENT<br>& SPINE CARE, P.A., DR. DAVID<br>SPIVEY, individually, and SHERRY<br>SPIVEY, individually,<br><br>   Defendants. | **REPORT OF THE PARTIES'<br>PLANNING MEETING**<br>Fed. R. Civ. P. 26(f) |

**REPORT OF THE PARTIES' PLANNING MEETING**

1. The following persons participated in a Rule 26(f) conference on November 21, 2017 by telephone conference:

    - Sean F. Herrmann, representing the Plaintiffs, Rebecca Kovalich and Suzanne Nagelski
    - Ann H. Smith, representing the Defendants, Preferred Pain Management & Spine Care, P.A., Dr. David Spivey, and Sherry Spivey

2. **Initial Disclosures:** The parties will complete by December 21, 2017 the initial disclosures required by Rule 26(a)(1).

3. **Discovery Plan:** The parties propose this discovery plan:

    (a) **Scope of Discovery:** Discovery will be needed on these subjects: (1) Plaintiffs' allegations as set forth in the Complaint; (2) the alleged damages sought by Plaintiffs; (3) Defendants' affirmative and other defenses as set forth in Defendants' Answers and Affirmative Defenses to Plaintiffs' Complaint; (4) any other defenses that may become applicable during discovery; (5) all other issues raised by the pleadings; (6) any expert disclosures; and (7) all other matters relevant to the parties' claims and defenses and proportional to the needs of the case pursuant to Rule 26(b).

(b) The Parties agree that the appropriate plan for this case (with any stipulated modification by the parties as set out below) is that designated in LR 26.1(a) as: Complex.

(c) **Completion of Discovery:** The parties have considered their separate commitments and the relevant holidays and agree that the date for the completion of all discovery (general and expert) and supplementations under Rule 26(e) is August 1, 2018.

(d) **Discovery Limits:** The parties propose the following discovery limits:

(1) Each party shall be limited to 30 interrogatories (excluding subparts) and 30 requests for admissions. Responses are due in accordance with Fed. R. Civ. P. 33. The parties may, by agreement, increase the numbers set forth in this paragraph or, if unable to agree, may seek additional interrogatories with leave of Court upon proper motion.

(2) The Plaintiffs shall have a total of eight (8) depositions, including any experts named by Defendants. The Defendants shall have a total of eight (8) depositions, including any experts named by the Plaintiffs. All depositions shall be limited to one (1) day of seven (7) hours of testimony, unless extended by agreement of the parties or by a Court Order. The Plaintiffs and Defendants shall each make retained expert witnesses available for deposition as soon as possible after submission of the expert's report.

(e) **Expert Reports:** The parties propose that the reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period as follows:

(1) From Plaintiffs by May 1, 2018
(2) From Defendants by June 1, 2018

(f) Supplementations will be as required by Rule 26(e) or as otherwise ordered by the Court.

4. **Mediation:** The parties propose that mediation be scheduled during the discovery period at a time agreeable to all of the parties. The parties have agreed upon Ken Carlson as the mediator in this matter.

5. **Preliminary Deposition Schedule:** Preliminarily, the parties agree to the following schedule for depositions: Counsel for the Parties will confer and come up with a deposition schedule with suitable dates for conducting the depositions considering schedules of counsel and the deponents. The parties will update this schedule at reasonable intervals.

6. **Other Items:**

   (a) Plaintiff shall be allowed until January 2, 2018, to join additional parties and/or to amend the pleadings. Defendant shall be allowed until February 2, 2018, to join additional parties and/or to amend the pleadings. After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

   (b) The parties have discussed the special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 29 U.S.C. § 636(c), or appointment of a master. The parties do not agree to refer this case to a magistrate judge under 29 U.S.C. 636(c), and do not need to have a master appointed.

   (c) **Trial Date:** This case should be ready for trial by 90 days after he Court rules on any dispositive motions, or by January 7, 2019, whichever is later. Trial is expect to take approximately 5-10 days.

   (d) **Confidential Information:** The parties have discussed certain issues relating to the disclosure of documents and information, which may be confidential information, and proposes that the parties file a mutually agreeable protective order pursuant to Fed. R. Civ. P. 26(c). The parties propose that they reserve the right to move for a protective order with regard to any subject of discovery, including but not limited to the subjects listed above.

7. **Electronically Stored Information:** The parties have discussed that this lawsuit could involve the discovery of electronically stored information and report to the Court the following:

   (a) **Relevant Information:** The parties have identified the following potential sources of electronically stored evidence that may be relevant to a claim or defense at issue:

      (1) Any electronically stored information that becomes evident or known during the discovery period and that would fall within the

3

scope of Fed. R. Civ. P. 26 for discovery purposes. However, as set forth in Fed. R. Civ. P. 26(b)(2)(B), a party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Fed. R. Civ. P. 26(b)(2)(C). The Court may specify conditions for the discovery.

(2) The parties agree to meet and confer as soon as practicable regarding the potential sources of relevant ESI, including identification of custodians, the relevant time period, and methods for culling the resulting ESI if necessary (such as through the use of search terms).

(b) **Form of Production/ Preservation:** The parties agree that the aforementioned discoverable electronically stored information will be produced in searchable pdf format. The parties further agree that they will undertake good faith efforts to identify relevant and responsive electronically stored information.

(c) In accordance with Fed. R. Evid. 502(d), the parties stipulate that the production of privileged or work-product protected documents or electronically stored information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The parties further agree that this stipulation shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

Respectfully submitted this the 30th day of November, 2017.

| VAN KAMPEN LAW, PC | JACKSON LEWIS P.C. |
|---|---|
| */s/ Sean F. Herrmann* | */s/ Ann H. Smith* |
| SEAN F. HERRMANN | ANN H. SMITH |
| N.C. State Bar No. 44453 | N.C. State Bar No. 23090 |
| *Attorney for Plaintiffs* | *Attorneys for Defendants* |
| 315 East Worthington Avenue | 3737 Glenwood Avenue |
| Charlotte, NC 28203 | Raleigh, NC 27612 |
| Telephone: (704) 247-3245 | Telephone: (919) 760-6460 |
| Facsimile: (704) 749-2638 | Facsimile: (919) 760-6461 |
| Email: sean@vankampenlaw.com | Email: Ann.smith@jacksonlewis.com |

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:17-cv-00854-UA-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, <br><br>　　　　Plaintiffs, <br><br>vs. <br><br>PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., DR. DAVID SPIVEY, individually, and SHERRY SPIVEY, individually, <br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) **CERTIFICATE OF SERVICE** |

　　　The undersigned certifies that on November 30, 2017, the foregoing *Report of the Parties Planning Meeting, Fed. R. Civ. P. 26(f)* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

　　　　　　　　　Sean F. Herrmann
　　　　　　　　　Van Kampen Law, PC
　　　　　　　　　315 East Worthington Avenue
　　　　　　　　　Charlotte, NC  28203
　　　　　　　　　sean@vankampenlaw.com
　　　　　　　　　*Attorney for Plaintiffs*

　　　　　　　　　JACKSON LEWIS P.C.

　　　　　BY:　*/s/ Ann H. Smith*
　　　　　　　　ANN H. SMITH
　　　　　　　　N.C. State Bar No. 23090
　　　　　　　　*Attorneys for Defendants*
　　　　　　　　3737 Glenwood Avenue, Suite 450
　　　　　　　　Raleigh, NC 27612
　　　　　　　　Telephone:  (919) 760-6460
　　　　　　　　Facsimile:   (919) 760-6461
　　　　　　　　Email: Ann.Smith@jacksonlewis.com

4843-9062-1780, v. 1

6