IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-cv-00854

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) **STIPULATED CONSENT**<br>) **PROTECTIVE ORDER** |
| PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., DR. DAVID SPIVEY, individually, and SHERRY SPIVEY, individually, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

THIS MATTER having come before the Court pursuant to the agreement of counsel for Plaintiffs Rebecca Kovalich and Suzanne Nagelski ("Plaintiffs") and counsel for Defendants Preferred Pain Management & Spine Care, P.A. (the "Company"), Dr. David Spivey, and Sherry Spivey (collectively "Defendants") (collectively referred to as the "Parties") for entry of a Stipulated Consent Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and LR 7.3 to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as confidential ("Confidential Materials") and to ensure that protection is afforded only to material so designated; and

Upon agreement of counsel for the parties, good cause having been shown, and the Court deeming it just and proper to do so, it is hereby ORDERED that:

1. **General Scope of the Agreement.** This Consent Protective Order shall govern certain documents and other materials produced in response to any discovery request or other request for information by Plaintiffs Rebecca Kovalich and Suzanne Nagelski ("Plaintiffs") and Defendants Preferred Pain Management & Spine Care, P.A. (the "Company"), Dr. David Spivey, and Sherry Spivey ("Defendants"), in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed in connection with depositions, deposition testimony, and any deposition transcript or portion thereof as to which protection is sought in accordance with this Agreement. The following documents and/or information may be designated as "Confidential" pursuant to this Order: individual medical records, financial records, personnel records, tax information, social security numbers, health insurance/health-related information, account information, confidential proprietary business and proprietary information including, but not limited to, confidential information of Defendant Preferred Pain Management & Spine Care, P.A.'s customers, and confidential information regarding Defendant Preferred Pain Management & Spine Care, P.A.'s business operations not known to the general public, the disclosure of which could cause serious injury or damage to the parties..

2. **Designation as Confidential: Good Faith Requirement.** Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation may designate information as "Confidential," in accordance with the procedures set forth herein. Such information could include a document

or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Agreement. Such designation shall be made at the time the information is produced or furnished, or at a later time as provided herein.

No party may designate information as "Confidential" without first determining in good faith that the information may be so designated as provided in this Order and as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure.

3. **<u>Procedure for Designating Information as Confidential.</u>** Parties may designate "Confidential Materials" in the following manner:

a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the word conspicuous;

b) In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternatively, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential"; and

c) In the case of depositions or other pretrial testimony in this action by parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that Confidential Materials are about to be or has been disclosed. Alternatively, a party may designate information disclosed at such deposition as Confidential Materials by informing all parties in writing, within thirty (30) days of receipt of the transcript or other date as agreed upon by the parties, of the specific pages and lines of the

deposition transcript which are deemed Confidential Materials. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as Confidential Materials, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential.

4. **Restricted Use of Confidential Information.** The use of information designated as "Confidential" will be restricted as specifically indicated below:

a) Documents/information designated as "Confidential" pursuant to Paragraphs 1 through 3 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

(i) the Court (including the Clerk's office, stenographic reports and videographers, and any special master or mediator appointed by the Court, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

(ii) counsel for the parties, their staff members, their professional and para-professional employees, or other agents or other representatives of either party, as necessary to prepare this case for litigation;

(iii) any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

(iv) the parties to this litigation;

(v) deponents, who may be shown Confidential Materials in preparation for their deposition and during their deposition, but shall not be permitted to keep

copies of said Confidential Materials nor any portion of the deposition transcript reflecting the Confidential Materials;

        (vi)    any potential witness as necessary to prepare this case for litigation; provided, that no such person shall be permitted to maintain a copy of any document designated as Confidential;

        (vii)    any other person or entity to whom the Court orders or allows disclosure after notice and opportunity for hearing; or

        (viii)    by mutual consent of the parties.

    b)    Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person or Court personnel.

    5.    **Acknowledgment of Agreement.**  All persons to whom Confidential Materials are disclosed pursuant to Paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to insure that persons authorized to receive Confidential Materials pursuant to Paragraph 4 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any person other than Plaintiffs and employees of Defendant, counsel of record, employees of counsel of record, the court and its personnel, and court reporters and their staff must execute the form attached hereto as Exhibit A prior to the disclosure of Confidential Materials, which shall be maintained in confidence by the counsel disclosing such information. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

6. **Inadvertent Disclosure.** In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again, with the "Confidential" designation, within twenty (20) days of discovery of the inadvertent production. The parties will then treat these documents as they had been marked "Confidential" when they were first produced.

7. **Use of Confidential Materials in this Case.** Nothing in this Agreement shall prevent or impair the use by a party of Confidential Materials as set forth in Paragraphs 1 through 3 of this Agreement in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court at any deposition, hearing, conference, or other proceeding prior to trial so long as confidentiality of such information is protected as provided herein. Nothing in this Agreement shall prevent or impair the use by a party of Confidential Materials as set forth in Paragraphs 1 through 3 of this Agreement at trial in accordance with any rules established by the Court.

8. **Filing Documents Under Seal.** When a party seeks to file Confidential Materials under seal, said party shall comply with the requirements of Local Rule 5.4.

9. **Challenging Confidentiality.** Acceptance by a party of any information, document, or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that the information, documents, or things are Confidential Materials. Counsel for the parties shall serve written notice of any objections to specific designations upon the other party within thirty (30) days of receipt of such information, documents, or things. Counsel shall first attempt to resolve any disputes of confidentiality between themselves. If Counsel

6

are unable to agree on any such issue, counsel seeking protection of a document must bring the issue before the Court within thirty (30) days of receipt of any written notice of any objections. No disclosure of such information shall occur pending resolution of any dispute under this paragraph.

10. **Right to Object.** Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to Confidential Materials as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

11. **Disclosure.**

a) Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, materials or other information which is already lawfully in the possession of that party or which that party lawfully obtains from any source other than the opposing party, and this Order shall not otherwise apply to such documents, material or other information, except that either party may designate as Confidential any medical records received in discovery in this matter.

b) Nothing in this document shall prevent any party from producing any document or information in his, her, or its possession in response to a lawful subpoena or other compulsory process, provided that notice shall be given to the other party prior to the

date that the party subpoenaed is required to respond to the subpoena or other compulsory process in which materials designated confidential are sought.

12. **Return of Confidential Information.** All Confidential Materials either shall be returned to the producing party or destroyed within ninety (90) days of the conclusion of this civil lawsuit, including conclusion of any appeal, at the option of the disclosing party. Notwithstanding any provision herein, counsel for the parties shall be permitted to retain one (1) copy of any Confidential Materials to retain in their respective client litigation file for this lawsuit; however, such copy shall remain confidential and subject to this Order for an indefinite period.

13. **Modification of the Agreement.** In the event of further proceedings in this action, if any of the parties hereto believe that this Agreement unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the that Court modify this Agreement.

14. **Protection of Copies.** All copies, extracts or summaries prepared from Confidential Materials produced hereunder, but excluding any materials which in good faith judgment of counsel are work product materials, shall be subject to the same terms of this Agreement as the Confidential Materials from which such copies, extracts, or summaries were prepared, if properly designated.

15. **Notices.** Notice required under this Agreement shall be in writing and provided to the attorneys for the parties listed below. Notice to the parties shall be adequate if given solely to the parties' counsel of record.

16. **Effective Date.** This Agreement shall be effectively immediately and shall survive the conclusion of this lawsuit.

**IT IS SO ORDERED** this 1st day of March, 2018.

/s/ L. Patrick Auld<br>
**L. Patrick Auld**<br>
**United States Magistrate Judge**

AGREED TO this 26th day of February, 2018.

| VAN KAMPEN LAW P.C. | JACKSON LEWIS P.C. |
|---|---|
| */s/ Sean F. Herrmann* | */s/ Ann H. Smith* |
| SEAN F. HERRMANN | ANN H. SMITH |
| N.C. State Bar No. 44453 | N.C. State Bar No. 23090 |
| *Attorney for Plaintiffs* | CAITLIN M. GOFORTH |
| 315 East Worthington Avenue | N.C. State Bar No. 49227 |
| Charlotte, NC 28203 | *Attorneys for Defendants* |
| Telephone: (704) 247-3245 | 3737 Glenwood Avenue |
| Facsimile: (704) 749-2638 | Raleigh, NC 27612 |
| Email: sean@vankampenlaw.com | Telephone: (919) 760-6460 |
| | Facsimile: (919) 760-6461 |
| | Email: Ann.smith@jacksonlewis.com |
| | Email: Caitlin.Goforth@jacksonlewis.com |

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-cv-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, <br><br>Plaintiffs,<br><br>vs.<br><br>PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., DR. DAVID SPIVEY, individually, and SHERRY SPIVEY, individually,<br><br>Defendants. | **NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Consent Order in the above-captioned matter (the "Litigation") governing the non-disclosure of those portions of discovery material that have been designated as Confidential ("Materials"). I understand that my review of these Materials has been determined by the attorney for the Plaintiffs/Defendants (circle one) to be necessary for purposes of this Litigation. I expressly agree that I will not disclosure such Materials to anyone other than those persons expressly permitted under the Consent Order, and only for purposes of this Litigation. I further agree that at the conclusion of the Litigation, I will return all such Materials to the attorney from whom I received it. By acknowledging these obligations under the Consent Order, I understand that I am bound by the Consent Order for the purpose of any issue or dispute arising hereunder and that my violation of any term of the Consent Order could subject me to civil liability.

DATE: _____    _____

                              _____
                              Printed Name


4844-8670-8566, v. 1