IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-cv-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) **DEFENDANT PREFERRED PAIN** ) **MANAGEMENT'S MOTION FOR** ) **SUMMARY JUDGMENT AS TO** |
| PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., DR. DAVID SPIVEY, individually, and SHERRY SPIVEY, individually, | ) **PLAINTIFF REBECCA KOVALICH'S** ) **CLAIMS** ) ) ) |
| Defendants. | ) |

NOW COMES Defendant Preferred Pain Management & Spine Care, P.A. ("Defendant" or "PPM"), and pursuant to Rule 56 of the Federal Rules of Civil Procedure, and requests the entry of Summary Judgment in favor of PPM as to all claims asserted by Plaintiff Rebecca Kovalich in this action. PPM respectfully requests that Motion for Summary Judgment be granted, upon the grounds that the pleadings, discovery materials, and other evidence of record demonstrate there is no genuine issue as to any material fact, and PPM is entitled to judgment as a matter of law. Specifically, PPM is entitled to summary judgment on the following grounds, among others, as explained more fully in Defendant's Memorandum of Law in Support of its Motion for Summary Judgment filed simultaneously herewith:

- Plaintiff's claim for Title VII sex discrimination must fail because it is time barred because Kovalich did not file an EEOC Charge of Discrimination within 180 days of the last alleged incident.

- Plaintiff's claim for Title VII sex discrimination must fail because Kovalich cannot demonstrate a prima facie case.

- Plaintiff's claim for Title VII sex discrimination must fail because any alleged sexual conduct was not unwelcome.

- Plaintiff's claim for Title VII sex discrimination must fail because any alleged sexual conduct was not severe or pervasive.

- Plaintiff's claim for Title VII sex discrimination must fail because PPM can articulate legitimate, non-discriminatory reasons for Kovalich's termination.

- Plaintiff's claim for wrongful discharge in violation of public policy on the basis of sex discrimination fails because her Title VII sex discrimination claim fails.

- Plaintiff's claim for ADEA age discrimination must fail because Kovalich cannot demonstrate a prima facie case.

- Plaintiff's claim for ADEA age discrimination must fail because Kovalich cannot prove she was replaced by someone substantially younger.

- Plaintiff's claim for ADEA age discrimination must fail because Kovalich cannot demonstrate pretext.

- Plaintiff's claim for ADEA age discrimination must fail because PPM can articulate legitimate, non-discriminatory reasons for Kovalich's termination.

- Plaintiff's claim for wrongful discharge in violation of public policy on the basis of age discrimination fails because her ADEA discrimination claim fails.

- Plaintiff's claim for retaliation fails because Kovalich cannot demonstrate a prima facie case.

- Plaintiff's claim for retaliation fails because Kovalich did not engage in protected activity.

- Plaintiff's claim for retaliation fails because Kovalich cannot demonstrate a causal connection between any alleged protected activity and her termination of employment.

- Plaintiff's claim for retaliation fails because PPM can articulate legitimate, non-retaliatory reasons for Kovalich's termination.

- Plaintiff's claim for violation of the Employee Retirement Income Security Act of 1974 ("ERISA", 29 U.S.C. § 1140, must fail because PPM did not have a specific intent to interfere with Plaintiff's vesting in the Cash Balance Plan.

- Plaintiff has failed to produce evidence to establish a claim for punitive damages.

- Plaintiff's punitive damages claim is derivative of Plaintiff's other claims, which all fail.

- Plaintiff has not proffered evidence that PPM's actions constituted fraud, malice, or willful or wanton conduct.

WHEREFORE, Defendant PPM respectfully requests that PPM's Motion for Summary Judgment be GRANTED, that Plaintiff Rebecca Kovalich's claims should be DISMISSED WITH PREJUDICE, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this the 1st day of October, 2018.

JACKSON LEWIS P.C.

*/s/ Ann H. Smith*
ANN H. SMITH
N.C. State Bar No. 23090
CAITLIN M. GOFORTH
N.C. State Bar No. 49227
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Ann.Smith@jacksonlewis.com
Email: Caitlin.Goforth@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-cv-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, <br><br> Plaintiffs, <br><br> vs. <br><br> PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., DR. DAVID SPIVEY, individually, and SHERRY SPIVEY, individually, <br><br> Defendants. | **CERTIFICATE OF SERVICE** |

The undersigned certifies that on October 1, 2018, the foregoing *Defendant Preferred Pain Management's Motion for Summary Judgment as to Plaintiff Rebecca Kovalich's Claims* was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, which will send notification of such filing as follows:

Sean F. Herrmann, Esq.
Van Kampen Law P.C.
315 East Worthington Avenue
Charlotte, NC 28203
sean@vankampenlaw.com
*Attorney for Plaintiffs*

/s/ Ann H. Smith
ANN H. SMITH
N.C. State Bar No. 23090
CAITLIN M. GOFORTH
N.C. State Bar No. 49227
Jackson Lewis P.C.
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Ann.Smith@jacksonlewis.com
Email: Caitlin.Goforth@jacksonlewis.com

4810-9847-4350, v. 1