# EXHIBIT
# L

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-cv-00854-TDS-LPA

REBECCA KOVALICH and )
SUZANNE NAGELSKI, )
)
Plaintiffs, )
)
vs. )
) **DECLARATION OF WENDY YONTZ**
PREFERRED PAIN MANAGEMENT )
& SPINE CARE, P.A., DR. DAVID )
SPIVEY, individually, and SHERRY )
SPIVEY, individually, )
)
Defendants. )

Under penalty of perjury as provided by law, the undersigned certifies pursuant to 28

U.S.C. § 1746 that the following statements are true and correct:

1.      My name is Wendy Yontz. I am older than the age of legal majority, suffer from no

legal disabilities, and am otherwise competent to give this declaration.

2.      This declaration is freely and voluntarily given on my own behalf and is based upon

my personal knowledge of the matters contained herein.

3.      I am the custodian of records for Defendant Preferred Pain Management and Spine

Care, P.A. ("PPM" or the "Company") in this lawsuit. This Declaration supports Defendant's

Complete Motions for Summary Judgment and authenticates the various business and personnel

records and emails maintained on the Company server attached as Exhibits 1-17 to this

Declaration. I have reviewed the Exhibits attached to this Declaration. Each of the Exhibits are

original documents or exact duplicates of original documents (except for the added bates number,

exhibit label, or CONFIDENTIAL marking). These Exhibits are maintained by the Company in

the regular course of its business; it was the regular course of PPM's business for an employee or

representative having knowledge of the act, event, condition or opinion recorded to make the record or transmit information to be included in such record, and these records were made at or near the time of the act, event, condition or opinion recorded or reasonably soon thereafter.

4.       I have been employed at PPM as Human Resources ("HR") since November 2015. I report to Dr. Spivey, owner, President, and CEO of PPM.

5.       I am familiar with the business, employment and human resources policies and practices of PPM in general, and in particular, with the business, employment and human resources policies and practices in place at PPM during the time Rebecca Kovalich ("Kovalich") and Suzanne Nagelski ("Nagelski") were employed by PPM. In my present capacity, I have access to and have reviewed the relevant business records and emails maintained on the Company server, or otherwise have first-hand knowledge, of the statements relating to the operations of PPM as set forth in this Declaration.

6.       In my HR role, I provide HR advice to PPM's management on performance management, employee discipline, termination, compliance, and other employment-related issues. My job duties also include training employees on PPM's policies, and receiving, investigating and responding to employee complaints, including complaints of discrimination, harassment and retaliation.

7.       Also as HR, I evaluate positions at PPM due to the Company's need to decrease expenses. I had input in eliminating the positions held by ███████████████████████ ████████████████████████████████ and ███████████

8.       ███████████ position was eliminated as part of the reorganization and her position was not replaced. I assumed ███████████ compliance duties, and her other duties were reassigned to another employee over forty years old.

9.     ███████ was not terminated as part of the reorganization. ███████ was terminated for multiple complaints and performance issues.

10.    ███████ position was eliminated as part of the reorganization and her position was not replaced. ███████ remaining billing duties were reassigned to another employee under forty years old with more accurate work performance.

11.    ███████ position was eliminated as part of the reorganization and her position was not replaced. ███████ remaining billing duties were reassigned to another employee under forty years old who was more qualified because she was a certified Medical Claims & Billing Specialist.

12.    ███████ position was eliminated as part of the reorganization and her position was not replaced. Some of ███████ duties were reassigned to another employee over forty years old.

13.    ███████ position was eliminated as part of the reorganization and her position was not replaced. ███████ scheduling duties were reassigned to another employee over forty years old. ███████ financial duties were assumed by Consultant Mary Benton and Dr. Spivey.

14.    ███████ position was eliminated as part of the reorganization and her position was not replaced. ███████ remaining billing duties were reassigned to another employee under forty years old who was more qualified because she was a Certified Professional Coder.

15.    While providing input about ███████████████████ ███████ and ███████ terminations, I did not consider age, sex, or any protected characteristic. At the time of their terminations, with the exception of ███████ termination, I was 44 years old. At the time of ███████ termination, I was 45 years old.

16.     Attached as Exhibit 18 to this Declaration is a chart reflecting the seven employees named in the Complaint Kovalich and Nagelski filed against PPM. The Exhibit lists the employees' names, hire dates, ages at hire, dates of separation, ages at separation, and reasons for their separation from PPM. The information contained in the Exhibit is a true and accurate summary of information contained in PPM's business and personnel records which are created and maintained in the regular course of its business; it was the regular course of PPM's business for an employee or representative having knowledge of the act, event, condition or opinion recorded to make the record or transmit information to be included in such record, and these records were made at or near the time of the act, event, condition or opinion recorded or reasonably soon thereafter.

17.     Attached as Exhibit 19 to this Declaration is a chart reflecting the six employees that were hired for the PPM laboratory that became operational in July 2013. The Exhibit lists the employees' names, hire dates, and ages at hire. The information contained in the Exhibit is a true and accurate summary of information contained in PPM's business and personnel records which are created and maintained in the regular course of its business; it was the regular course of PPM's business for an employee or representative having knowledge of the act, event, condition or opinion recorded to make the record or transmit information to be included in such record, and these records were made at or near the time of the act, event, condition or opinion recorded or reasonably soon thereafter.

*

*

*

*

I swear and affirm under the penalties of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

FURTHER DECLARANT SAITH NOT.

Executed this __1st__ day of October, 2018.

WENDY YONTZ

4843-4298-8148, v. 1

CONFIDENTIAL

| | |
|---|---|
| **From:** | Rebecca [rkovalich@yahoo.com] |
| **Sent:** | Friday, May 06, 2016 2:49:45 PM |
| **To:** | Gretchan Hawks |
| **Subject:** | Re: Invoices from Select Laboratory Partners Inc |

Great response.

Sent from my iPhone

On May 6, 2016, at 10:16 AM, Gretchan Hawks <ghawks@ppmandsc.com> wrote:

> Mary,
> Yes I am working on "just in time" inventory. It works well because our lab is directly across from the place where I order my supplies. Our numbers usually range for 850 to 1000 samples per month. Select bills as I order. I confirm what I have ordered and received.
> The cost of running the LCMS is also pretty consistent. The most expensive part of the LCMS is the columns and guards. Rodney orders them every three months. He orders 3 at a time at a cost of 750 per column and 12 guards at 100 dollars each.
> I hope this helps.
> Gretchan
>
>
>
> **From:** Mary Benton
> **Sent:** Friday, May 6, 2016 8:00 AM
> **To:** Gretchan Hawks <ghawks@ppmandsc.com>
> **Subject:** RE: Invoices from Select Laboratory Partners Inc
>
> As I told Rebecca, I am working on the practice expense budget.
>
> I reviewed all the invoices from Select and there are multiple invoices each month for reagents, cups, etc. Is there any way to anticipate the need for these items or are you working on "just in time" inventory? I haven't noticed that the lab testing volume has significantly increased and wanted to determine if we could budget for these items on a monthly basis.
>
> Thanks for your help.
>
> **From:** Gretchan Hawks
> **Sent:** Thursday, May 5, 2016 12:59 PM
> **To:** Mary Benton <mbenton@ppmandsc.com>
> **Subject:** RE: Invoices from Select Laboratory Partners Inc
>
> Mary,
> You can email me your questions and I will be glad to answer them.
> Gretchan Hawks
>
> **From:** Mary Benton
> **Sent:** Wednesday, May 4, 2016 4:59 PM
> **To:** Gretchan Hawks <ghawks@ppmandsc.com>
> **Subject:** RE: Invoices from Select Laboratory Partners Inc

**EXHIBIT 1**

DEFENDANTS002244

**CONFIDENTIAL**

Call me Thursday

**From:** Gretchan Hawks
**Sent:** Wednesday, May 4, 2016 2:49 PM
**To:** Mary Benton <mbenton@ppmandsc.com>
**Subject:** RE: Invoices from Select Laboratory Partners Inc

Mary,
What would you like to know?
Gretchan

**From:** Mary Benton
**Sent:** Tuesday, May 3, 2016 4:40 PM
**To:** Gretchan Hawks <ghawks@ppmandsc.com>; Rodney Leftwich <rleftwich@ppmandsc.com>
**Cc:** Mary Benton <mbenton@ppmandsc.com>
**Subject:** Invoices from Select Laboratory Partners Inc
**Importance:** High

Gretchen – can you call me about the invoices that you receive/approve from Select?

Thanks

Mary

**DEFENDANTS002245**

# Exhibit 2
# 10/02/2014 Email
# from Dr. Spivey

# FILED UNDER
# SEAL

Exhibit 3
09/16/2015 Email

FILED UNDER
SEAL

Exhibit 4
09/16/2015 Email

FILED UNDER
SEAL

| From: | [] |
| --- | --- |
| Sent: | Wednesday, September 16, 2015 11:13:02 PM |
| To: | Sue Nagelski |
| Subject: | RE: Time Cards Week Feb 23 |

Suzanne, this is the FIRST time that you have given me an answer.There is never an answer to my questions.  There is no courtesy of "I'll get to it."OR "I received your email."Just silence.  I actually don't ever know what the status of any of my requests are.I don't get any acknowledgement.  NOTHING!I was never told that Brandi could give out time clock access.Moving on to your comment about strong-arm bullying? I am not taking ownership of that one.I have not done that, said that, or in any way insinuated it.David told me that you sat in his office and told him that you were "avoiding me."I believe it, because I had contacted you prior to Monday, Feb, 16th and asked for a few minutes to talk with you.I am just as busy as you, believe me. But if I were in the same building as you, I would at least have the consideration to stick my head in the doorway and acknowledge you given that you work offsite.You told me I would need to wait until the latter part of that week, if I wanted to meet face to face, because you had "back to back meetings."So I waited, and you still have given me no availability.  It is obvious that I am being ignored.As far as gossip that you would like confirmed.  It is apparently not gossip because the involved employee, has verbally confirmed that you directly said to her, "that she wasn't bitch enough"to manage her dept.So that will be addressed by your and her supervisor.As far as preservation of the practice?  I think if I wanted to know the status of that, I would have to find that out for myself as well.No information from you is ever forthcoming.I was under the impression that we both work for the same company.  I was also under the impression that there would be a positive working relationship, if you in fact are claiming the HR position.  The reason I say that is because Johnathan Cochran sat right in his office and said that you were not qualified to be HR even though you hold an MBA.  You responded to me that he denied to you, that he said that.Sue, I am appalled.  Would you not be?Note:  The information contained in the e-mail may be privileged and confidential and protected from disclosure.  If the reader of this e-mail is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this e-mail is strictly prohibited.  If you have received this e-mail in error, please notify the sender immediately by telephone at 336-760-0706 and destroy this e-mail.Thank you.-----Original Message-----From: Sue Nagelski Sent: Sunday, March 01, 2015 3:52 PMTo: Sherry SpiveySubject: Re: Time Cards Week Feb 23Well- correction - you expressed concern once and f/u once asking me for access. I have already set up your on-line access for your dept but haven't sent u the link or instructions since it was Friday when I had time to do the set up. If you want immediate access- why would you not ask Brandi?  Also- I have already asked you for specific examples of the behavior for which you claim I am exhibiting. Thus - you can't seem to provide any examples.  I was instructed by my supervisor in Jan that practice preservation is my priority. If you need anything or wish to confirm gossip for which I have been claimed to be involved -though not sure how if I am not there - please feel free to call me. I have never been one to flat out lie. Open communication runs both ways. You are always welcome to contact me with concerns. It works better than strong-arming or bullying me.  Sue NagelskiPreferred Pain Management &Spine Care PA2912 Maplewood AveWinston-Salem, NC 27103(336) 760-0706 (main)(336) 354-4422 (direct)(704) 453-1316 (mobile)>On Mar 1, 2015, at 3:34 PM, Sherry Spivey <sspivey@preferredpainmanagement.com>wrote:>>And my request for access to the time clock?>>Accountability in the WS and GSO offices, appear to be questionable.>Unless you have access to the info that my staff complains to me about, then I can do nothing to verify if PPMSC is being taken advantage of monetarily.>>I am a dept head.>This is the third time that I have requested access to the time clock.>I don't know if this is a game, power struggle, or what.>>I don't play games.  I am past expecting any cooperation or communication from you >under the self assumed title of

HR, due to the established pattern of avoidance.>>I will no longer operate on your terms, timetable, or your whims.>>My next request will be in a written, formal, complaint.>>I cannot pre approve OT, verify, or monitor, my staff's hours, when I am antagonized, through unapproved denial to access.>>I am physically on site, and when I personally observe questionable abuse of employees'adherence to the policies regarding actual time worked, it is my responsibility to ensure accuracy.>>>Sent from my iPad>>Sherry Spivey>>>On Feb 27, 2015, at 5:15 PM, Sue Nagelski <SNagelski@preferredpainmanagement.com>wrote:>>>>Attached are time cards for the week beginning Feb 23. The gap seen for Thursday 2/26 represents a snow day for which I have not yet plugged/indicated. Per your recent instructions on Feb 16 2015; 14:41-employees will receive a "holiday"though we aren't legally required to pay hourly employees for this time off. >>>>>Sue Nagelski>>Preferred Pain Management &Spine Care , PA>>2912 Maplewood Avenue>>Winston-Salem, NC 27103>>336.760.0706 (x1277)>>336.354.4422 (direct)>>704.453.1316 (mobile)>>www.preferredpainmanagement.com>>>>CONFIDENTIALITY NOTICE: The information transmitted is intended only for the person or entity to which it is addressed and may contain proprietary, business-confidential and/or privileged material. If you are not the intended recipient of this message you are hereby notified that any use, review, retransmission, dissemination, distribution, reproduction or any action taken in reliance upon this message is prohibited. If you received this in error, please contact the sender and delete the material from any computer.>>\<Allen_S Time Card.pdf>>>\<Jacobson_M Time Card.pdf>>>\<Johnson_K Time Card.pdf>>>\<Leonard_J Time Card.pdf>>>\<Scott_D Time Card.pdf>>>\<Sprigg_S Time Card.pdf>>>\<Surratt_R Time Card.pdf>>>\<Wilson_S Time Card.pdf>

**DEFENDANTS002597**

| | |
|---|---|
| **From:** | Jennifer Bailey [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=415B196FC18D46C687B8DA87BD5C3961-JBAILEY] |
| **Sent:** | Monday, May 11, 2015 4:43:59 PM |
| **To:** | Sue Nagelski |
| **CC:** | David Spivey; Sherry Spivey |
| **Subject:** | PTO discrepancies |
| **Attachments:** | image002.jpg |

Sue,

The following discrepancies regarding my PTO are noted below.  Please let me know why the entries were made and your plans to amend the record.  Thank you.

1. April 30th (Thursday) – 8 hour PTO entry should have been 0 - I was here the entire day
2. April 13th (Monday) – 4 hour PTO entry should have been 8 hours
3. Jan 16th (Friday) - 8 hour PTO entry – why was this entry made – the practice closes at 12 noon nor do I have a record of such a request?

Jennifer Bailey



**EXHIBIT 6**

DEFENDANTS002600

**CONFIDENTIAL**

| | |
|---|---|
| **From:** | Jennifer Bailey [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=415B196FC18D46C687B8DA87BD5C3961-JBAILEY] |
| **Sent:** | Thursday, May 07, 2015 7:17:39 PM |
| **To:** | Sue Nagelski |
| **CC:** | David Spivey; Sherry Spivey |
| **Subject:** | RE: Anne's computer |
| **Importance:** | High |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |
| **Attachments:** | image001.jpg |

Sue,

You have been relieved of you IT, phone, internet, printers/copier/fax, IT disposal, etc. responsibilities. You may complete the Change Request Form accordingto the protocol. I will complete the Risk Analysis. Do you know the manufacturer, model and serial number and service tag at this time? Also needed is the problem history with Anne's laptop. Please let me know if you are having difficulty completing thetask. If I do not hear from you by the close of business on Friday (12 noon), I will assist Anne with her laptop.

Thank you.

Jennifer Bailey
Compliance Officer



**Preferred**
PAIN MANAGEMENT & SPINE CARE, P.A.

---

**From:** Sue Nagelski
**Sent:** Thursday, May 07, 2015 2:44 PM
**To:** Jennifer Bailey
**Subject:** Re: Anne's computer

At the time of the request - I had planned on PITS handling the new computer set up consistent with our current network & following install - the former computer will be decommissioned according.

Now - given that you & sherry would like to dismiss PITS- I am not sure how to handle this as I am not in GSO.

Please advise

Sue Nagelski
Preferred Pain Management & Spine Care PA
2912 Maplewood Ave
Winston-Salem, NC 27103
(336) 760-0706 (main)
(336) 354-4422 (direct)
(704) 453-1316 (mobile)

On May 7, 2015, at 2:11 PM, Jennifer Bailey <JBailey@preferredpainmanagement.com> wrote:

**EXHIBIT 7**

DEFENDANTS002603

Hello Sue,

I understand from Dr. Spivey that you have obtained his permission to purchase a laptop for Anne Thomas. Please complete the Change Management Form that wassent to all employees, as I understand you have agreed to do so on Anne's behalf. A copy is attached.

Please list the problem history with Anne's laptop, as I do not have any documentation indicting she was having a problem.

I will need the manufacturer, model, serial number and service tag number so that it may be added to the network. Also, include the security measures thatyou are proposing to protect the PHI and/or access to PHI (SaaS) so that I may include the information in the Risk Analysis. Please attach Dr. Spivey's email (below). I will include it as an addendum.

I understand you will present the costs to him. I will need a copy of the Service Agreements.

Thank you.

Jennifer Bailey
Compliance Officer
<image003.jpg>

**From:**David L Spivey, MD [mailto:dspiveymd@yahoo.com]
**Sent:**Thursday, May 07, 2015 10:56 AM
**To:**Sue Nagelski; Jennifer Bailey
**Subject:**Re: Anne's computer

OK. And I will copy to Jennifer.

*Sent from my Verizon Wireless 4G LTE DROID*


Sue Nagelski <SNagelski@preferredpainmanagement.com> wrote:

After a few failed attempts to repair Anne's laptop- we should consider replacing her computer. In compliance with Jennifer's company wide IT request procedures - consider this my formal request to you, the CEO & my supervisor, permission to procure a new laptop through Piedmont IT Services for Anne Thomas.

Sue Nagelski
<HIPPA_Change Request Form_20150427.docx>

DEFENDANTS002604

Exhibit 8
03/06/2015 Email
from Nagelski

FILED UNDER
SEAL

**CONFIDENTIAL**

| | |
|---|---|
| **From:** | Sherry Spivey [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=DDF814F11B6148D1A3AEAA8F4D79ED69-SSPIVEY] |
| **Sent:** | Thursday, May 07, 2015 2:29:47 PM |
| **To:** | Sue Nagelski; David Spivey; Jennifer Bailey |
| **CC:** | Lisa Palmer |
| **Subject:** | Communication |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |
| **Categories:** | Red Category |

David, and Suzanne.

I think it is essential to get a clear understanding of the present status of the EMR now and going forward.
There does not appear to be one of who is doing what.
Jennifer Bailey and I, have put in a tremendous amount of work for over 18 mos.
Jennifer has the business background, experience, and knowledge of how to manage a project from inception all the way to fruition.
Her forte for detailed approach of foresight and hindsight have been very valuable in trying to procure the best systems for our use, along with the most savings of money, and client support.
If anyone would feel more comfortable her resume is readily available. Possibly this would relieve some of the problems continuously encountered in the way of "road blocks," that have interfered with progression.

Jennifer has also dealt with the vendors on their level, by knowing exactly what is priority of need, vs waste and potential violations that could have been overlooked.
It has afforded her a respected business relationship between herself on behalf of PPMSC and the vendors, with her finesse in communications.

I would ask that with the date of final decision approaching, that it is all presented to Dr. Spivey, for comparison, review, and authorization.
A lot of the questions can be answered now, and the rest will become resolved after the providers have had their scheduled demonstrations this month.

I would ask you, Suzanne, to please not sign any contracts without our knowledge, because we are potentially committed to vendors who are not in consideration for meeting our needs.
It puts us in an embarrassing and financial situation without authorization. Example being the one signed by you yesterday without Dr. Spivey, or Jennifer, or my knowledge.
That particular company now has a signed contract, that gives no details of pricing, service, equipment, or itemized breakdown for the two offices individually or together!

This cannot happen again.
So let's please direct any questions to the person heading up this EMR project, before any final contracts, or any verbal intentions are initiated.

Thank you all,

Sherry

**EXHIBIT
9**

DEFENDANTS002635

**CONFIDENTIAL**

**EXHIBIT 10**

| | |
|---|---|
| **From:** | Sue Nagelski [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=DAD747596710463B89B3076B77672D4A-SNAGELSKI] |
| **Sent:** | Friday, January 17, 2014 12:33:40 AM |
| **To:** | David Spivey; David Spivey |
| **CC:** | Brandi Frey; Lisa Palmer; Vicki Swicegood; Stephanie Vaughn; Rebecca Kovalich; Sherry Spivey |
| **Subject:** | PPMSCPA Organizational Chart |
| **Importance:** | High |
| **Attachments:** | Org Chart 2014.jpg |

Attached is the new organizational chart. Soon employee draft job descriptions will be finalized and ready for your review. Once complete- the job descriptions will further delineate employee responsibilities and aide in their performance evaluations.

Keep in mind this organizational chart was compiled & agreed upon by VS, me, Brandi, Stephanie, Lisa, Rebecca & Sherry. We need your consent and input before we implement any changes.

The following provides further detail:

- Due to his military background & the dynamics of GSO- we feel GSO would operate more efficiently if Michael took satellite lead.

- We propose to move Faye & Sheridan to GSO to assist GSO in becoming less dependent upon WS, minimize chart travel and further assist in staffing logistics (cutting down the need for emergency temps).

- Sheridan & Faye would report to their usual WS Dept leads in matters pertaining to the logistics of their positions yet dually report to Michael in all matters concerning GSO office staffing and PT needs. The dual manager situation is quite common in healthcare facilities.

- Stephanie will take the reins on scheduling to improve department performance. In addition to improving the logistics of scheduling to better meet provider requests, Stephanie will be the point of contact & super user on the electronic health record transfer.

- Brandi, also a super user, will be realigning billing so all employees under her direction will be tasked with responsibilities by carrier from start to finish. This will increase department performance and minimize any work flow issues arising from staff PTO.

- Jennifer will assist Sherry S in OSHA compliance as it pertains to the office, clinic and clinic employee needs such as mandated ongoing training and vaccines, etc.

- Each department lead will be responsible for the day to day employee performance and will assist me with annual performance reviews.

- Since we have 2 WS employees being reassigned to GSO- we would like their transfers to become effective January 27.

DEFENDANTS003031

Finally- if we find some aspects of the organizational chart are weak within 60 days after implementation- we (authors of the plan) including you will meet to addressthese concerns.

*Sue Nagelski*
**Preferred Pain Management, PA**
245 Charlois Boulevard; Suite C
Winston-Salem, NC 27103
336.760.0706 (x1277)
336.354.4422 (direct)
704.453.1316 (mobile)
www.preferredpainmanagement.com

CONFIDENTIALITY NOTICE: The information transmitted is intended only for the person or entity to which it is addressed and may contain proprietary, business-confidential and/or privileged material. If you are not the intended recipient of this message you are hereby notified thatany use, review, retransmission, dissemination, distribution, reproduction or any action taken in reliance upon this message is prohibited. If you received this in error, please contact the sender and delete the material from any computer.

**DEFENDANTS003032**

| | |
|---|---|
| **From:** | Sue Nagelski [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=DAD747596710463B89B3076B77672D4A-SNAGELSKI] |
| **Sent:** | Friday, March 13, 2015 8:25:45 PM |
| **To:** | Sherry Spivey |
| **Subject:** | Time Cards and PTO |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |
| **Attachments:** | PTO March 6 2015.xls; Wilson_S.pdf; Surratt_R.pdf; Sprigg_S.pdf; Scott_D.pdf; Leonard_J.pdf; Jacobson_M.pdf; Allen_S.pdf |

attachedSue NagelskiPreferred Pain Management &Spine Care , PA2912 Maplewood AvenueWinston-Salem, NC 27103336.760.0706 (x1277)336.354.4422 (direct)704.453.1316 (mobile)www.preferredpainmanagement.comCONFIDENTIALITY NOTICE: The information transmitted is intended only for the person or entity to which it is addressed and may contain proprietary, business-confidential and/or privileged material. If you are not the intended recipient of this message you are hereby notified that any use, review, retransmission, dissemination, distribution, reproduction or any action taken in reliance upon this message is prohibited. If you received this in error, please contact the sender and delete the material from any computer.

**EXHIBIT 11**

DEFENDANTS003242

Exhibit 12
06/01/2016 Email
from Mary Benton

FILED UNDER
SEAL

# Exhibit 13
# 06/02/2016 Email
# from Dr. Spivey

# FILED UNDER
# SEAL

| | |
|---|---|
| **From:** | Mary Benton |
| **Sent:** | Monday, June 13, 2016 4:20 PM |
| **To:** | Wendy Yontz; David Spivey |
| **Cc:** | Mary Benton |
| **Subject:** | FW: Duties as a lab manager |
| **Attachments:** | Duties as General Supervisor.docx |
| | |
| **Importance:** | High |

FYI - Just thought I would add the following after talking with Gretchen:

She has primarily been handling all the responsibilities listed including those responsibilities that include "collaboration with Select Lab Partners" – even though Rebecca should have been accountable for these activities – Gretchen would handle the coordination with the SLP compliance team on a day to day basis.

By default, Gretchen has been handling the day-to-day operations of the Lab, including the approval of invoices.

Mary

**From:** Mary Benton
**Sent:** Monday, June 13, 2016 3:59 PM
**To:** David Spivey <dspivey@ppmandsc.com>
**Cc:** Wendy Yontz <wyontz@ppmandsc.com>; Mary Benton <mbenton@ppmandsc.com>
**Subject:** FW: Duties as a lab manager
**Importance:** High

Wendy/Dr Spivey –

Please review – we may want to determine if (a) we need a Lab Supervisor/Manager and (b) if you want to "promote" Gretchen to this position – if so, we need to determine if there will be a salary increase (remember that she is already "exempt"/salaried).

Mary

**From:** Gretchan Hawks
**Sent:** Monday, June 13, 2016 12:11 PM
**To:** Mary Benton <mbenton@ppmandsc.com>; Wendy Yontz <wyontz@ppmandsc.com>
**Subject:** Duties as a lab manager

Good Afternoon Ladies,
Here is the list of duties that I perform in the lab as requested. If you have any questions let me know.
Thank you,
Gretchan Hawks

**EXHIBIT 14**

DEFENDANTS006214

CONFIDENTIAL

---

**From:** Jennifer Bailey
**Sent:** Wednesday, March 04, 2015 12:58 PM
**To:** Sherry Spivey
**Subject:** HR Request

**Follow Up Flag:** Follow up
**Flag Status:** Flagged

Sherry

Here's a resource: http://www.costowl.com/b2b/human-resources-hr-outsourcing-cost.html

This website discusses your options and ballpark costs.  Once you decide on how much HR support you want, then we can look at companies or obtain quotes from this website.

Jennifer

Preferred
PAIN MANAGEMENT & SPINE CARE, P.A.

EXHIBIT
15

DEFENDANTS006574

Case 1:17-cv-00854-TDS-LPA   Document 42-12   Filed 10/01/18   Page 25 of 28

# Exhibit 16
# 09/27/2014 Email
# from Dr. Spivey

# FILED UNDER
# SEAL

# Exhibit 18
# Chart of 7
# Employees Listed in
# Complaint

# FILED UNDER
# SEAL

# Exhibit 19
# Chart of 6 Employees Hired for PPM Laboratory in July 2013

# FILED UNDER SEAL