# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-cv-00854-TDS-LPA

REBECCA KOVALICH and )
SUZANNE NAGELSKI, )
                                   )
        Plaintiffs, )
                                   )
vs. )
                                   )  **DECLARATION OF MARY BENTON**
PREFERRED PAIN MANAGEMENT )
& SPINE CARE, P.A., DR. DAVID )
SPIVEY, individually, and SHERRY )
SPIVEY, individually, )
                                   )
        Defendants. )

        Under penalty of perjury as provided by law, the undersigned certifies pursuant to 28 U.S.C. § 1746 that the following statements are true and correct:

        1.       My name is Mary Benton. I am older than the age of legal majority, suffer from no legal disabilities, and am otherwise competent to give this declaration.

        2.       This declaration is freely and voluntarily given on my own behalf and is based upon my personal knowledge of the matters contained herein.

        3.       I graduated from the University of North Carolina in 1973 with a Bachelor's of Science in Business Administration.

        4.       In 2008, I established Zaytoun Development, Inc. Through the business, I provide services of business consulting, real estate brokerage, space planning, and programming.

        5.       I began providing services for Preferred Pain Management and Spine Care, P.A. ("PPM") PPM in 2013. I was recommended to PPM by Rebecca Kovalich ("Kovalich").

        6.       In late 2015, I began advising PPM on operational strategy. Dr. Spivey tasked me with evaluating the practice and finding areas where PPM could control costs in order for the

business to survive. As such, I developed an Action Plan recommending PPM evaluate the need and timeline of staffing. Attached hereto as Exhibit 1 is a true and correct copy (except for the added bates number, exhibit label, or CONFIDENTIAL marking) of the 2016 Action Plan that I created and sent to PPM.

7. This record was made by me in the normal course of business and maintained by me in the regular course of business. It is my regular practice to create and retain such documents in the regular course of business.

8. Specifically, I included on the Action Plan that PPM should evaluate whether there was still a need for a full-time financial liaison. I looked at each one of the positions that got eliminated based on reorganization the same way. It was not about the person. It was about the function and the need to cut costs as part of the reorganization.

9. After PPM hired full-time on-site HR, Suzanne Nagelski's ("Nagelski") only job function was serving as PPM's financial liaison, which PPM paid Nagelski $5,000 a month. I advised Dr. Spivey that PPM did not need a full-time financial liaison and that the position should be eliminated.

10. In early 2016, as I was evaluating the Company's expenses, I discussed with Dr. Spivey my concerns of Kovalich not being involved as much in the lab. In March of 2016, I visited the lab to observe operations. I questioned PPM's need for a lab manager after learning that Kovalich was rarely physically present, and that employee Gretchan Hawks was sufficiently overseeing day-to-day operations.

11. On June 1, 2016, after discussing with Dr. Spivey, I memorialized my concerns regarding Kovalich's position in an email. I recommended to Dr. Spivey that Kovalich's position be eliminated because given the financial pressures, PPM needed to cut costs which, included

eliminating pay for unnecessary services. Dr. Spivey eliminated Kovalich's position and it no longer exists.

12. In recommending Kovalich and Nagelski's terminations to Dr. Spivey, I did not consider age, sex, or any protected characteristic in considering or recommending to eliminate their positions. At the time Kovalich and Nagelski were separated from PPM, I was 65 years old.

13. Attached hereto as Exhibit 2 are true and correct copies (except for the added bates number, exhibit label, or CONFIDENTIAL marking) of invoices I created and billed to PPM for consulting services that I provided to PPM from August 7, 2013 through February 3, 2014 and November 3, 2015 through July 27, 2016.

14. All of these records were made by me in the normal course of business and maintained by me in the regular course of business. It is my regular practice to create and retain such documents in the regular course of business.

15. At the time I recommended the elimination of Kovalich's position, I had no knowledge that Nagelski had filed a Charge of Discrimination with the EEOC against PPM.

\*

\*

\*

\*

\*

\*

\*

\*

\*

I swear and affirm under the penalties of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

FURTHER DECLARANT SAITH NOT.

Executed this __1st__ day of October, 2018.

                                                    MARY BENTON

4824-4572-0948, v. 1

# Exhibit 1
# PPM 2016 Action Plan

# FILED UNDER SEAL

# Exhibit 2
# Mary Benton Invoices

# FILED UNDER SEAL