IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-CV-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, <br><br>　　　　Plaintiffs, <br><br>vs. <br><br>PREFERRED PAIN MANANGEMENT & SPINE CARE, P.A., *et al.*, <br><br>　　　　Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO SEAL DOCUMENTS** |

Defendants, Preferred Pain Management & Spine Care, P.A. ("PPM"), Dr. David Spivey ("Dr. Spivey") and Sherry Spivey ("Sherry Spivey") (collectively referred to as "Defendants"), by and through their undersigned counsel, and pursuant to Local Civil Rule 5.4 and N.C. Gen. Stat. § 160A-168, hereby submit this memorandum in support of their Motion to Seal Documents ("Motion"). For the reasons that follow, the Motion should be granted.

### I.   Nature of the Matter Before the Court and Significant Facts.

Defendants are contemporaneously filing their (1) Motions for Summary Judgment [DE #s 30, 32, 34, 36, 38, 40] accompanying Memoranda of Law [DE #s 31, 33, 35, 37, 39, 41] and Joint Appendix. The Memorandum of Law and Joint Appendix reference sensitive private information about employees who are not parties to this action, including dates of birth, disciplinary actions, dates employment terminated, reasons for termination

of employment, and other such personnel information. Additionally, the Memoranda and Joint Appendix reference confidential, proprietary business and financial information.

Defendants incorporate their Statement of Facts set forth in their contemporaneously filed Motions for Summary Judgment and supporting Memorandums of Law. [DE #s 30 – 41]

## II. The Legal Standards By Which The Court Evaluates Authority To Allow A Document To Be Sealed.

Pursuant to the Local Rules of this Court, "if a party seeks to file documents or portions of documents under seal, that party should file a redacted, public version of the documents on the Court's docket, and should separately file a Motion to Seal with complete, unredacted versions of the document or documents. . ." Local Civil Rule 5.4(a). The Rule further provides that:

> the party filing the documents . . . should:
>
> 1. State the reasons why sealing is necessary;
>
> 2. Explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection;
>
> 3. Address the factors governing sealing of documents reflected in governing case law; and
>
> 4. State whether permanent sealing is sought, and if not, state how long the document should remain under seal and how the document should be handled upon unsealing.

Local Civil Rule 5.4(b); *accord*, *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).

For the reasons that follow, Defendants' Motion to Seal Documents should be granted.

**A.** **The exact document or item, or portions thereof, for which filing under seal is requested**

Defendants request that this Court seal the following documents which contain personnel information and confidential, proprietary business and financial information:

1. **Personnel Information:** The following documents and exhibits contain personnel information about employees and/or former employees of PPM who are ***not parties*** to this action:

    a. **Nagelski Deposition Excerpts and Exhibits**

    i. Deposition Excerpts: pp. 29-32, 144, 150, 181, 187-91, 199, 242

    ii. Exhibits 6, 8-9, and 11-15

    b. **Rebecca Kovalich Deposition**

    **i.** Deposition Excerpts: pp. 96, 99-100, 102-6, 214-17, 232

    **ii.** Deposition Exhibits: 12 and 13

    c. **Dr. David Spivey Deposition**

    i. Deposition Excerpts: pp. 70, 90, 124, 173, 181-82; and 245

    ii. Exhibits 27 and 90

    d. **Sherry Spivey Deposition**

    i. Exhibit 63 and 67

3

e.  **Mary Benton Deposition**

   i.  Deposition Excerpts:  97-98 and 107

f.  **Wendy Yontz Deposition**

   i.  Deposition Excerpts:  50 and 71

g.  **30(b)(6) Deposition (Volume I and II)**

   i.  Deposition Excerpts:  16-18

   ii.  Exhibit 102

h.  **Sherry Spivey Declaration**

   i.  Exhibits 1 and 2

i.  **Wendy Yontz Declaration**

   i.  Wendy Yontz Declaration

   ii.  Exhibits 2-4, 8, 12-13, 16, 18-19

j.  **Brandi Frey Declaration**

   i.  Brandi Frey Declaration

2.  **Confidential, Proprietary Business and Financial Information:**  The following documents and exhibits contain confidential, proprietary business and financial information:

   a.  **Rebecca Kovalich Deposition**

      i.  Deposition Excerpts:  pp. 121-127, 161-62, 169-173, 188, 195, 196, 206, 224, 228, 229

      ii.  Exhibit 17

      **b.**    **Dr. David Spivey Deposition**

          **i.**    Deposition Excerpts:  pp. 51 and 132

      **c.**    **Mary Benton Declaration**

          i.    Exhibits 1 and 2

**B.**    **How such request to seal overcomes the common law or the First Amendment presumption to access**

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern.  As a result, the courts of this country recognize a general right to inspect and copy judicial records and documents." *Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc.*, No. 1:05CV955, 2011 WL 6934696, at *6 (M.D.N.C. Dec. 30, 2011) (internal quotations and citations omitted).  "Despite its importance," however, "the right of access . . . is not absolute. The common law right of access must yield to the supervisory power of the court to control its own records when the public's right of access is outweighed by competing interests." *United States v. Moussaoui*, 65 F. App'x 881, 886 (4th Cir. 2003) (internal quotation omitted).

In that regard, the Fourth Circuit recently reaffirmed that "[t]he right of public access derives from two independent sources: the First Amendment and the common law." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013).  "[T]he common law presumes a right to access *all* judicial records and documents, but this presumption can be rebutted if the public's right of access is outweighed by

5

competing interests." *Id.* (internal quotation omitted).[1] "On the other hand, the First Amendment provides a right of access only to *particular* judicial records and documents, and this right yields only in the existence of a compelling governmental interest that is narrowly tailored to serve that interest." *Id.* (internal quotation omitted).

In deciding whether to seal documents, "a district court must comply with certain substantive and procedural requirements." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, "the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal quotation omitted). Furthermore, "[t]he United States Court of Appeals for the Fourth Circuit has recognized that 'there may be instances in which discovery materials should be kept under seal even after they are made part of a dispositive motion.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). Thus, sealing documents is appropriate in the circumstances presented here so long as Defendants can show a compelling governmental interest that is narrowly tailored to serve that interest.

### A. <u>Personnel Information</u>

Courts have recognized an individual's interest in avoiding disclosure of certain personal information. *See, e.g., Whalen v. Roe*, 429 U.S. 589, 599-600, 97 S. Ct. 869, 51 L.Ed.2d 64 (1977); *Jennings v. UNC*, 240 F.Supp.2d 492, 505 (M.D.N.C.2002). However,

---

[1] The Fourth Circuit also clarified that "documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *Id.*

"[a]s the first step in determining whether the information sought is entitled to privacy protection, courts have looked at whether it is within an individual's reasonable expectations of confidentiality." *Walls v. City of Petersburg*, 895 F.2d 188, 192 (4th Cir.1990). Cases discussing "informational privacy" have involved employees or potential employees who were forced by an employer to divulge personal information, *e.g., Walls*, 895 F.2d at 190 (financial information), or individuals whose personnel or medical records were in danger of being disclosed, *e.g., Whalen*, 429 U.S. at 591, 97 S. Ct. 869 (prescription drug records).

The more intimate or personal the information, the more justified is the expectation that it will not be subject to public scrutiny. *Fraternal Order of Police, Lodge 5 v. Philadelphia*, 812 F.2d 105, 112-113 (3d. Cir.1987). The right to keep one's beliefs and thoughts and emotions and sensations secure, and, as against the government, private was described by Justice Brandeis as "the right to be let alone — the most comprehensive of rights and the right most valued by civilized man. *Olmstead v. United States*, 277 U.S. 438, 478, 48 S. Ct. 564, 72 L.Ed. 944 (1928) (Brandeis, J., dissenting). Personal, private information in which an individual has a reasonable expectation of confidentiality is protected by one's constitutional right to privacy.

The right to privacy, however, is not absolute. If the information is protected by a person's right to privacy, then the defendant has the burden to prove that a compelling governmental interest in disclosure outweighs the individual's privacy interest. *Carey v. Population Services International*, 431 U.S. 678, 686, 97 S. Ct. 2010, 2016, 52 L.Ed.2d

7

675 (1977); *Fraternal Order of Police*, 812 F.2d at 110. As the Supreme Court has recognized, "compelling" is the key word. *Care*y, 431 U.S. at 686, 97 S. Ct. at 2016, 52 L.Ed.2d at 685. When the decision or the information sought is "fundamental," regulation "may be justified only by compelling state interests, and must be narrowly drawn to express only those interests." *Id.*; *see also Gibson v. Florida Investigation Committee*, 372 U.S. 539, 546, 83 S. Ct. 889, 893, 9 L.Ed.2d 929, 935-936 (1963) (Investigation Committee sought to subpoena membership list of Miami NAACP; "[w]here there is a significant encroachment upon personal liberty, the State may prevail only upon showing a subordinating interest which is compelling.").

Even given these concerns, courts have recognized the privacy interests of non-parties against the First Amendment right of access, *see Robinson v. Bowser*, No. 1:12CV301, 2013 WL 3791770, at *3-4 (M.D.N.C. July 19, 2013) (collecting cases); *Lucero v. Sandia Corp.*, 495 F. App'x 903, 913-14 (10th Cir. 2012); *Pryor v. City of Clearlake*, No. C 11–0954 CW, 2012 WL 3276992, at *3 (N.D. Cal. Aug. 9, 2012); *Collins v. Chem. Coatings, Inc.*, No. 5:07cv116, 2008 WL 5105277 (W.D.N.C. Dec. 1, 2008). As one court explained, "[p]rotecting a public employee's personnel records, including otherwise-confidential performance evaluations, is a compelling interest; and absent some showing to the contrary . . . , this compelling interest outweighs the public's interest in disclosure." *Thoma v. City of Spokane*, No. CV–12–0156–EFS, 2013 WL 1346988, at * (E.D. Wash. Apr. 3, 2013).

Publicly connecting the names of former and/or current employees with their otherwise confidential personnel information could harm or embarrass these employees, and such interests, where there is no countervailing reason, have been found to outweigh the First Amendment right of access. *See Robinson*, 2013 WL 3791770, at *3-4, *9. As potential comparators, these employees were not involved in the underlying events and their names are not crucial or even important to the Court's decision. Given that these individuals' names and personnel information are not important to the disposition of the case, it is appropriate to seal the identified personnel information and keep it out of the public record in order to protect the privacy interests of individuals who are not a party to this action. There is no less drastic action than sealing the documents.

### B. Confidential, Proprietary Business and Financial Information

Defendants seek to seal confidential, proprietary business and financial information that appears in the summary judgment materials. Generally speaking, "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted). In the absence of an improper purpose and where there are no countervailing interests, sealing confidential business information is appropriate. *See Bayer Cropscience Inc. v. Syngenta Crop Protection*, LLC, No. 1:13-CV-316, 2013 WL 5703212, at *2-3 (M.D.N.C. Oct. 17, 2013) (holding that "certain marketing [and] sales" information should be sealed as it was "not ordinarily public" and would cause "harm[] by public disclosure"); *Harrell v. Duke Univ. Health Sys., Inc.*, No. CIV.A. 7:07-813, 2007

WL 4460429, at *1 (D.S.C. Dec. 18, 2007) (approving the sealing of an entire exhibit because of the potential disclosure of proprietary information); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Defendants' competitive and financial interests would be harmed by public disclosure of the information requested to be filed under seal. Here, the information relates to financial information and business operations which would be valuable to competitors. Such records contain business strategy, operational material, and financial information. If this information were not allowed to be sealed, Defendants' business could be compromised and allow competitors to gain a business advantage. *See Bayer*, No. 1:13-CV-316, 2013 WL 5703212, at *2-3. Release of such information would not enhance the public interest. There is no less drastic action than sealing the documents.

### C.    The reasons why alternatives to sealing are inadequate

If the requested documents are not filed under seal, sensitive personal information about individuals who are not parties to this litigation may be revealed to the public. Further, Defendants may lose competitive business advantage if their confidential, proprietary business and financial information are not protected from disclosure. Accordingly, the granting of Defendants' Motion to Seal Documents would be a "reasonable step" in serving the government's interest in protecting confidential information. For the reasons stated above in *Section ii*, there is no competing interest in accessing this information sufficient to overcome the interest in protecting this information

10

from disclosure. Accordingly, this Court should permanently seal the documents which are the subject of Defendants' Motion to Seal.

## CONCLUSION

For all of the foregoing reasons, Defendants' Motion to Seal Documents should be GRANTED.

Respectfully submitted this the 1st day of October, 2018.

                JACKSON LEWIS P.C.

                BY:   */s/ Ann H. Smith*
                        ANN H. SMITH
                        N. C. State Bar No. 23090
                        CAITLIN M. GOFORTH
                        N. C. State Bar No. 49227
                        *Attorneys for Defendants*
                        3737 Glenwood Avenue, Suite 450
                        Raleigh, NC 27612
                        Telephone: (919) 760-6465
                        Facsimile: (919) 760-6461
                        Email: ann.smith@jacksonlewis.com
                        Email: caitlin.goforth@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-cv-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and <br> SUZANNE NAGELSKI, <br><br> Plaintiffs, <br> vs. <br><br> PREFERRED PAIN MANAGEMENT <br> & SPINE CARE, P.A., *et al.*, <br><br> Defendants. | **CERTIFICATE OF** <br> **COMPLIANCE** |

The undersigned counsel hereby certifies compliance with, Local Rule 7.3(d)(1). The undersigned counsel further certifies this Memorandum, including the body of the brief, headings, and footnotes does not exceed 6,250 words.

JACKSON LEWIS P.C.

BY: */s/ Ann H. Smith*
ANN H. SMITH
N. C. State Bar No. 23090
CAITLIN M. GOFORTH
N. C. State Bar No. 49227
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6465
Facsimile: (919) 760-6461
Email: ann.smith@jacksonlewis.com
Email: caitlin.goforth@jacksonlewis.com

12

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-CV-00854-TDS-LPA

| | | |
|---|---|---|
| REBECCA KOVALICH and<br>SUZANNE NAGELSKI, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| PREFERRED PAIN MANANGEMENT<br>& SPINE CARE, P.A., *et al.*, | )<br>)<br>) | |
| Defendants. | ) | |

The undersigned certifies that on October 1, 2018, the foregoing *Memorandum of Law in Support of Defendants' Motion to Seal Documents* was filed with the Clerk of the Court, using the Court's CM/ECF system, which will send notification of such filing as follows:

Sean F. Herrmann, Esq.
Van Kampen Law P.C.
315 East Worthington Avenue
Charlotte, NC 28203
*Attorneys for Plaintiffs*
sean@vankampenlaw.com

     */s/ Ann H. Smith*
     ANN H. SMITH
     N. C. State Bar No. 23090
     CAITLIN M. GOFORTH
     N. C. State Bar No. 49227
     Jackson Lewis P.C.
     *Attorneys for Defendants*
     3737 Glenwood Avenue, Suite 450
     Raleigh, NC 27612
     Telephone: (919) 760-6465
     Facsimile: (919) 760-6461
     Email: ann.smith@jacksonlewis.com
     Email: caitlin.goforth@jacksonlewis.com

4827-5349-3363, v. 1