IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:17-cv-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, | ) ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., DR. DAVID SPIVEY, individually, and SHERRY SPIVEY, individually. | ) ) ) ) |
| | ) |
| Defendants. | ) |

---

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO SEAL

The Court should deny Defendants Preferred Pain Management & Spine Care, P.A., Dr. David Spivey, and Sherry Spivey's (collectively "Defendants") Motion to Seal. Defendants cannot establish a compelling government interest for sealing the requested documents. They also fail to lay out reasonable alternative options to sealing, which makes Defendants' request improper. Accordingly, the Court should deny Defendants' Motion.

## FACTS

Plaintiffs Rebecca Kovalich and Suzanne Nagelski ("Plaintiffs") advance, among other claims, a pattern and practice disparate treatment age discrimination claim against Defendant PPM. (Dkt. Entry 6 at 10, 12–15.) Specifically, Defendant PPM began a multi-year reorganization/reduction of personnel in late 2014 or early 2015, and Defendant PPM alleges that it terminated Plaintiffs as part of that reorganization, which remains ongoing today. (Dkt. Entry 42-10 at ¶¶ 25–27, 30–31; Dkt. Entry 43-7 at 16:2–18:35; Dkt Entry 43-3 at 132:1–132:25.) The

evidence in Plaintiffs' forthcoming responses in opposition to summary judgment will show that Defendant PPM's reorganization overwhelmingly targeted older workers, including Plaintiffs. This evidence is part and parcel of establishing a prima facie disparate treatment case where an alleged reorganization or reduction in force is involved, and it is also relevant for establishing pretext. *See*, *e.g.*, *Stokes v. Westinghouse Savannah River Co.*, 206 F.3d 420, 429–30 (4th Cir. 2000); *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 350 (6th Cir. 1998). Plaintiffs also assert an ERISA claim in which they allege that Defendants fired them and others to avoid the vesting of certain benefits. (Dkt. Entry 6 at 23–24.)

This case involves serious issues and concerns that this Court and, ultimately, a jury will need to weigh and decide. However, Defendants want large chunks of the record sealed from public view. Specifically, Defendants ask the Court to seal documents containing two broad categories of information: "personnel information" and "confidential, proprietary business and financial information." (Dkt. Entry 44 at 1–3.) Specifically, it seeks to seal the following:

### 1. Personnel Information

**Personnel Information Related to Plaintiff Suzanne Nagelski:**

| DOCUMENT | PLAINTIFFS' DESCRIPTION |
|---|---|
| Nagelski Dep, 29–32 | Defendants' counsel lists names of former PPM employees and asks Nagelski whether she knows why they were terminated. |
| Nagelski Dep, 144 | Nagelski discusses an employee grievance. |
| Nagelski Dep, 150 | Nagelski discusses alleged harassment from one former employee upon another. |
| Nagelski Dep, 181 | Nagelski discusses two employees and uses first names only. |
| Nagelski Dep, 187–91 | Nagelski protected conduct towards PPM and outside counsel regarding employees. |
| Nagelski Dep, 199 | Nagelski discusses outside counsel. |
| Nagelski Dep, 242 | Nagelski discusses a former employee's dispute with PPM. |

2

| | |
|---|---|
| Exhibit 6 | An email chain between Dr. Spivey and Nagelski discussing personnel issues. |
| Exhibit 8 | Text messages between Sherry Spivey and Nagelski regarding bringing on a new employee. |
| Exhibit 9 | Email from Nagelski to Kovalich regarding personnel issues. |
| Exhibit 11 | Text messages between Sherry Spivey and Nagelski regarding Nagelski's disagreement (protected activity) with PPM's decision to terminate employees. |
| Exhibit 12 | Text messages between Sherry Spivey and Nagelski regarding Nagelski's HR role. |
| Exhibit 13 | Email from Nagelski to Dr. Spivey and Sherry Spivey regarding the termination of un-named PPM employees. |
| Exhibit 14 | Email from Nagelski to Dr. Spivey and Sherry Spivey regarding the termination of un-named PPM employees and Nagelski's disagreement with the decision. |
| Exhibit 15 | Text messages between Sherry Spivey and Nagelski regarding Ms. Spivey being "sick to death with people not doing their jobs, getting fired & suing" in an "AT WILL" state. |

**Personnel Information Related to Plaintiff Rebecca Kovalich:**

| DOCUMENT | PLAINTIFFS' DESCRIPTION |
|---|---|
| Kovalich Dep, 96 | Kovalich praises one PPM employee and says that she got along with another. |
| Kovalich Dep, 99–100 | Kovalich praises former PPM employees. |
| Kovalich Dep, 102–06 | Kovalich discusses former PPM employees' and their terminations. |
| Kovalich Dep, 214–17 | Kovalich discusses former employees, severance agreements, and PPM references for former employees. |
| Kovalich Dep, 232 | Kovalich discusses a former PPM employee fired on the same day as her and former co-workers who reached out to Kovalich following receiving news of her termination. |
| Exhibit 12 | Text messages between Dr. Spivey and Kovalich regarding Greensboro PPM employees. |
| Exhibit 13 | Email from Kovalich to Nagelski following Nagelski's termination, which discusses the termination, Dr. Spivey's discussions with Kovalich regarding the termination, Dr. Spivey's fears that Kovalich will claim "retaliation," and some discussion of other PPM employees. |

3

**Personnel Information Related to Dr. David Spivey:**

| DOCUMENT | PLAINTIFFS' DESCRIPTION |
|---|---|
| Dr. Spivey Dep, 70 | Dr. Spivey discusses consulting with an individual to decide whether to terminate an employee pursuant to its alleged re-organization. |
| Dr. Spivey Dep, 90 | Dr. Spivey discusses consulting with an individual to decide whether to terminate an employee pursuant to its alleged re-organization. |
| Dr. Spivey Dep, 124 | Dr. Spivey discusses PPM's decision to terminate someone as part of its alleged re-organization. |
| Dr. Spivey Dep, 173 | Dr. Spivey discusses PPM's decision to terminate someone as part of its alleged re-organization. |
| Dr. Spivey Dep, 181–82 | Dr. Spivey discusses PPM's decision to terminate Nagelski and another former employee. |
| Dr. Spivey Dep, 245 | Dr. Spivey discusses former employees who have also accused PPM of age discrimination. |
| Exhibit 27 | PPM cash balance plan, which includes participant names and dates of birth, among other information fields. |
| Exhibit 90 | PPM's Cash Balance Plan Summary Plan Description. |

**Personnel Information Related to Sherry Spivey:**

| DOCUMENT | PLAINTIFFS' DESCRIPTION |
|---|---|
| Exhibit 1 | Texts between Nagelski and Sherry Spivey regarding employee terminations. |
| Exhibit 2 | Email from Sherry Spivey to Nagelski asking her to relinquish HR role; mentions potential candidate but does not give name. |
| Exhibit 1 (to Dec.) | Email exchange between Nagelski and Sherry Spivery discussing PPM employees and their necessity at PPM. |
| Exhibit 2 (to Dec.) | Email exchange between Nagelski, Sherry Spivey, and another employee discussing the Department of Labor and pay issues related to PPM employees. |

**Personnel Information Related to Mary Benton:**

| DOCUMENT | PLAINTIFFS' DESCRIPTION |
|---|---|
| Benton Dep, 97–98 | Benton discusses the alleged reasons for terminating some PPM employees, including whether the reorganization was the reason. |
| Benton Dep, 107 | Benton testifies about a physician who she alleges was terminated, in part, as part of the reorganization. |

4

**Personnel Information Related to Wendy Yontz:**

| DOCUMENT | PLAINTIFFS' DESCRIPTION |
|---|---|
| Yontz Dep, 50 | Yontz testifies about the first employees she recommended be terminated as part of the reorganization. |
| Yontz Dep, 71 | Yontz testifies about the first employees she recommended be terminated as part of the reorganization. |
| Yontz Declaration | In the non-sealed filed version, Defendant has redacted non-party individual names. |
| Exhibit 2 (to Dec.) | Conversation between Dr. Spivey and Nagelski regarding whether to terminate an employee. |
| Exhibit 3 (to Dec.) | Conversation between Dr. Spivey and Nagelski discussing a PPM employee. |
| Exhibit 4 (to Dec.) | Conversation between Dr. Spivey and Nagelski discussing a PPM employee. |
| Exhibit 8 (to Dec.) | Conversation between Dr. Spivey, Ms. Spivey and Nagelski discussing a former PPM employee and the HR role at PPM. |
| Exhibit 12 (to Dec.) | Email from Mary Benton to Dr. Spivey, Sherry Spivey, and Wendy Yontz regarding employee issues and reoganizaiton recommendations from Benton. |
| Exhibit 13 (to Dec.) | Conversation between Dr. Spivey and Yontz about firing Kovalich. |
| Exhibit 16 (to Dec.) | Emails regarding laying off employees at PPM. |
| Exhibit 17 (to Dec.) | July 8, 2015, emails between external individual and Ms. Spivey regarding a replacement for Nagelski. |
| Exhibit 18 (to Dec.) | List of employees; includes dates of birth. |
| Exhibit 19 (to Dec.) | List of employees; includes dates of birth. |

**Personnel Information Related to the 30(b)(6) Deposition:**

| DOCUMENT | PLAINTIFFS' DESCRIPTION |
|---|---|
| 30(b)(6) Dep, 16 | PPM identifies employees selected as part of its alleged reorganization. |
| 30(b)(6) Dep, 17 | PPM identifies employees selected as part of its alleged reorganization. |
| 30(b)(6) Dep, 18 | PPM identifies employees selected as part of its alleged reorganization. |
| Exhibit 102 | Cash Balance Plan; includes dates of birth. |

5

**Personnel Information Related to Brandi Frey:**

| DOCUMENT | PLAINTIFFS' DESCRIPTION |
|---|---|
| Frey Dec. | In the non-sealed filed version, Defendant has redacted non-party individual names. |

## 2. Confidential, Proprietary Business and Financial Information

**Confidential, Proprietary Business and Financial Information Related to Kovalich:**

| DOCUMENT | PLAINTIFFS' DESCRIPTION |
|---|---|
| Kovalich Dep, 121–27 | Kovalich discusses her role helping PPM secure a piece of laboratory equipment and maintain and run that piece of equipment. |
| Kovalich Dep, 161–62 | Kovalich testifies about a piece of laboratory equipment that she helped set up and run. |
| Kovalich Dep, 169–73 | Kovalich testifies about helping PPM set up a new area of practice and reimbursement rates for various procedures. |
| Kovalich Dep, 188 | Kovalich testifies about attempting to work with an outside company to fix a piece of laboratory equipment. |
| Kovalich Dep, 195 | Kovalich testifies about a PPM employee and how she came to work for PPM, including her ability to operate certain laboratory equipment. |
| Kovalich Dep, 196 | Kovalich testifies about a PPM employee struggling to operate a piece of laboratory equipment. |
| Kovalich Dep, 206 | Kovalich discusses text messages from Dr. Spivey. |
| Kovalich Dep, 224 | Kovalich discusses PPM employees who worked in the laboratory and their guidance from outside individuals regarding the running of the laboratory. |
| Kovalich Dep, 228 | Kovalich discusses Dr. Spivey approaching him about PPM's potential expansion. |
| Kovalich Dep, 229 | Kovalich discusses Dr. Spivey approaching him about PPM's potential expansion. |
| Exhibit 17 | Email between Dr. Spivey and Kovalich regarding a business venture. |

**Confidential, Proprietary Business and Financial Information Related to Dr. David Spivey:**

| DOCUMENT | PLAINTIFFS' DESCRIPTION |
|---|---|
| Dr. Spivey Dep, 51 | Dr. Spivey testifies that he is PPM's President and CEO and discusses how some of PPM's patients pay for care. |

6

| Dr. Spivey Dep, 132 | Dr. Spivey answers questions about the ages of employees that PPM targeted as part of its alleged reorganization and various employees' qualifications, credentials, costs. |
| --- | --- |

**Confidential, Proprietary Business and Financial Information Related to Mary Benton:**

| DOCUMENT | PLAINTIFFS' DESCRIPTION |
| --- | --- |
| Exhibit 1 (to Dec.) | Benton 2016 Action Plan. |
| Exhibit 2 (to Dec.) | Benton invoices (no account numbers or other identifying information). |

Defendants' Motion and related brief list the above exhibits, but they provide no explanation or description beyond lumping them into the "personnel information" or "confidential, proprietary business and financial information" categories. (Dkt. Entry 44 & Dkt. Entry 45 at 3–5.) Defendants do not discuss the specific content of any of their listed documents. (*see* Dkt. Entry 45 at 1–11.)

## ARGUMENT

The Court should deny Defendants' Motion because they cannot establish a compelling government interest for sealing the proposed documents and their request is not sufficiently narrowly tailored. The First Amendment of United States Constitution and common law create a right of public access to documents filed in district courts. *Virginia Dep't of State Police v. The Washington Post,* 386 F.3d 567, 575 (4th Cir. 2004); *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). "Public access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (*quoting Littlejohn v. Bic Corp.,* 851 F.2d 673, 682 (3d Cir.1988)). "The political branches of government claim legitimacy by election, judges by

7

reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like a fiat and requires rigorous justification." *Pub. Citizen*, 749 F.3d at 266 (*quoting Hicklin Eng'g, L.C. v. Bartell,* 439 F.3d 346, 348 (7th Cir. 2006)).

Courts may abrogate the right of public access "only in unusual circumstances." *Pub. Citizen*, 749 F.3d at 266 (internal citations omitted). The common law presumption in favor of access applies to all judicial records and documents. *Stone v. University of Md. Med. Sys. Corp.,* 855 F.2d 178, 180 (4th Cir.1988). "Under the First Amendment, on the other hand, the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (*citing Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 510 (1984); *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 607 (1982)). Courts must apply this heightened First Amendment standard to documents filed with civil summary judgment motions. *Rushford*, 846 F.2d at 253.

Courts must following the subsequent procedural requirements to grant a civil summary judgment seal request: district courts must (1) give the public sufficient notice that they may seal documents and provide interested persons an opportunity to object before ruling; (2) first consider less drastic alternatives to sealing; and (3) state specific reasons and findings for deciding to seal and explain their reasons for rejecting alternatives. *Virginia Dep't of State Police,* 386 F.3d at 576; *Rushford*, 846 F.2d at 254 (*citing* and *quoting In re Knight Publishing Co.*, 743 F.2d 231, 234–35 (4th Cir.1984)); *Hill Holiday Connors Cosmopulos, Inc. v. Greenfield*, CA 6:08-CV-03980-GRA, 2010 WL 890067, at *2 (D.S.C. Mar. 8, 2010).

"The burden of establishing that a particular document should be sealed rests on the party promoting the denial of access." *Virginia Dep't of State Police*, 386 F.3d at 575; *Robinson v.*

*Bowser*, 1:12CV301, 2013 WL 3791770, at *3 (M.D.N.C. July 19, 2013) (internal citation omitted).

The right of public access is intertwined with Federal Rule of Civil Procedure 5.2. *See, e.g.*, *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980–81 (D. Minn. 2016) (denying the movant's Fed. R. Civ. P. 5.2(d) motion to seal). Under that rule, parties may partially redact *five* categories of information in electronic court filings: (1) social security numbers; (2) taxpayer identification numbers; (3) birth dates; (4) names of minors; and (5) financial account numbers. Fed. R. Civ. P. 5.2.(a). Even then, filers may include only: "(1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number." *Id.* This Court's Electronic Case Filing Administrative Policies and Procedures Manual makes Fed. R. Civ. P. 5.2's permissive redaction options mandatory in most instances.[1] (Rule J. Privacy, at 13.) Taken as a whole, movants bear an exceptionally heavy burden to prove that judicial documents should be sealed from the public at the summary judgment stage.

## I. <u>Defendants Fail to Meet Their Burden Regarding Identified Personnel Information.</u>

Here, Defendants do not argue about any of Rule 5.2's filing privacy categories. Instead, Defendants make a blanket assertion that "[p]ublicly connecting the names of former and/or current employees with their otherwise confidential personnel information could harm or embarrass these employees, and such interests, were there is no countervailing reason, have been found to outweigh the First Amendment right of access." (Dkt. Entry 45 at 9.) However,

---

[1] The Local Rules further elaborate on sealing requirements. If a party wants to file "documents or portions of documents under seal, that party should file a redacted, public version of the document on the Court's docket, and should separately file a Motion to Seal with complete, unredacted versions of the document or documents. . . ." Local R. Civ. P. 5.4(a).

9

Defendants give no specific or particularized explanation for why the Court should seal the proposed documents. Aside from dates of birth in a small fraction of the targeted documents, as noted in the charts above, Plaintiffs have not uncovered any social security numbers, tax identification numbers, minor names, or financial account numbers. Even in the small number of documents that contain dates of birth, the Rules instruct that Defendants can simply redact the month and day and leave the year. *See* Fed. R. Civ. P. 5.2(a). Defendants' speculative and general arguments are insufficient.

Defendants also rely heavily on *Robinson v. Bowser*, 1:12CV301, 2013 WL 3791770 (M.D.N.C. July 19, 2013), but that decision dealt heavily with the privacy of *public* employee personnel information. *Id.* at *1–*2. N.C.G.S. § 153A-98 and N.C.G.S. § 132-6 designate what information is and is not "confidential" with respect to public employees, and these statutes also set forth the various methods and restrictions for obtaining public employee information. Defendants' Eastern District of Washington case—*Thoma v. City of Spokane*, No. CV–12–0156–EFS, 2013 WL 1346988 (E.D. Wash. Apr. 3, 2013)—as Defendants' brief makes clear, deals with public employee personnel record information as well. Defendant PPM is a private company, and its employees are not subject to these statutory protections.

Meanwhile, the names and information that Defendants seek to shield from the public are incredibly relevant to this litigation and the public has an interest in keeping the documents unsealed. Defendant PPM alleges that it terminated Plaintiffs as part of a multi-year reorganization that is still ongoing today. Plaintiffs allege that many of the names Defendants seek to keep under seal were also victims of the same exact reorganization and subject to the same pattern of age discrimination. Many of these employees filed EEOC charges against

Defendant PPM, and such filings undoubtedly qualify as public records. *See, e.g.*, *Robinson v. Bowser*, 1:12CV301, 2013 WL 3791770, at *5 (M.D.N.C. July 19, 2013).

Moreover, the Complaint references Jennifer Bailey, Sheridan Allen, Mary Pike, Susan Sanders, Katherine Skowronski, Lisa Palmer, and Scarlett Link as victims of Defendant PPM's pattern or practice of age discrimination. (Dkt. Entry 6 at 10.) The identity of a name already appearing in a public record is less likely to merit sealing. *See Adjabeng v. GlaxoSmithKline, LLC*, 1:12-CV-568, 2014 WL 459851, at *2 (M.D.N.C. Feb. 5, 2014) ("Mr. Adjabeng made public accusations related to Mr. Grimes in the complaint, so his name is already public. . . . Unlike Mr. Grimes, Mr. M.'s name does not already appear in the public record.") "Once announced to the world, the information lost its secret characteristic." *Virginia Dep't of State Police*, 386 F.3d at 579 (*quoting In re Charlotte Observer*, 921 F.2d 47, 50 (4th Cir.1990)).

Defendants simply cannot show that there is a compelling government interest in sealing the information that it has requested to seal—none of it, except for the months and days in dates of birth, should even be redacted. Therefore, the Court should deny Defendants' Motion because they have not met their high burden with respect to personnel information.

## II. Defendants Likewise Cannot Meet Their Heavy Burden Regarding Confidential, Proprietary Business and Financial Information.

Defendants fare no better in asserting that certain documents should be sealed because they amount to confidential, proprietary business and financial information. Defendants claim that the designated documents contain business strategy, operational material, and financial information, but it is unclear how this can be the case. Defendants claim that disclosure could harm PPM's business and financial interests while allowing competitors to gain a competitive

11

advantage. But, again, this not laid out in the brief and is far from clear in the documents themselves.

Defendants merely rely on the words in their brief and offer no evidence to support these contentions, which is wholly insufficient in situations like this. *See Adjabeng v. GlaxoSmithKline, LLC*, 1:12-CV-568, 2014 WL 459851, at *3 (M.D.N.C. Feb. 5, 2014). Indeed, where business information appears in Defendants' proposed documents, it generally pertains to decisions well in the past, and it is far from clear how such information would have any bearing on Defendants' business or financial interests or would appeal to its comparators in any way. The disclosure of this information would otherwise have no impermissible adverse impact on Defendant PPM. Regardless, Defendants cannot meet their heavy burden, and the Court should deny their Motion.

## CONCLUSION

Relevant precedent, statutes, local rules, and the First Amendment of the United States Constitution combine to stake out guideposts for navigating the public's right of access when privacy concerns are involved. Defendants have the heavy burden of establishing a compelling government interest for sealing the proposed documents in a manner narrowly tailored to serve that interest. They have failed to do so. Accordingly, the Court should deny Defendants' Motion to Seal in its entirety.

Respectfully submitted this 22nd day of October, 2018.

/s/ Sean F. Herrmann
Sean F. Herrmann (NC Bar No. 44453)
Van Kampen Law, PC
315 East Worthington Avenue
Charlotte, North Carolina 28203
Phone: (704) 247-3245
Fax: (704) 749-2638
Email: sean@vankampenlaw.com
*Attorney for Plaintiffs*

13

## CERTIFICATE OF COMPLIANCE

THE UNDERSIGNED HEREBY CERTIFIES compliance with Local Rule 7.3(d)(1).

The undersigned counsel further certifies that this Memorandum, including the body, heading, and footnotes, does not exceed 6,250 words.

BY:     */s/ Sean F. Herrmann*
Sean F. Herrmann (NC Bar No. 44453)
Van Kampen Law, PC
315 East Worthington Avenue
Charlotte, North Carolina 28203
Phone: (704) 247-3245
Fax: (704) 749-2638
Email: sean@vankampenlaw.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that the document to which this certificate is attached was served upon each party to this action by CM/ECF electronic notification to the attorney of record for each party, or to the party, at their last known address, as stated below.

Ann H. Smith (NC Bar No. 23090)
annsmith@jacksonlewis.com
Caitlin M. Goforth (NC Bar No. 49227)
caitlin.Goforth@Jacksonlewis.com
JACKSON LEWIS, P.C.
3737 Glenwood Avenue Suite 450
Raleigh, North Carolina 27612
Telephone: 919.760.6465
Facsimile: 919.760.6461
*Attorneys for Defendants*

This the 22nd day of October, 2018.

*/s/ Sean F. Herrmann*
Sean F. Herrmann (NC Bar No. 44453)
Van Kampen Law, PC
315 East Worthington Avenue
Charlotte, North Carolina 28203
Phone: (704) 247-3245
Fax: (704) 749-2638
Email: sean@vankampenlaw.com
*Attorney for Plaintiffs*