IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-CV-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| PREFERRED PAIN MANANGEMENT & SPINE CARE, P.A., *et al.*, | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO SEAL DOCUMENTS**

Defendants Preferred Pain Management & Spine Care, P.A. ("PPM" or the "Company"), Dr. David Spivey ("Dr. Spivey"), and Sherry Spivey ("Mrs. Spivey") (collectively "Defendants"), file this Reply in rebuttal to arguments raised in *Plaintiffs' Brief in Opposition to Defendants' Motion to Seal Documents*. For the reasons stated in Defendants' original Memorandum of Law in support of this Motion and the arguments set forth below, this Court should grant Defendants' Motion.

**SUMMARY OF ARGUMENT**

Defendants' Motion to Seal should be granted because they have shown a compelling governmental interest that is narrowly tailored to serve that interest. Plaintiffs Rebecca Kovalich ("Kovalich") and Suzanne Nagelski ("Nagelski") (collectively "Plaintiffs"), oppose the sealing of information Defendants designate as personnel information claiming (1) "Defendants give no specific or particularized explanation for why the Court should seal the proposed documents"; (2) personnel record information of

private company employees is not subject to statutory protections; and (3) "the names and information that Defendants seek to shield from the public are incredibly relevant to this litigation." (DE # 45, p. 10). Plaintiffs oppose the sealing of information Defendants designate as confidential, proprietary business and financial information on the grounds that it is "unclear" the designated documents contain such information and claim that such disclosure would "have no impermissible adverse impact on Defendant PPM." (*Id.*, pp. 11-12).

## ARGUMENT

### I. The Privacy Interests of Non-Party Employees Concerning Disclosure of Confidential, Personnel Information Outweigh the First Amendment Right of Access.

First, Plaintiffs appear to assert that nothing beyond the categories outlined in Fed. R. Civ. P. 5.2(a) should be sealed. Instead, Rule 5.2(a), in conjunction with the Middle District's Electronic Case Filing Administrative Policies and Procedures Manual, mandates categories of information such as dates of birth that *must* be redacted by a filing party. Here, the question is a distinct inquiry into whether the common law presumption of access is overcome by competing interests. *Haas v. Golding Transp., Inc.*, 2010 U.S. Dist. LEXIS 29100, *19 n.4 (M.D.N.C. Mar. 26, 2010) (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). Thus, the Court's analysis is not constrained by the few categories outlined in Rule 5.2(a).

Second, Plaintiffs argue that because PPM is a private company, personnel information is not protected under N.C. Gen. Stat. §§ 153A-98 and 132-6 and should be

unsealed. While these statutes are indeed focused on the personnel information of public employees, they illustrate how the privacy interests of employees regarding their personnel information can outweigh the First Amendment's right to access judicial records even in the face of sunshine laws. Generally, courts recognize the confidential nature of information contained in employee personnel files. *See Robinson v. Bowser*, 2013 U.S. Dist. LEXIS 101194, *10 (M.D.N.C. July 19, 2013).

> . . . . The subjects of such files are often non-parties to the litigation. Such files commonly contain addresses, phone numbers, income information, medical histories, employment discipline, criminal records, and other sensitive, personal information having little or no relevancy to the issues in litigation. To permit wide dissemination of personnel files would result in a clearly defined, serious, and unnecessary injury to the privacy of the employee who is not a party to the lawsuit. Revelation of such information could cause economic or emotional harm. The files could contain embarrassing material. They commonly contain confidential material. Justice requires protection against wide dissemination of such confidential, personal information.

*Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 73 (S.D.N.Y. 2010) (internal citations omitted). Here, Defendants established that the right of access should be overcome by the legitimate, substantial interests of third party privacy interests.

Defendants request that this Court keep documents under seal that reveal the private details of current and former employees' work performance and terms of how their employment ended. These individuals are not parties, and have no stake in the current litigation. Further, there is potential harm to these individuals due to the fact that many of them live in the community and work in the same field as when they were employed with

3

Case 1:17-cv-00854-TDS-LPA   Document 55   Filed 11/05/18   Page 3 of 10

PPM. Thus, there is a high likelihood these individuals could suffer harm and embarrassment should the details regarding their employment be open to the public.

Moreover, the personnel information is only relevant to Plaintiffs' own age discrimination claims in which they reference other employees. The actual identities of those employees tied with private details of their performance are inconsequential to Plaintiffs' ability to offer evidence in support of their age discrimination claims. In a similar fashion, Plaintiffs argue that by naming seven former employees in the Complaint, those individuals' personnel information should not be sealed because their names have already been "announced to the world." This point is purely circular. Just because Plaintiffs intentionally included the names and full dates of birth of non-party former employees in their Complaint, does not mean those individuals no longer have a privacy interest. If Plaintiffs' argument was put into practice, courts would be restricted from sealing anything tangentially related to information alleged in a plaintiff's complaint, collapsing the entire inquiry. Here, where the confidential, personnel information of non-party individuals not known to the public, not critical to Plaintiffs' ability to establish a *prima facie* case, and certain to cause harm and/or embarrassment to those individuals, the First Amendment's right of access is outweighed.

Defendants seek to seal certain pages of deposition testimony and exhibits in their entirety because mere redaction would be an implausible solution in this case. The only material remaining after redaction of this confidential information would be headings, dates, and disjointed phrases, which would be entirely useless to parties outside this case.

However, should this Court determine that certain confidential, personnel information be unsealed, Defendants request that at a minimum, the names of current and former employees be redacted.

## II. **Plaintiffs Incorrectly Assert that the Designations Do Not Contain Confidential, Proprietary Business and Financial Information.**

Plaintiffs incorrectly assert there is no basis for sealing the designated portions of deposition testimony and exhibits because the documents do not contain proprietary business and financial information. (DE # 45; p. 11). Plaintiffs are wrong. The designated information is confidential because they relate to PPM's company processes and operations and could cause harm to PPM's competitive advantage should they become a matter of public record. Specifically, the designated excerpts of Plaintiff Kovalich's deposition include confidential details concerning:

- PPM's strategy employed in identifying, purchasing, and maintaining equipment unique to its practice as well as contract terms with equipment vendors and named consultants;
- PPM's implementation, processing, parallel testing, and inspection of two strategic machines;
- PPM management's strategizing and decision making regarding expanding certain types of patient tests, profitability of specific machines, as well as the effects of and the Company's calculated response to Medicare reimbursement changes;
- specific PPM equipment used, issues experienced, costs associated with repair, and effects on the practice's profitability;
- names of equipment, vendors, and employees involved in proprietary testing;
- highly confidential information regarding PPM management;
- options for PPM's expansion of operations; and
- PPM management's strategizing and decision making regarding expansion options, equipment, vendors, and anticipated costs.

5

Case 1:17-cv-00854-TDS-LPA   Document 55   Filed 11/05/18   Page 5 of 10

Declaration of Dr. Spivey ¶¶ 6-15, attached hereto as Exhibit A ("Dr. Spivey Decl."). The few designated excerpts of Defendant Dr. Spivey's deposition[1] describe the total percentage of Medicaid and Medicare patients that makeup PPM's overall volume of patients. (*Id.* ¶ 16). Exhibit 1of Mary Benton's Declaration is the confidential 2016 Action Plan prepared exclusively for PPM Management. (*Id.* ¶ 17). The Plan extensively details the Company's strategy and process regarding confidential business decisions. (*Id.*) Exhibit 2 of Ms. Benton's Declaration is the confidential invoices of consulting services provided to PPM. (*Id.* ¶ 18). The invoices are extremely detailed and reference management decision making and proprietary business information. (*Id.*)

Here, the compelling reason to seal these documents exists from a commercially sensitive business perspective. Specifically, these documents include confidential and proprietary business and financial information which is not ordinarily available for inspection or access by the general public. The release of this confidential business information would not provide any significant benefit to the public which would outweigh PPM's interests in protecting the confidentiality of these materials.

Additionally, Defendants took reasonable steps to preserve its confidentiality, including designating this information as "Confidential" in accordance with the stipulated

---

[1] The designated portions on p. 132 of Dr. Spivey's Deposition contain confidential personnel information regarding a former employee that was terminated. Defendants' Motion to Seal and Memorandum of Law in Support erroneously requested that it be sealed on the incorrect grounds that it contained confidential, proprietary business and financial information. However, Defendants request that this information should instead be sealed due to the personnel information contained within.

protective order entered March 1, 2018. (DE # 19).  At no time prior to the Motion to Seal did Plaintiffs object to the Confidential designations.

Defendants filed entire pages of certain deposition testimony and exhibits under seal because piecemeal redaction would not result in the disclosure of coherent information. Instead, the only information that would remain after redacting this particular confidential information would be insignificant words without context, which would be entirely useless to parties outside this case.

## **CONCLUSION**

Defendants' Motion to Seal is constrained to deposition testimony and exhibits that reveal confidential, personnel information concerning current and former employees and confidential, proprietary business and financial information not currently known to the public that could give other practices a competitive advantage or harm PPM's reputation in the community.  This information is not ordinarily available for inspection or access by the general public.  As noted above, the designations contain and discuss in detail the qualifications, performance, and employment status of individuals that are not parties to this litigation.  The other set of designations include confidential, proprietary business and financial information belonging to PPM, which should not properly be made available to the public and/or competitors of PPM.  This information was exchanged pursuant to the protective order which provides for their confidentiality and restricts their use to this litigation.

Moreover, the public does not already have access to the information in the documents identified, and there is simply no "public interest," aside from mere curiosity, that is at stake with respect to this information. Accordingly, there exists a compelling interest in protecting non-party confidential, personnel information and PPM's confidential, proprietary business and financial information sufficient to overcome the First Amendment right of access.

For the foregoing reasons, Defendants respectfully request that this Court grant its Motion and issue an order sealing documents Defendants identified.

Respectfully submitted this the 5th day of November, 2018.

JACKSON LEWIS P.C.

BY: */s/ Ann H. Smith*
ANN H. SMITH
N. C. State Bar No. 23090
CAITLIN M. GOFORTH
N. C. State Bar No. 49227
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6465
Facsimile: (919) 760-6461
Email: ann.smith@jacksonlewis.com
Email: caitlin.goforth@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-cv-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, </br></br>  Plaintiffs, </br></br> vs. </br></br> PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., *et al.*, </br></br> Defendants. | **CERTIFICATE OF COMPLIANCE** |

The undersigned counsel hereby certifies compliance with, Local Rule 7.3(d)(1). The undersigned counsel further certifies this Memorandum, including the body of the brief, headings, and footnotes does not exceed 3,125 words.

JACKSON LEWIS P.C.

BY: */s/ Ann H. Smith*
ANN H. SMITH
N. C. State Bar No. 23090
CAITLIN M. GOFORTH
N. C. State Bar No. 49227
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6465
Facsimile: (919) 760-6461
Email: ann.smith@jacksonlewis.com
Email: caitlin.goforth@jacksonlewis.com

9

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-CV-00854-TDS-LPA

| | | |
|---|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **CERTIFICATE OF SERVICE** |
| PREFERRED PAIN MANANGEMENT & SPINE CARE, P.A., *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

The undersigned certifies that on November 5, 2018, the foregoing *Defendants' Reply in Support of Defendants' Motion to Seal Documents* was filed with the Clerk of the Court, using the Court's CM/ECF system, which will send notification of such filing as follows:

Sean F. Herrmann, Esq.
Van Kampen Law P.C.
315 East Worthington Avenue
Charlotte, NC 28203
*Attorney for Plaintiffs*
sean@vankampenlaw.com

/s/ Ann H. Smith
ANN H. SMITH
N. C. State Bar No. 23090
CAITLIN M. GOFORTH
N. C. State Bar No. 49227
Jackson Lewis P.C.
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6465
Facsimile: (919) 760-6461
Email: ann.smith@jacksonlewis.com
Email: caitlin.goforth@jacksonlewis.com

4835-3892-8761, v. 1