# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-cv-00854-TDS-LPA

| | | |
|---|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **DECLARATION OF DR. DAVID SPIVEY** |
| PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., *et. al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

Under penalty of perjury as provided by law, the undersigned certifies pursuant to 28 U.S.C. § 1746 that the following statements are true and correct:

1. My name is Dr. David Spivey. I am older than the age of legal majority, suffer from no legal disabilities, and am otherwise competent to give this declaration.

2. This declaration is freely and voluntarily given on my own behalf and is based upon my personal knowledge of the matters contained herein.

3. I serve as the owner, President, and CEO of Preferred Pain Management & Spine Care, P.A. ("PPM" or the "Company"). PPM is a medical clinic which focuses on providing patients with treatments to reduce their levels of pain and increase their functionality. PPM focuses on interventional pain procedures, supporting medications, and advanced therapies to control and relieve their patient's pain.

4. Currently, PPM has two clinic locations in Winston-Salem and Greensboro. PPM operates a laboratory at a separate location in Greensboro.

5.    In Defendants' Joint Appendix, certain deposition transcript portions and exhibits were filed under seal because they contain confidential, proprietary business and financial information.

**Rebecca Kovalich Deposition Excerpts**:

6.    Pp. 121-127 details PPM's strategy employed in identifying, purchasing, and maintaining equipment unique to its practice as well as contract terms with equipment vendors and named consultants. This information is not currently known by the public. Disclosure of this confidential business information would give local competitors an unfair competitive advantage.

7.    Pp. 161-162 details PPM's implementation, processing, parallel testing, and inspection of two strategic machines. This information is not currently known by the public. Disclosure of this confidential business information would give local competitors an unfair competitive advantage.

8.    Pp. 169-173 describes PPM management's strategizing and decision making regarding expanding certain types of patient tests, profitability of specific machines, as well as the effects of and the Company's calculated response to Medicare reimbursement changes. This information is not currently known by the public. Disclosure of this confidential business information would give local competitors an unfair competitive advantage.

9.    Pp. 188 discusses specific PPM equipment used, issues experienced, costs associated with repair, and effects on the practice's profitability. This information is not

currently known by the public. Disclosure of this confidential business information would give local competitors an unfair competitive advantage.

10.     Pp. 195 names equipment, a vendor, and employees involved in proprietary testing. This information is not currently known by the public. Disclosure of this confidential business information would give local competitors an unfair competitive advantage.

11.     Pp. 196 names equipment and employees involved in proprietary testing. This information is not currently known by the public. Disclosure of this confidential business information would give local competitors an unfair competitive advantage.

12.     Pp. 206 references highly confidential information regarding PPM management. Disclosure of this confidential business information could cause reputational harm to the practice.

13.     Pp. 224 names equipment and employees involved in proprietary testing. This information is not currently known by the public. Disclosure of this confidential business information would give local competitors an unfair competitive advantage.

14.     Pp. 228-229 discusses options for PPM to expand. This information is not currently known by the public. Disclosure of this confidential business information would give local competitors an unfair competitive advantage.

15.     Exhibit 17 includes PPM management's strategizing and decision making regarding expansion options, equipment, vendors, and anticipated costs. This information is not currently known by the public. Disclosure of this confidential business information would give local competitors an unfair competitive advantage.

**Dr. David Spivey Deposition Excerpts:**

16.     Pp. 51 describes the total percentage of Medicaid and Medicare patients that makeup PPM's overall volume of patients.  This information is not currently known by the public.  Disclosure of this confidential business information would give local competitors an unfair competitive advantage.

**Mary Benton Declaration Exhibits:**

17.     Exhibit 1 is the confidential 2016 Action Plan Consultant Mary Benton prepared exclusively for PPM management.  The Plan extensively details the Company's strategy and process regarding confidential business decisions.  This information is not currently known by the public.  Disclosure of this confidential business information would give local competitors an unfair competitive advantage.

18.     Exhibit 2 consists of the confidential invoices of services provided by Consultant Mary Benton to PPM.  The invoices are extremely detailed and reference management decision making and proprietary business information not currently known by the public.  Disclosure of this confidential business information would give local competitors an unfair competitive advantage.

*

*

*

*

*

*

\*

\*

\*

I swear and affirm under the penalties of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

FURTHER DECLARANT SAITH NOT.

Executed this __1 ST__ day of November, 2018.

_____
DR. DAVID SPIVEY

4811-6358-8729, v. 1