IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-CV-00854-TDS-LPA

| | | |
|---|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, | ) ) ) | |
| Plaintiffs, | ) ) | **DEFENDANT DR. DAVID SPIVEY'S REPLY IN SUPPORT OF** |
| vs. | ) ) ) | **HIS MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF** |
| PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., *et al.*, | ) ) ) | **SUZANNE NAGELSKI'S CLAIMS** |
| Defendants. | ) | |

NOW COMES Defendant Dr. David Spivey (hereinafter "Dr. Spivey") and hereby submits his Reply in Support of His Motion for Summary Judgment as to Plaintiff Suzanne Nagelski's Claims. For the reasons stated in his original Memorandum of Law in Support of his Motion for Summary Judgment and the arguments set forth below, this Court should grant Defendant Dr. Spivey's Motion for Summary Judgment and dismiss the claims of Plaintiff Suzanne Nagelski with prejudice.

## I.    MISSTATEMENTS OF THE RECORD AND UNAUTHENTICATED EXHIBITS

Nagelski's Response in Opposition [DE # 52] contains several misstatements of the record. Nagelski attempts to use her Declaration to assert new facts that contradict her deposition testimony. "Plaintiff cannot create a dispute about a fact contained in deposition testimony by referring to a subsequent affidavit of the deponent contradicting the deponent's prior testimony, for it is well established that a genuine issue of fact is not created where the only issue of fact is to determine which of the two conflicting versions

of a party's testimony is correct." *Ward v. Family Dollar Stores, Inc.*, 2012 U.S. Dist. LEXIS 115473, at *11-14 n.3 (W.D.N.C. Aug. 16, 2012). For a complete listing of the factual misstatements supported by statements to the Record, *See* Exhibit G.

In addition to failing to accurately represent the facts in the Record, Nagelski has failed to authenticate the Exhibits used to support her arguments in her Response. The Court should not consider Nagelski's unauthenticated Exhibits as "[i]t is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment*." Rowe v. N.C. Agric. & Tech. State Univ.*, 630 F. Supp. 2d 601, 610 (M.D.N.C. 2009); *Garcia v. United States*, No. 1:11CR253-3, 2015 U.S. Dist. LEXIS 154220, at *7 n.5 (M.D.N.C. Nov. 16, 2015).

## II.     ARGUMENT

### A.     Abandoned Claims.

Nagelski does not respond to Dr. Spivey's Motion for Summary Judgment as to her claim for violation of the Employment Retirement Income Security Act ("ERISA"). Nagelski notes she intends to voluntarily dismiss this claim in the event the Court does not grant summary judgment. [DE # 50, p. 21] Thus, Nagelski has abandoned this claim warranting dismissal. "When a party fails to respond to a summary judgment motion regarding a claim, the party essentially concedes that summary judgment in favor of the moving party is appropriate." *Harris v. hhgregg, Inc.*, 2013 U.S. Dist. LEXIS 45394, at *11-12 (M.D.N.C. Mar. 29, 2013) (citing *Brand v. N.C. Dep't of Crime Control & Pub. Safety*, 352 F. Supp. 2d 606, 618 (M.D.N.C. 2004) (a plaintiff's failure to respond to an

argument in support of summary judgment is a concession that the plaintiff has not stated such a claim); *see also Allen v. Fed. Express Corp.*, 2011 U.S. Dist. LEXIS 34812, at *26 n.5 (M.D.N.C. Mar. 31, 2011) (summary judgment appropriate where plaintiff's response brief contained no argument in response to one of the claims).

Dr. Spivey relies on his arguments made in his Memorandum in Support that summary judgment should be granted.

**B.      Nagelski cannot maintain her tortious interference with contract claim.**

Summary judgment is properly granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). The burden is on the nonmoving party to show there is a genuine issue of material fact for trial.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49, 106 S.Ct. 2505. The nonmoving party must do so by offering "sufficient proof in the form of admissible evidence" rather than relying solely on the allegations of her pleadings. *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

Here Nagelski has not met her burden to create a genuine issue of material fact regarding the tortious interference with contract claim.  In order to establish a prima facie case, Nagelski must proffer evidence to show:

(1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the

3

contract; (4) and in doing so acts without justification; (5) resulting in actual damage

to the plaintiff.

*Embree Construction Group v. Rafcor, Inc*., 330 N.C. 487, 498, 411 S.E.2d 916, 924 (1992)

(quoting *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387

(1988)); *Lexington Homes, Inc. v. W.E. Tyson Builders, Inc*., 75 N.C.App. 404, 410-11,

331 S.E.2d 318, 321 (1985).

Nagelski offers essentially one paragraph of argument as to how she can maintain

her tortious interference with contract claim against Dr. Spivey. However, Nagelski's

conclusory statement in this paragraph that "Dr. Spivey decided to fire her, and he did so

for illegal reasons—namely illicit age discrimination" —is simply insufficient to carry her

burden to create a genuine issue of material fact as to the claim for tortious interference

with contract. Nagelski does not point to any cites in the record in order to support this

bold statement. Rather, she claims that she should survive summary judgment on the

tortious interference with contract claim "[f]or these reasons and those reasons set forth in

[Nagelski's] Response in Opposition to Defendant Preferred Pain Management & Spine

Care's, P.A.'s Motion for Summary Judgment." [DE # 52, p. 15]. As explained below,

Nagelski has not created a genuine issue of material fact as to the tortious interference with

contract claim, and this claim must be dismissed.

First, Nagelski has not carried her heavy burden to defeat Dr. Spivey's qualified

immunity. Case law makes clear that discrimination and/or retaliation must be the *sole*

reason for the interference with the contract. Here it is undisputed that Dr. Spivey is the

4

Owner, President and CEO of PPM. (D. Spivey 51:9-17; Nagelski 88:6-13). As Dr. Spivey testified, "the 'buck' stops with him." (D. Spivey 51:23-52:2). Given that Dr. Spivey is the Owner, President, and CEO of PPM, Dr. Spivey had a legitimate business interest in PPM, including its personnel and staffing decisions, including a legitimate business interest related to Nagelski's at-will employment with PPM. *See, e.g.*, P*rivette v. University of North Carolina*, 96 N.C.App. 124, 134-35, 385 S.E.2d 185, 190-91 (1989). Because Dr. Spivey is a non-outsider to Nagelski's contract with PPM, any actions Dr. Spivey may have taken to cause PPM to terminate Nagelski's at-will employment contract carry a presumption of validity. *See, e.g., Filmar Racing, Inc. v. Stewart,* 141 N.C.App. 668, 674-75, 541 S.E.2d 733, 738 (2001); *Varner v. Bryan*, 113 N.C.App. 697, 702, 440 S.E.2d 295, 298-99 (1994); *Privette*, 96 N.C.App. at 134-35, 385 S.E.2d at 190-91; *see also Welch-Walker v. Guilford County Bd. of Educ.*, 2014 U.S. Dist. LEXIS 170697 at *20.

Given Dr. Spivey's legitimate business interest in Nagelski's at-will employment contract as well as the presumption of validity such an interest bestows, Nagelski has not proffered facts to create a genuine issue of material fact to defeat Dr. Spivey's qualified immunity defense. *See Wagoner v. Elkin City Schools' Board of* Education, 113 N.C.App. 579, 440 S.E.2d 119, 124-25 (1994) (noting that "[b]ecause plaintiff admits on the face of her complaint that Morton and Parsons, by virtue of their positions as principals of EHS, had a proper motive for their actions of placing plaintiff in the position of ISS coordinator, plaintiff has failed to show that she can make out a prima facie case of malicious interference of contract at trial."); *Privette*, 96 N.C.App. 124, 385 S.E.2d 185 (1989)

5

(complaint admits defendants had proper motive by alleging they were directors of "Center" and Center's "Lab" thereby showing they had interest in insuring proper work procedures and legitimate professional interest in plaintiff's performance at Center); *Sides v. Duke University*, 74 N.C.App. 331, 328 S.E.2d 818, *disc. rev. denied*, 314 N.C. 331, 333 S.E.2d 490 (1985) (complaint must admit of no other motive for interference other than malice). Because Nagelski admits that Dr. Spivey had a legitimate business interest in Nagelski's at-will employment, her tortious interference claim must be dismissed.

Second, Nagelski has failed to proffer evidence to create a genuine issue of material fact that Dr. Spivey acted without justification. As recognized by numerous cases, "[t]he interference is 'without justification' if the defendants' motives for procuring termination of the employment contract were 'not reasonably related to the protection of a legitimate business interest' of the defendant." *Privette*, 96 N.C.App. at 134, 385 S.E.2d at 190 (1989) (quoting *Smith v. Ford Motor Co.*, 289 N.C. 71, 94, 221 S.E.2d 282, 292 (1976)). Courts have required that there must be "no motive for interference other than malice." *Id.* at 134-35, 385 S.E.2d at 191; *Sides*, 74 N.C.App. at 346, 328 S.E.2d at 829 (1985). In other words, if malice is not the only motive, then the claim for tortious interference with contract must be dismissed.

Here the undisputed evidence demonstrates Dr. Spivey's involvement in the separation of Nagelski's at-will employment does not demonstrate "no motive for interference other than malice." *Privette*, 96 N.C.App. at 134-35, 385 S.E.2d at 191. As

6

Dr. Spivey explained at his deposition, the process he used to decide to eliminate Nagelski's position is as follows:

> [Y]ou have people that you're paying that you can't just pay if they're not doing something, and with the reorganization that was going, Ms. Nagelski's duties had been reassigned.  We had HR full-time in-house.  The IT had been reassigned.  And then finally the only duty that she was performing was sort of the liaison between PPMSC; our accountancy,….and then BB&T, the wealth management people who managed our financing, loans and that sort of thing. Right? And that was her only duties.  So I'm paying her, you know, $5,000 a month, I believe it was, for all these three things….So we're looking at ways, where can we cut costs, who do we need, who do we not need? And that was one of the positions.  So I went to folks at – and that's why they're on the list – the folks at BB&T and Turlington & Company people, and said "Look, is this position still required for us to do business?"  And they said, "No."  So now, finally, her final duty was eliminated, and so I terminated her.

(*Id.* 115:22-116:24).  Dr. Spivey's testimony reveals reasons for termination which were not malicious.  Nagelski has not forecast any evidence—other than her own conjecture and speculation—that casts doubt on the veracity of Dr. Spivey's reasons for her termination.  And mere conjecture and speculation are insufficient to overcome a summary judgment motion.  *See Autry v. North Carolina Dep't of Human Resources*, 820 F.2d 1384, 1386 (4th Cir.1987); *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 241-46 (4th Cir.1982); a*ccord Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir.1999).  Thus, Nagelski has not created a genuine issue of material fact to demonstrate that Dr. Spivey intentionally interfered with Nagelski's at-will contract with PPM solely for discriminatory or retaliatory purposes.  *See, e.g., Filmar Racing, Inc.*, 141 N.C.App. at 674-75, 541 S.E.2d at 738; *Varner*, 113 N.C.App. at 702, 440 S.E.2d at 298-99; *Privette*, 96 N.C.App. at 134-35, 385 S.E.2d at 190-91; see also *Welch-Walker*, 2014 U.S. Dist. LEXIS 170697 at *20.

7

Nagelski certainly disagrees with the wisdom of Dr. Spivey's decision. However, it is not the Court's "place to second-guess the soundness of scientific or managerial decisions ... Our role is much more circumscribed; we are concerned only with ensuring that decision-makers are not improperly motivated by discriminatory animus." *See Dugan v. Albemarle County Sch. Bd.*, 293 F.3d 716, 722-23 (4th Cir.2002). While *Dugan* deals with a discrimination case, its instruction is useful here. Whereas Nagelski may disagree with Dr. Spivey's conclusion "as to which positions to eliminate, [] the ultimate responsibility for that judgment lies with [Dr. Spivey and the] ... focus is solely on whether this decision was the result of" malice. *Id.* As further recognized by numerous courts, "it is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 279 (4th Cir. 2000) (internal quotation marks omitted).

Nagelski's attempts to cobble together a number of inferences in an attempt to dispute her termination are insufficient to establish malice. All Nagelski is done is proven the unexceptional fact that she disagrees with Dr. Spivey's decision. But such disagreement does not prove that Dr. Spivey's decision to eliminate her position was "dishonest or not the real reason for her termination." *Id.* at 280. Whereas Nagelski may not agree with the reasons for the termination, her opinion is inconsequential because 'it is the perception of the decision maker which is relevant." *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 960-61 (4th Cir. 1996) (quoting *Smith v. Flax*, 618 F.2d 1062. 1067 (4th Cir. 1980)).

8

In a desperate attempt to resuscitate her tortious interference with contract claim, Nagelski suggests that Dr. Spivey's conduct was malicious because he decided *not* to terminate J.M.—Dr. Spivey's own daughter—whereas Dr. Spivey decided to eliminate Nagelski's position. This argument is quickly disposed of. Nepotism is not illegal and certainly cannot be used to establish legal malice. *See, e.g., Holder v. City of Raleigh,* 867 F.2d 823, 825-26 (4th Cir. 1989) (noting that "[w]hile we share his distaste for a decision which appears to have been made for reasons other than merit, we do not believe that Title VII authorizes courts to declare unlawful every arbitrary and unfair employment decision. To hold that favoritism toward friends and relatives is per se violative of Title VII would be, in effect, to rewrite federal law. The list of impermissible considerations within the context of employment practice is both limited and specific: 'race, color, religion, sex or national origin.' We are not free to add our own considerations to the list.")

Even if J.M. was not Dr. Spivey's daughter, Nagelski cannot point to J.M. as a proper comparator in order to attempt to establish malice. In order to be a proper comparator, Nagelski must show they are similarly situated employees. "Similarly situated employees are alike with respect to performance, qualifications, and conduct. Generally, the compared employees must have dealt with the same decision-maker and engaged in conduct of comparable seriousness . . . an employee need not show complete identity in comparing himself to the better treated employee, but he must show substantial similarity." *Popo v. Giant Foods LLC*, 675 F. Supp. 2d 583, 589 (D. Md. 2009) (internal citations and quotation marks omitted).

9

Nagelski cannot make these showings. By her own admissions, J.M.'s duties related to marketing [DE # 51, pp. 11-12]. In contrast, Nagelski's duties included assisting "with PPM's books, IT vendors, hiring, and human resources." [DE # 51, p. 2] Given the difference in qualifications and duties, Nagelski cannot point to J.M. as a proper comparator. It is not the duty of this Court to "sit as some sort of general personnel management bureau, burdened with the duty to examine or second guess the ultimate wisdom or folly" of business decisions. *Propst v. HWS Co., Inc.*, 148 F.Supp.3d 506, 528, 2015 WL 8207464, at *14 (W.D.N.C.2015) (Voorhees, J.); *Rowe v. Marley, Co.*, 233 F.3d 825, 831 (4th Cir.2000) (holding an employer's decision to discharge one employee over another is the type of decision this court is reluctant to second guess); *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 272 (4th Cir.2005); *EEOC v. Clay Printing Co.*, 955 F.2d 936, 946 (4th Cir.1992) ("It is not ... the function of this court to second guess the wisdom of business decisions.").

Further, Nagelski's statement that she "did not learn about any alleged Reorganization before her employment ended in February 2016—the first she heard about it was in this lawsuit" (DE # 51, p. 6) is not true. In an October 2, 2014, email, Nagelski herself referenced a meeting with Sherry and Lisa where they "toss[ed] around staff realignment/org options to leverage efficiency & potentially cut overhead." [DE 43-9, Exhibit 2].

Nagelski cites *Biricik v. Wal-Mart Stores E., LP,* No. 7:14-cv-67-BR, 2014 WL 3955085 (E.D.N.C. Aug. 13, 2014) for the proposition that "[e]mployment discrimination,

like age discrimination and retaliation, is 'beyond the interest of the employer' in tortious interference cases." *Id.* At * 3. Nagelski's reliance on this case is misplaced. The *Biricik* Court was considering a Motion to Remand. Here, the Court is deciding a Motion for Summary Judgment. Unlike the *Biricik* Court which was required to resolve "all legal and factual issues . . . in plaintiff's favor," Nagelski must proffer evidence to create a genuine issue of material fact on this issue.

For the foregoing reasons as well as for the reasons stated in *Defendant Preferred Pain Management and Spine Care, P.A's Reply in Support of its Motion for Summary Judgment as to Plaintiff Suzanne Nagelski's Claims,* Nagelski has failed to proffer evidence to create a genuine issue of material fact that Dr. Spivey acted with legal malice and without justification when he decided to eliminate her position. Accordingly, her claim for tortious interference with contract must be dismissed.

## CONCLUSION

For the above-stated reasons, among others, Defendant Dr. David Spivey's Motion for Summary Judgment pursuant to Rule 56 should be GRANTED, and Plaintiff Suzanne Nagelski's claims should be DISMISSED WITH PREJUDICE, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this the 14th day of November, 2018.

JACKSON LEWIS P.C.

BY: */s/ Ann H. Smith*
ANN H. SMITH
N. C. State Bar No. 23090

11

CAITLIN M. GOFORTH
N. C. State Bar No. 49227
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone:  (919) 760-6465
Facsimile:   (919) 760-6461
Email:  ann.smith@jacksonlewis.com
Email:  caitlin.goforth@jacksonlewis.com

12

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-cv-00854-TDS-LPA

| | | |
|---|---|---|
| REBECCA KOVALICH and<br>SUZANNE NAGELSKI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **CERTIFICATE OF** |
| vs. | ) | **COMPLIANCE** |
| | ) | |
| PREFERRED PAIN MANAGEMENT | ) | |
| & SPINE CARE, P.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

The undersigned counsel hereby certifies compliance with, Local Rule 7.3(d)(1).

The undersigned counsel further certifies this Memorandum, including the body of the

brief, headings, and footnotes does not exceed 3,125 words.

JACKSON LEWIS P.C.

BY:   */s/ Ann H. Smith*
ANN H. SMITH
N. C. State Bar No. 23090
CAITLIN M. GOFORTH
N. C. State Bar No. 49227
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone:  (919) 760-6465
Facsimile:  (919) 760-6461
Email:  ann.smith@jacksonlewis.com
Email:  caitlin.goforth@jacksonlewis.com

13

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-CV-00854-TDS-LPA

REBECCA KOVALICH and )
SUZANNE NAGELSKI, )
 )
        Plaintiffs, )
 )
vs. )      **CERTIFICATE OF SERVICE**
 )
PREFERRED PAIN MANANGEMENT )
& SPINE CARE, P.A., *et al.*, )
 )
        Defendants. )

The undersigned certifies that on November 14, 2018, the foregoing *Defendant Dr. David Spivey's Reply in Support of His Motion for Summary Judgment as to Plaintiff Suzanne Nagelski's Claims* was filed with the Clerk of the Court, using the Court's CM/ECF system, which will send notification of such filing as follows:

Sean F. Herrmann, Esq.
Van Kampen Law P.C.
315 East Worthington Avenue
Charlotte, NC 28203
*Attorneys for Plaintiffs*
sean@vankampenlaw.com

/s/ Ann H. Smith
ANN H. SMITH
N. C. State Bar No. 23090
CAITLIN M. GOFORTH
N. C. State Bar No. 49227
Jackson Lewis P.C.
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6465
Facsimile: (919) 760-6461
Email: ann.smith@jacksonlewis.com
Email: caitlin.goforth@jacksonlewis.com

4833-6357-8233, v. 1

14