IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-CV-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., *et al.*, | ) ) ) |
| Defendants. | ) |

**DEFENDANT DR. DAVID SPIVEY'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF REBECCA KOVALICH'S CLAIMS**

NOW COMES Defendant Dr. David Spivey (hereinafter "Dr. Spivey") and hereby submits his Reply in Support of His Motion for Summary Judgment as to Plaintiff Rebecca Kovalich's Claims. For the reasons stated in his original Memorandum of Law in Support of his Motion for Summary Judgment and the arguments set forth below, this Court should grant Defendant Dr. Spivey's Motion for Summary Judgment and dismiss the claims of Plaintiff Rebecca Kovalich with prejudice.

### I. MISSTATEMENTS OF THE RECORD AND UNAUTHENTICATED EXHIBITS

Kovalich's Response in Opposition [DE # 50] contains several misstatements of the record. Kovalich attempts to use her Declaration to assert new facts that contradict her deposition testimony. "Plaintiff cannot create a dispute about a fact contained in deposition testimony by referring to a subsequent affidavit of the deponent contradicting the deponent's prior testimony, for it is well established that a genuine issue of fact is not created where the only issue of fact is to determine which of the two conflicting versions

of a party's testimony is correct." *Ward v. Family Dollar Stores, Inc.*, 2012 U.S. Dist. LEXIS 115473, at \*11-14 n.3 (W.D.N.C. Aug. 16, 2012). For a complete listing of the factual misstatements supported by statements to the Record, *See* Exhibit G.

In addition to failing to accurately represent the facts in the Record, Kovalich has failed to authenticate the Exhibits used to support her arguments in her Response. The Court should not consider Kovalich's unauthenticated Exhibits as "[i]t is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Rowe v. N.C. Agric. & Tech. State Univ.*, 630 F. Supp. 2d 601, 610 (M.D.N.C. 2009); *Garcia v. United States*, No. 1:11CR253-3, 2015 U.S. Dist. LEXIS 154220, at \*7 n.5 (M.D.N.C. Nov. 16, 2015).

## II.  ARGUMENT

### A.  Abandoned Claims

Kovalich does not respond to Dr. Spivey's Motion for Summary Judgment as to her claim for violation of the Employment Retirement Income Security Act ("ERISA"). Kovalich notes that she intends to voluntarily dismiss this claim in the event the Court does not grant summary judgment. (Response, p. 21). Thus, Kovalich has abandoned this claim warranting dismissal. "When a party fails to respond to a summary judgment motion regarding a claim, the party essentially concedes that summary judgment in favor of the moving party is appropriate." *Harris v. hhgregg, Inc.*, 2013 U.S. Dist. LEXIS 45394, at \*11-12 (M.D.N.C. Mar. 29, 2013) (citing *Brand v. N.C. Dep't of Crime Control & Pub. Safety*, 352 F. Supp. 2d 606, 618 (M.D.N.C. 2004) (a plaintiff's failure to

respond to an argument in support of summary judgment is a concession that the plaintiff has not stated such a claim); *see also Allen v. Fed. Express Corp.*, 2011 U.S. Dist. LEXIS 34812, at *26 n.5 (M.D.N.C. Mar. 31, 2011) (summary judgment appropriate where plaintiff's response brief contained no argument in response to one of the claims).

Dr. Spivey relies on his arguments made in his Memorandum in Support that summary judgment should be granted.

### B. Kovalich cannot maintain her claim for tortious interference with contract.

Summary judgment is properly granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49, 106 S.Ct. 2505. The nonmoving party must do so by offering "sufficient proof in the form of admissible evidence" rather than relying solely on the allegations of her pleadings. *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

Here Kovalich has not met her burden to create a genuine issue of material fact regarding the tortious interference with contract claim. In order to establish a prima facie case, Kovalich must proffer evidence to show:

> (1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the

contract; (4) and in doing so acts without justification; (5) resulting in actual damage to the plaintiff.

*Embree Construction Group v. Rafcor, Inc*., 330 N.C. 487, 498, 411 S.E.2d 916, 924 (1992) (quoting *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988)); *Lexington Homes, Inc. v. W.E. Tyson Builders, Inc*., 75 N.C.App. 404, 410-11, 331 S.E.2d 318, 321 (1985).

Kovalich offers essentially one paragraph of argument as to how she can maintain her tortious interference with contract claim against Dr. Spivey. [DE # 50, p. 14] In this paragraph, Kovalich claims that Dr. Spivey was "behind" the decision to terminate her employment. Kovalich does not point to any cites in the record in order to support her statement. Rather, she claims that she should survive summary judgment on the tortious interference with contract claim "[f]or these reasons and those reasons set forth in the Fact Section and in [Kovalich's] Response in Opposition Defendant Preferred Pain Management & Spine Care's, P.A.'s Motion for Summary Judgment." [DE # 50, p. 14]. As explained below, Kovalich has not created a genuine issue of material fact as to the tortious interference with contract claim, and this claim must be dismissed.

First, Kovalich has not carried her heavy burden to defeat Dr. Spivey's qualified immunity. Case law makes clear that discrimination and/or retaliation must be the *sole* reason for the interference with the contract. Here it is undisputed that Dr. Spivey is the Owner, President and CEO of PPM. (D. Spivey 51:9-17; Nagelski 88:6-13). As Dr. Spivey testified, "the 'buck' stops with him." (D. Spivey 51:23-52:2). Given that Dr. Spivey is

4

the Owner, President, and CEO of PPM, Dr. Spivey had a legitimate business interest in PPM, including its personnel and staffing decisions, including a legitimate business interest related to Kovalich's at-will employment with PPM. *See, e.g.*, P*rivette v. University of North Carolina*, 96 N.C.App. 124, 134-35, 385 S.E.2d 185, 190-91 (1989). Because Dr. Spivey is a non-outsider to Kovalich's contract with PPM, any actions Dr. Spivey may have taken to cause PPM to terminate Kovalich's at-will employment contract carry a presumption of validity. *See, e.g., Filmar Racing, Inc. v. Stewart,* 141 N.C.App. 668, 674-75, 541 S.E.2d 733, 738 (2001); *Varner v. Bryan*, 113 N.C.App. 697, 702, 440 S.E.2d 295, 298-99 (1994); *Privette*, 96 N.C.App. at 134-35, 385 S.E.2d at 190-91; *see also Welch-Walker v. Guilford County Bd. of Educ.*, 2014 U.S. Dist. LEXIS 170697 at *20.

Given Dr. Spivey's legitimate business interest in Kovalich's at-will employment contract as well as the presumption of validity such an interest bestows, Kovalich has not proffered facts to create a genuine issue of material fact to defeat Dr. Spivey's qualified immunity defense. *See Wagoner v. Elkin City Schools' Board of* Education, 113 N.C.App. 579, 440 S.E.2d 119, 124-25 (1994) (noting that "[b]ecause plaintiff admits on the face of her complaint that Morton and Parsons, by virtue of their positions as principals of EHS, had a proper motive for their actions of placing plaintiff in the position of ISS coordinator, plaintiff has failed to show that she can make out a prima facie case of malicious interference of contract at trial."); *Privette*, 96 N.C.App. 124, 385 S.E.2d 185 (1989) (complaint admits defendants had proper motive by alleging they were directors of "Center" and Center's "Lab" thereby showing they had interest in insuring proper work

5

procedures and legitimate professional interest in plaintiff's performance at Center); *Sides v. Duke University*, 74 N.C.App. 331, 328 S.E.2d 818, *disc. rev. denied*, 314 N.C. 331, 333 S.E.2d 490 (1985) (complaint must admit of no other motive for interference other than malice). Because Kovalich admits that Dr. Spivey had a legitimate business interest in Kovalich's at-will employment by acknowledging his position of owner, President, and CEO, her tortious interference claim must be dismissed.

Second, Kovalich has failed to proffer evidence to create a genuine issue of material fact that Dr. Spivey acted without justification. As recognized by numerous cases, "[t]he interference is 'without justification' if the defendants' motives for procuring termination of the employment contract were 'not reasonably related to the protection of a legitimate business interest' of the defendant." *Privette*, 96 N.C.App. at 134, 385 S.E.2d at 190 (1989) (quoting *Smith v. Ford Motor Co.*, 289 N.C. 71, 94, 221 S.E.2d 282, 292 (1976)). Courts have required that there must be "no motive for interference other than malice." *Id.* at 134-35, 385 S.E.2d at 191; *Sides*, 74 N.C.App. at 346, 328 S.E.2d at 829 (1985). In other words, if malice is not the only motive, then the claim for tortious interference with contract must be dismissed.

Here the undisputed evidence demonstrates Dr. Spivey's involvement in the separation of Kovalich's at-will employment does not demonstrate "no motive for interference other than malice." *Privette*, 96 N.C.App. at 134-35, 385 S.E.2d at 191. Dr. Spivey eliminated Kovalich's position because it was unnecessary, and PPM needed to reduce costs to remain financially viable. Dr. Spivey testified that he decided to eliminate

6

her position because her lab development duties were done and there was nothing for her to do. (Dr. Spivey Dep. 216:1-9; Dr. Spivey Dep. 217:10-223:2). Kovalich has not offered evidence showing that these reasons were false. Instead, it is undisputed that at the time of her termination the lab staff did not need her oversight, the lab's profitability had declined, her lab development duties had ceased, she was only working a few hours a week, and PPM was experiencing financial difficulties. (Dr. Spivey Dep. 13:13-14:3). Benton, who advised PPM in financial matters, recommended elimination of Kovalich's position. (Benton Dep. 120:14-18; 123:15-124:19). To date, Kovalich's position has not been filled, and there are no plans to do so. (Dr. Spivey Dep. 265:6-266:16).

Significantly, Kovalich has not presented any evidence to dispute that PPM was under financial pressure. On the contrary, Kovalich recognized that PPM was looking for ways to cut costs due to decreasing insurance reimbursement rates. (Kovalich Dep. 171:6-172:11, 250:2-21). Kovalich herself admitted, "Dr. Spivey had to get rid of me – *maybe for financial reasons. I mean, that's possible*." (Kovalich Dep. 242:24-243:1). Accordingly, Kovalich concedes that Dr. Spivey's reasons for termination were not malicious.

Here, Kovalich has not forecast any evidence—other than her own conjecture and speculation—that casts doubt on the veracity of Dr. Spivey's reasons for her termination. And mere conjecture and speculation are insufficient to overcome a summary judgment motion. *See Autry v. North Carolina Dep't of Human Resources*, 820 F.2d 1384, 1386 (4th Cir.1987); *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 241-46 (4th Cir.1982); a*ccord*

*Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir.1999). Thus, Kovalich has not created a genuine issue of material fact to demonstrate that Dr. Spivey intentionally interfered with Kovalich's at-will contract with PPM solely for discriminatory or retaliatory purposes. *See, e.g., Filmar Racing, Inc.*, 141 N.C.App. at 674-75, 541 S.E.2d at 738; *Varner*, 113 N.C.App. at 702, 440 S.E.2d at 298-99; *Privette*, 96 N.C.App. at 134-35, 385 S.E.2d at 190-91; see also *Welch-Walker*, 2014 U.S. Dist. LEXIS 170697 at *20.

Kovalich certainly disagrees with the wisdom of Dr. Spivey's decision. However, it is not the Court's "place to second-guess the soundness of scientific or managerial decisions ... Our role is much more circumscribed; we are concerned only with ensuring that decision-makers are not improperly motivated by discriminatory animus." *See Dugan v. Albemarle County Sch. Bd.*, 293 F.3d 716, 722-23 (4th Cir.2002). While *Dugan* deals with a discrimination case, its instruction is useful here. Whereas Kovalich may disagree with Dr. Spivey's conclusion "as to which positions to eliminate, [] the ultimate responsibility for that judgment lies with [Dr. Spivey and the] ... focus is solely on whether this decision was the result of" malice. *Id.* As further recognized by numerous courts, "it is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 279 (4th Cir. 2000) (internal quotation marks omitted).

Kovalich's attempts to dispute her termination are insufficient to establish malice. All Kovalich has done is proven the unexceptional fact that she disagrees with Dr. Spivey's decision. But such disagreement does not prove that Dr. Spivey's decision to eliminate her

position was "dishonest or not the real reason for her termination." *Id*. at 280. Whereas Kovalich may not agree with the reasons for the termination, her opinion is inconsequential because 'it is the perception of the decision maker which is relevant." *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 960-61 (4th Cir. 1996) (quoting *Smith v. Flax*, 618 F.2d 1062. 1067 (4th Cir. 1980)).

In a desperate attempt to resuscitate her tortious interference with contract claim, Kovalich suggests that Dr. Spivey's conduct was malicious because he decided *not* to terminate J.M.—Dr. Spivey's own daughter—whereas Dr. Spivey decided to eliminate Kovalich's position. This argument is quickly disposed of. Nepotism is not illegal and certainly cannot be used to establish legal malice. *See, e.g., Holder v. City of Raleigh,* 867 F.2d 823, 825-26 (4th Cir. 1989) (noting that "[w]hile we share his distaste for a decision which appears to have been made for reasons other than merit, we do not believe that Title VII authorizes courts to declare unlawful every arbitrary and unfair employment decision. To hold that favoritism toward friends and relatives is per se violative of Title VII would be, in effect, to rewrite federal law. The list of impermissible considerations within the context of employment practice is both limited and specific: 'race, color, religion, sex or national origin.' We are not free to add our own considerations to the list.")

Even if J.M. was not Dr. Spivey's daughter, Kovalich cannot point to J.M. as a proper comparator in order to attempt to establish malice. In order to be a proper comparator, Kovalich must show that they are similarly situated employees. "Similarly situated employees are alike with respect to performance, qualifications, and conduct.

9

Generally, the compared employees must have dealt with the same decision-maker and engaged in conduct of comparable seriousness . . . an employee need not show complete identity in comparing himself to the better treated employee, but he must show substantial similarity." *Popo v. Giant Foods LLC*, 675 F. Supp. 2d 583, 589 (D. Md. 2009) (internal citations and quotation marks omitted).

Kovalich cannot make these showings. By Kovalich's own admissions, J.M.'s duties related to marketing [DE # 51, pp. 11-12]. In contrast, Kovalich's duties related to developing the lab. [DE # 50, p. 2] Given the difference in qualifications and duties, Kovalich cannot point to J.M. as a proper comparator. It is not the duty of this Court to "sit as some sort of general personnel management bureau, burdened with the duty to examine or second guess the ultimate wisdom or folly" of business decisions. *Propst v. HWS Co., Inc.*, 148 F.Supp.3d 506, 528, 2015 WL 8207464, at *14 (W.D.N.C.2015) (Voorhees, J.); *Rowe v. Marley, Co.*, 233 F.3d 825, 831 (4th Cir.2000) (holding an employer's decision to discharge one employee over another is the type of decision this court is reluctant to second guess); *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 272 (4th Cir.2005); *EEOC v. Clay Printing Co.*, 955 F.2d 936, 946 (4th Cir.1992) ("It is not ... the function of this court to second guess the wisdom of business decisions.").

To the extent Kovalich might assert that Dr. Spivey acted with legal malice in terminating her employment in retaliation for (1) rebuffing his alleged sexual advances and (2) Nagelski's EEOC Claim, these arguments too must fail. The undisputed evidence shows it was Benton who approached Dr. Spivey about eliminating Kovalich's position.

10

(Dr. Spivey Dep. 224:7-225:4; Benton Dep. 119:1-25). Further, Dr. Spivey first considered eliminating Kovalich's position in mid to late 2015, around the time the three Greensboro employees were terminated because lab development had concluded—well before the allegedly unwelcome kiss. (Dr. Spivey Dep. 217:10-225:21). Given these facts, Kovalich cannot show that Dr. Spivey acted with legal malice in eliminating Kovalich's position.

Kovalich cites *Biricik v. Wal-Mart Stores E., LP,* No. 7:14-cv-67-BR, 2014 WL 3955085 (E.D.N.C. Aug. 13, 2014) for the proposition that "[e]mployment discrimination, like age discrimination and retaliation, is 'beyond the interest of the employer' in tortious interference cases." *Id.* At * 3. Kovalich's reliance on this case is misplaced. The *Biricik* Court was considering a Motion to Remand. Here, the Court is deciding a Motion for Summary Judgment. Unlike the *Biricik* Court which was required to resolve "all legal and factual issues . . . in plaintiff's favor," Kovalich must proffer evidence to create a genuine issue of material fact on this issue.

For the foregoing reasons as well as for the reasons stated in *Defendant Preferred Pain Management and Spine Care, P.A's Reply in Support of its Motion for Summary Judgment as to Plaintiff Rebecca Kovalich's Claims,* Kovalich has failed to proffer evidence to create a genuine issue of material fact that Dr. Spivey acted with legal malice and without justification when he decided to eliminate her position. Accordingly, her claim for tortious interference with contract must be dismissed.

## **CONCLUSION**

For the above-stated reasons, among others, Defendant Dr. David Spivey's Motion for Summary Judgment pursuant to Rule 56 should be GRANTED, and Plaintiff Rebecca Kovalich's claims should be DISMISSED WITH PREJUDICE, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this the 14th day of November, 2018.

> JACKSON LEWIS P.C.
>
> BY: */s/ Ann H. Smith*
> ANN H. SMITH
> N. C. State Bar No. 23090
> CAITLIN M. GOFORTH
> N. C. State Bar No. 49227
> *Attorneys for Defendants*
> 3737 Glenwood Avenue, Suite 450
> Raleigh, NC 27612
> Telephone: (919) 760-6465
> Facsimile: (919) 760-6461
> Email: ann.smith@jacksonlewis.com
> Email: caitlin.goforth@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-cv-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and<br>SUZANNE NAGELSKI,<br><br>      Plaintiffs,<br>vs.<br><br>PREFERRED PAIN MANAGEMENT<br>& SPINE CARE, P.A., *et al.*,<br><br>      Defendants. | **CERTIFICATE OF<br>COMPLIANCE** |

The undersigned counsel hereby certifies compliance with, Local Rule 7.3(d)(1). The undersigned counsel further certifies this Memorandum, including the body of the brief, headings, and footnotes does not exceed 3,125 words.

JACKSON LEWIS P.C.

BY:   */s/ Ann H. Smith*
       ANN H. SMITH
       N. C. State Bar No. 23090
       CAITLIN M. GOFORTH
       N. C. State Bar No. 49227
       *Attorneys for Defendants*
       3737 Glenwood Avenue, Suite 450
       Raleigh, NC 27612
       Telephone:  (919) 760-6465
       Facsimile:  (919) 760-6461
       Email:  ann.smith@jacksonlewis.com
       Email:  caitlin.goforth@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-CV-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and<br>SUZANNE NAGELSKI,<br><br>Plaintiffs,<br><br>vs.<br><br>PREFERRED PAIN MANANGEMENT<br>& SPINE CARE, P.A., *et al.*,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

The undersigned certifies that on November 14, 2018, the foregoing *Defendant Dr. David Spivey's Reply in Support of His Motion for Summary Judgment as to Plaintiff Rebecca Kovalich's Claims* was filed with the Clerk of the Court, using the Court's CM/ECF system, which will send notification of such filing as follows:

Sean F. Herrmann, Esq.
Van Kampen Law P.C.
315 East Worthington Avenue
Charlotte, NC 28203
*Attorneys for Plaintiffs*
sean@vankampenlaw.com

  */s/ Ann H. Smith*
  ANN H. SMITH
  N. C. State Bar No. 23090
  CAITLIN M. GOFORTH
  N. C. State Bar No. 49227
  Jackson Lewis P.C.
  *Attorneys for Defendants*
  3737 Glenwood Avenue, Suite 450
  Raleigh, NC 27612
  Telephone: (919) 760-6465
  Facsimile: (919) 760-6461
  Email: ann.smith@jacksonlewis.com
  Email: caitlin.goforth@jacksonlewis.com

4828-7677-6825, v. 1

14