IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-CV-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and<br>SUZANNE NAGELSKI,<br><br>    Plaintiffs,<br><br>vs.<br><br>PREFERRED PAIN MANAGEMENT<br>& SPINE CARE, P.A., *et al.*,<br><br>    Defendants. | **DEFENDANT SHERRY SPIVEY'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF SUZANNE NAGELSKI'S CLAIMS** |

NOW COMES Defendant Sherry Spivey and hereby submits her Reply in Support of Her Motion for Summary Judgment as to Plaintiff Suzanne Nagelski's Claims. For the reasons stated in her original Memorandum of Law in Support of her Motion for Summary Judgment and the arguments set forth below, this Court should grant Defendant Sherry Spivey's Motion for Summary Judgment and dismiss the claims of Plaintiff Suzanne Nagelski with prejudice.

### I. MISSTATEMENTS OF THE RECORD AND UNAUTHENTICATED EXHIBITS

Nagelski's Response in Opposition [DE # 51] contains several misstatements of the record. Nagelski attempts to use her post-deposition declaration to assert new facts that contradict her own deposition testimony. "Plaintiff cannot create a dispute about a fact contained in deposition testimony by referring to a subsequent affidavit of the deponent contradicting the deponent's prior testimony, for it is well established that a genuine issue of fact is not created where the only issue of fact is to determine which of the two

conflicting versions of a party's testimony is correct." *Ward v. Family Dollar Stores, Inc.*, 2012 U.S. Dist. LEXIS 115473, at *11-14 n.3 (W.D.N.C. Aug. 16, 2012). For a complete listing of the factual misstatements supported by statements to the Record, *See* Exhibit G.

In addition to failing to accurately represent the facts in the Record, Nagelski has failed to authenticate the Exhibits used to support her arguments in her Response. The Court should not consider Nagelski's unauthenticated Exhibits as "[i]t is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment*.*" *Rowe v. N.C. Agric. & Tech. State Univ.*, 630 F. Supp. 2d 601, 610 (M.D.N.C. 2009); *Garcia v. United States*, No. 1:11CR253-3, 2015 U.S. Dist. LEXIS 154220, at *7 n.5 (M.D.N.C. Nov. 16, 2015).

## II.     ARGUMENT

### A.     Abandoned Claims.

Nagelski does not respond to Sherry Spivey's Motion for Summary Judgment as to her claim for violation of the Employment Retirement Income Security Act ("ERISA"). Nagelski notes she intends to voluntarily dismiss this claim in the event the Court does not grant summary judgment. (Response, p. 21). Thus, Nagelski has abandoned this claim warranting dismissal. "When a party fails to respond to a summary judgment motion regarding a claim, the party essentially concedes that summary judgment in favor of the moving party is appropriate." *Harris v. hhgregg, Inc.*, 2013 U.S. Dist. LEXIS 45394, at *11-12 (M.D.N.C. Mar. 29, 2013) (citing *Brand v. N.C. Dep't of Crime Control & Pub. Safety*, 352 F. Supp. 2d 606, 618 (M.D.N.C. 2004) (a plaintiff's failure to respond to an

argument in support of summary judgment is a concession that the plaintiff has not stated such a claim); *see also Allen v. Fed. Express Corp.*, 2011 U.S. Dist. LEXIS 34812, at *26 n.5 (M.D.N.C. Mar. 31, 2011) (summary judgment appropriate where plaintiff's response brief contained no argument in response to one of the claims).

Sherry Spivey relies on her arguments made in her Memorandum in Support that summary judgment should be granted.

### B. Nagelski cannot maintain her tortious interference with contract claim.

Summary judgment is properly granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving party to show there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49, 106 S.Ct. 2505. The nonmoving party must do so by offering "sufficient proof in the form of admissible evidence" rather than relying solely on the allegations of her pleadings. *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

Here Nagelski has not met her burden to create a genuine issue of material fact regarding the tortious interference with contract claim. In order to establish a prima facie case, Nagelski must proffer evidence to show:

> (1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the

contract; (4) and in doing so acts without justification; (5) resulting in actual damage to the plaintiff.

*Embree Construction Group v. Rafcor, Inc.*, 330 N.C. 487, 498, 411 S.E.2d 916, 924 (1992) (quoting *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988)); *Lexington Homes, Inc. v. W.E. Tyson Builders, Inc.*, 75 N.C.App. 404, 410-11, 331 S.E.2d 318, 321 (1985).

Nagelski offers essentially two paragraphs of argument as to how she can maintain her tortious interference with contract claim against Sherry Spivey. [DE # 51, p. 15] Nagelski's claims that "[t]he evidence shows that [Sherry] Spivey was upset with [Nagelski] when she opposed in good faith, what she believed to be unlawful employment discrimination." *Id.* She further claims that Sherry Spivey "brought on board [Wendy Yontz] to take over most of Sue's duties…despite having no say in any hiring decisions outside the clinic since 2012." *Id.* These statements are simply insufficient to carry her burden to create a genuine issue of material fact as to the claim for tortious interference with contract. Nagelski does not point to any cites in the record in order to support her statements. Rather, she claims that she should survive summary judgment on the tortious interference with contract claim "[f]or these reasons and those reasons set forth in [Nagelski's] Response in Opposition to Defendant Preferred Pain Management & Spine Care's, P.A.'s Motion for Summary Judgment." [DE # 52, p. 15]. As explained below, Nagelski has not created a genuine issue of material fact as to the tortious interference with contract claim, and this claim must be dismissed.

First, Nagelski has not carried her heavy burden to defeat Sherry Spivey's qualified immunity. Case law makes clear that discrimination and/or retaliation must be the *sole* reason for the interference with the contract. It is undisputed that Sherry Spivey is the Clinic Manager for PPM [DE # 51, p.2], and that she is married to Dr. Spivey [DE # 42-11, ¶ 4]. As Clinical Supervisor and the wife of the CEO and President of PPM, Sherry Spivey interacted with Nagelski. Thus, the undisputed facts establish Sherry Spivey had a legitimate business interest in PPM and in its staffing decisions, including a legitimate business interest related to Nagelski's at-will employment with PPM. *See, e.g.*, *Privette v. University of North Carolina*, 96 N.C.App. 124, 134-35, 385 S.E.2d 185, 190-91 (1989). Because Sherry Spivey is a non-outsider to Nagelski's contract with PPM, any actions Sherry Spivey may have taken to cause PPM to terminate the contract carry a presumption of validity. *See, e.g., Filmar Racing, Inc. v. Stewart,* 141 N.C.App. 668, 674-75, 541 S.E.2d 733, 738 (2001); *Varner v. Bryan*, 113 N.C.App. 697, 702, 440 S.E.2d 295, 298-99 (1994); *Privette*, 96 N.C.App. at 134-35, 385 S.E.2d at 190-91; *see also Welch-Walker v. Guilford County Bd. of Educ.*, 2014 U.S. Dist. LEXIS 170697 at *20.

Given Sherry Spivey's legitimate business interest in Nagelski's at-will employment contract as well as the presumption of validity such an interest bestows, Nagelski has not proffered facts to create a genuine issue of material fact to defeat Sherry Spivey's qualified immunity defense. *See Wagoner v. Elkin City Schools' Board of Education*, 113 N.C.App. 579, 440 S.E.2d 119, 124-25 (1994) (noting that "[b]ecause plaintiff admits on the face of her complaint that Morton and Parsons, by virtue of their

5

positions as principals of EHS, had a proper motive for their actions of placing plaintiff in the position of ISS coordinator, plaintiff has failed to show that she can make out a prima facie case of malicious interference of contract at trial."); *Privette*, 96 N.C.App. 124, 385 S.E.2d 185 (1989) (complaint admits defendants had proper motive by alleging they were directors of "Center" and Center's "Lab" thereby showing they had interest in insuring proper work procedures and legitimate professional interest in plaintiff's performance at Center); *Sides v. Duke University*, 74 N.C.App. 331, 328 S.E.2d 818, *disc. rev. denied*, 314 N.C. 331, 333 S.E.2d 490 (1985) (complaint must admit of no other motive for interference other than malice). Because Nagelski admits that Sherry Spivey had a legitimate business interest in Nagelski's at-will employment, her tortious interference claim must be dismissed.

Second, Nagelski has failed to proffer evidence to create a genuine issue of material fact that Sherry Spivey acted without justification. As recognized by numerous cases, "[t]he interference is 'without justification' if the defendants' motives for procuring termination of the employment contract were 'not reasonably related to the protection of a legitimate business interest' of the defendant." *Privette*, 96 N.C.App. at 134, 385 S.E.2d at 190 (1989) (quoting *Smith v. Ford Motor Co.*, 289 N.C. 71, 94, 221 S.E.2d 282, 292 (1976)). Courts have required that there must be "no motive for interference other than malice." *Id*. at 134-35, 385 S.E.2d at 191; *Sides*, 74 N.C.App. at 346, 328 S.E.2d at 829 (1985). In other words, if malice is not the only motive, then the claim for tortious interference with contract must be dismissed.

6

Here the undisputed evidence demonstrates Sherry Spivey's involvement in the separation of Nagelski's at-will employment does not demonstrate "no motive for interference other than malice." *Id.* Nagelski has not created a genuine issue of material fact to demonstrate that Sherry Spivey intentionally interfered with Nagelski's at-will contract with PPM solely for discriminatory or retaliatory purposes. *See, e.g., Filmar Racing, Inc.*, 141 N.C.App. at 674-75, 541 S.E.2d at 738; *Varner*, 113 N.C.App. at 702, 440 S.E.2d at 298-99; *Privette*, 96 N.C.App. at 134-35, 385 S.E.2d at 190-91; see also *Welch-Walker*, 2014 U.S. Dist. LEXIS 170697 at *20.

In her Response [DE # 51], Nagelski admits Sherry Spivey was dissatisfied with Nagelski's performance because Nagelski was not regularly coming to the office and employees were disgruntled because of Nagelski's decisions. [DE# 51, p. 10] Nagelski claims that she was "never made aware of any issues related to her not being there [in the office] until after PPM had already decided to hire Yontz." *Id.* This statement is patently false. As early as April 2014, Sherry Spivey expressed concern that Nagelski was not performing her HR duties to her satisfaction: "If you are going to be the HR dept, then you are obligated to just sit down with Jennifer/any other employee who needs help with discussing their income changes. It is just one of many things that HR does." [DE # 43-8, Ex. 2] The undisputed evidence shows, Sherry Spivey had been considering a change with HR as early as March 4, 2015. [DE # 42-12, Exhibit 15]. On March 11, 2015, Sherry Spivey wrote to Nagelski expressing her dissatisfaction with Nagelski's failure to report to the office on a regular basis. [DE # 43-9, Ex. 8] In fact, Sherry Spivey indicated that she

7

was going to approach Dr. Spivey about getting a credentialed HR person because Nagelski repeatedly refused to physically report to the office on a consistent basis, claiming "[m]any companies keep HR faceless." (Nagelski Dep. 175:15-176:12; Exs. 7-9, 11; Yontz Decl. Ex. 8). Sherry Spivey wanted a credentialed HR person because "[t]hat would hopefully accomplish being able to give all staff accurate, and timely answers, as well as make sure that their needs are met per policies, and legally." [DE # 43-9, Ex. 8]. Sherry Spivey also noted in this same communication: "Every time I ask to meet with you I get 'put off.' It appears to me that is not a concern for you. Although you said 'let's keep it professional,' which it is, I find your behavior unacceptable." *Id.* Sherry Spivey repeatedly mentions her desire for a "credentialed HR" person. *Id.*

Sherry Spivey had ongoing issues with Nagelski's performance for many years. In fact, Nagelski admitted that her relationship with Sherry Spivey was difficult at times, and this difficulty started around 2013. (Nagelski Depo. P. 109:22-110:2). According to Nagelski as early as 2013, Sherry Spivey wanted Nagelski to relinquish her HR functions. (Nagelski 110:12-17). Nagelski also admits in her Complaint, that "[Sherry] Spivey started to assume a prominent role in the medical practice" in December 2014—long before the alleged protected activity in late July 2015. [DE # 1-1, Compl. ¶ 22-24].

Further, Nagelski's statement that she "did not learn about any alleged Reorganization before her employment ended in February 2016—the first she heard about it was in this lawsuit" (DE # 51, p. 6) is not true. In an October 2, 2014, email, Nagelski herself referenced a meeting with Sherry and Lisa where they "toss[ed] around staff

8

realignment/org options to leverage efficiency & potentially cut overhead." [DE 43-9, Exhibit 2].

In a desperate attempt to resuscitate her tortious interference with contract claim, Nagelski suggests that Sherry Spivey's conduct was malicious because J.M.—who is Sherry Spivey's own daughter—was not terminated whereas Nagelski's position was eliminated. This argument is quickly disposed of. Nepotism is not illegal and certainly cannot be used to establish legal malice. *See, e.g., Holder v. City of Raleigh,* 867 F.2d 823, 825-26 (4th Cir. 1989) (noting that "[w]hile we share his distaste for a decision which appears to have been made for reasons other than merit, we do not believe that Title VII authorizes courts to declare unlawful every arbitrary and unfair employment decision. To hold that favoritism toward friends and relatives is per se violative of Title VII would be, in effect, to rewrite federal law. The list of impermissible considerations within the context of employment practice is both limited and specific: 'race, color, religion, sex or national origin.' We are not free to add our own considerations to the list.")

Even if J.M. was not Sherry Spivey's daughter, Nagelski cannot point to J.M. as a proper comparator in order to attempt to establish malice. In order to be a proper comparator, Nagelski must show they are similarly situated employees. "Similarly situated employees are alike with respect to performance, qualifications, and conduct. Generally, the compared employees must have dealt with the same decision-maker and engaged in conduct of comparable seriousness . . . an employee need not show complete identity in comparing himself to the better treated employee, but he must show substantial similarity."

9

*Popo v. Giant Foods LLC*, 675 F. Supp. 2d 583, 589 (D. Md. 2009) (internal citations and quotation marks omitted).

Nagelski cannot make these showings. By her own admissions, J.M.'s duties related to marketing [DE # 51, pp. 11-12]. In contrast, Nagelski's duties included assisting "with PPM's books, IT vendors, hiring, and human resources." [DE # 51, p. 2] Given the difference in qualifications and duties, Nagelski cannot point to J.M. as a proper comparator. It is not the duty of this Court to "sit as some sort of general personnel management bureau, burdened with the duty to examine or second guess the ultimate wisdom or folly" of business decisions. *Propst v. HWS Co., Inc.*, 148 F.Supp.3d 506, 528, 2015 WL 8207464, at *14 (W.D.N.C.2015) (Voorhees, J.); *Rowe v. Marley, Co.*, 233 F.3d 825, 831 (4th Cir.2000) (holding an employer's decision to discharge one employee over another is the type of decision this court is reluctant to second guess); *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 272 (4th Cir.2005); *EEOC v. Clay Printing Co.*, 955 F.2d 936, 946 (4th Cir.1992) ("It is not ... the function of this court to second guess the wisdom of business decisions.").

Nagelski cites *Biricik v. Wal-Mart Stores E., LP,* No. 7:14-cv-67-BR, 2014 WL 3955085 (E.D.N.C. Aug. 13, 2014) for the proposition that "[e]mployment discrimination, like age discrimination and retaliation, is 'beyond the interest of the employer' in tortious interference cases." *Id.* At * 3. Nagelski's reliance on this case is misplaced. The *Biricik* Court was considering a Motion to Remand. Here, the Court is deciding a Motion for Summary Judgment. Unlike the *Biricik* Court which was required to resolve "all legal and

factual issues … in plaintiff's favor," Nagelski must proffer evidence to create a genuine issue of material fact on this issue.

In short, Nagelski's own evidence demonstrates that Sherry Spivey had issues with Nagelski's performance long before Nagelski ever engaged in any allegedly protected activity. For the foregoing reasons as well as for the reasons stated in *Defendant Preferred Pain Management and Spine Care, P.A's Reply in Support of its Motion for Summary Judgment as to Plaintiff Suzanne Nagelski's Claims*, Nagelski has failed to proffer evidence to create a genuine issue of material fact that Sherry Spivey acted with legal malice or without justification in connection with the elimination of Nagelski's position. Accordingly, Nagelski's claim for tortious interference with contract must be dismissed.

## CONCLUSION

For the above-stated reasons, among others, Defendant Sherry Spivey's Motion for Summary Judgment pursuant to Rule 56 should be GRANTED, and Plaintiff Suzanne Nagelski's claims should be DISMISSED WITH PREJUDICE, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this the 14th day of November, 2018.

JACKSON LEWIS P.C.

BY: */s/ Ann H. Smith*
ANN H. SMITH
N. C. State Bar No. 23090
CAITLIN M. GOFORTH
N. C. State Bar No. 49227
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450

11

Raleigh, NC 27612
Telephone: (919) 760-6465
Facsimile: (919) 760-6461
Email: ann.smith@jacksonlewis.com
Email: caitlin.goforth@jacksonlewis.com

12

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-cv-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) **CERTIFICATE OF** |
| | ) **COMPLIANCE** |
| PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., *et al.*, | ) ) ) |
| Defendants. | ) |

The undersigned counsel hereby certifies compliance with, Local Rule 7.3(d)(1). The undersigned counsel further certifies this Memorandum, including the body of the brief, headings, and footnotes does not exceed 3,125 words.

JACKSON LEWIS P.C.

BY: */s/ Ann H. Smith*
ANN H. SMITH
N. C. State Bar No. 23090
CAITLIN M. GOFORTH
N. C. State Bar No. 49227
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6465
Facsimile: (919) 760-6461
Email: ann.smith@jacksonlewis.com
Email: caitlin.goforth@jacksonlewis.com

13

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-CV-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI,<br><br>Plaintiffs,<br><br>vs.<br><br>PREFERRED PAIN MANANGEMENT & SPINE CARE, P.A., *et al.*,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

The undersigned certifies that on November 14, 2018, the foregoing *Defendant Sherry Spivey's Reply in Support of Her Motion for Summary Judgment as to Plaintiff Suzanne Nagelski's Claims* was filed with the Clerk of the Court, using the Court's CM/ECF system, which will send notification of such filing as follows:

Sean F. Herrmann, Esq.<br>
Van Kampen Law P.C.<br>
315 East Worthington Avenue<br>
Charlotte, NC 28203<br>
*Attorneys for Plaintiffs*<br>
sean@vankampenlaw.com

　　　　　　　　　　*/s/ Ann H. Smith*　　　　　　　　
　　　　　　　　　　ANN H. SMITH
　　　　　　　　　　N. C. State Bar No. 23090
　　　　　　　　　　CAITLIN M. GOFORTH
　　　　　　　　　　N. C. State Bar No. 49227
　　　　　　　　　　Jackson Lewis P.C.
　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　3737 Glenwood Avenue, Suite 450
　　　　　　　　　　Raleigh, NC 27612
　　　　　　　　　　Telephone:  (919) 760-6465
　　　　　　　　　　Facsimile:   (919) 760-6461
　　　　　　　　　　Email:  ann.smith@jacksonlewis.com
　　　　　　　　　　Email:  caitlin.goforth@jacksonlewis.com

4835-3180-9145, v. 1