IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-CV-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and<br>SUZANNE NAGELSKI,<br><br>    Plaintiffs,<br><br>vs.<br><br>PREFERRED PAIN MANAGEMENT<br>& SPINE CARE, P.A., *et al.*,<br><br>    Defendants. | **DEFENDANT SHERRY SPIVEY'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF REBECCA KOVALICH'S CLAIMS** |

NOW COMES Defendant Sherry Spivey and hereby submits her Reply in Support of Her Motion for Summary Judgment as to Plaintiff Rebecca Kovalich's Claims. For the reasons stated in her original Memorandum of Law in Support of her Motion for Summary Judgment and the arguments set forth below, this Court should grant Defendant Sherry Spivey's Motion for Summary Judgment and dismiss the claims of Plaintiff Rebecca Kovalich with prejudice.

### I. MISSTATEMENTS OF THE RECORD AND UNAUTHENTICATED EXHIBITS

Kovalich's Response in Opposition [DE # 49] contains several misstatements of the record. Kovalich attempts to use her Declaration to assert new facts that contradict her deposition testimony. "Plaintiff cannot create a dispute about a fact contained in deposition testimony by referring to a subsequent affidavit of the deponent contradicting the deponent's prior testimony, for it is well established that a genuine issue of fact is not created where the only issue of fact is to determine which of the two conflicting versions

of a party's testimony is correct." *Ward v. Family Dollar Stores, Inc.*, 2012 U.S. Dist. LEXIS 115473, at *11-14 n.3 (W.D.N.C. Aug. 16, 2012). For a complete listing of the factual misstatements supported by statements to the Record, *See* Exhibit G.

In addition to failing to accurately represent the facts in the Record, Kovalich has failed to authenticate the Exhibits used to support her arguments in her Response. The Court should not consider Kovalich's unauthenticated Exhibits as "[i]t is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment*." Rowe v. N.C. Agric. & Tech. State Univ.*, 630 F. Supp. 2d 601, 610 (M.D.N.C. 2009); *Garcia v. United States*, No. 1:11CR253-3, 2015 U.S. Dist. LEXIS 154220, at *7 n.5 (M.D.N.C. Nov. 16, 2015).

## II.  ARGUMENT

### A.  Abandoned Claims

Nagelski does not respond to Sherry Spivey's Motion for Summary Judgment as to her claim for violation of the Employment Retirement Income Security Act ("ERISA"). Nagelski notes that she intends to voluntarily dismiss this claim in the event the Court does not grant summary judgment. (Response, p. 21). Thus, Nagelski has abandoned this claim warranting dismissal. "When a party fails to respond to a summary judgment motion regarding a claim, the party essentially concedes that summary judgment in favor of the moving party is appropriate." *Harris v. hhgregg, Inc.*, 2013 U.S. Dist. LEXIS 45394, at *11-12 (M.D.N.C. Mar. 29, 2013) (citing *Brand v. N.C. Dep't of Crime Control & Pub. Safety*, 352 F. Supp. 2d 606, 618 (M.D.N.C. 2004) (a plaintiff's failure to

2

respond to an argument in support of summary judgment is a concession that the plaintiff has not stated such a claim); *see also Allen v. Fed. Express Corp.*, 2011 U.S. Dist. LEXIS 34812, at *26 n.5 (M.D.N.C. Mar. 31, 2011) (summary judgment appropriate where plaintiff's response brief contained no argument in response to one of the claims).

Sherry Spivey relies on her arguments made in her Memorandum in Support that summary judgment should be granted.

### B.     Kovalich cannot maintain her tortious interference with contract claim.

Summary judgment is properly granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49, 106 S.Ct. 2505. The nonmoving party must do so by offering "sufficient proof in the form of admissible evidence" rather than relying solely on the allegations of her pleadings. *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

Here Kovalich has not met her burden to create a genuine issue of material fact regarding the tortious interference with contract claim. In order to establish a prima facie case, Kovalich must proffer evidence to show:

> (1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the

3

contract; (4) and in doing so acts without justification; (5) resulting in actual damage to the plaintiff.

*Embree Construction Group v. Rafcor, Inc*., 330 N.C. 487, 498, 411 S.E.2d 916, 924 (1992) (quoting *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988)); *Lexington Homes, Inc. v. W.E. Tyson Builders, Inc*., 75 N.C.App. 404, 410-11, 331 S.E.2d 318, 321 (1985).

Kovalich offers no factual arguments as to how she can maintain her tortious interference with contract claim against Sherry Spivey. [DE # 49, p. 14] Kovalich merely asserts that this claim should survive "[f]or the reasons and those reasons set forth in the Fact Section and in [Kovalich's] Response in Opposition to Defendant Preferred Pain Management & Spine Care's, P.A.'s Motion for Summary Judgment." [DE # 52, p. 15]. This statement is simply insufficient to carry Kovalich's burden to create a genuine issue of material fact as to the claim for tortious interference with contract. Kovalich does not point to any cites in the record in order to support her statement that her claims should survive. As explained below, Kovalich has not created a genuine issue of material fact as to the tortious interference with contract claim, and this claim must be dismissed.

First, Kovalich has not carried her heavy burden to defeat Sherry Spivey's qualified immunity. Case law makes clear that discrimination and/or retaliation must be the *sole* reason for the interference with the contract. It is undisputed that Sherry Spivey is the Clinic Manager for PPM [DE # 51, p.2], and that she is married to Dr. Spivey [DE # 42-11, ¶ 4]. As Clinical Supervisor and the wife of the CEO and President of PPM, Sherry

Spivey interacted with Kovalich. Thus, the undisputed facts establish Sherry Spivey had a legitimate business interest in PPM and in its staffing decisions, including a legitimate business interest related to Kovalich's at-will employment with PPM. *See, e.g.*, *Privette v. University of North Carolina*, 96 N.C.App. 124, 134-35, 385 S.E.2d 185, 190-91 (1989). Because Sherry Spivey is a non-outsider to Kovalich's contract with PPM, any actions Sherry Spivey may have taken to cause PPM to terminate the contract carry a presumption of validity. *See, e.g., Filmar Racing, Inc. v. Stewart,* 141 N.C.App. 668, 674-75, 541 S.E.2d 733, 738 (2001); *Varner v. Bryan*, 113 N.C.App. 697, 702, 440 S.E.2d 295, 298-99 (1994); *Privette*, 96 N.C.App. at 134-35, 385 S.E.2d at 190-91; *see also Welch-Walker v. Guilford County Bd. of Educ.*, 2014 U.S. Dist. LEXIS 170697 at *20.

Given Sherry Spivey's legitimate business interest in Kovalich's at-will employment contract as well as the presumption of validity such an interest bestows, Kovalich has not proffered facts to create a genuine issue of material fact to defeat Sherry Spivey's qualified immunity defense. *See Wagoner v. Elkin City Schools' Board of* Education, 113 N.C.App. 579, 440 S.E.2d 119, 124-25 (1994) (noting that "[b]ecause plaintiff admits on the face of her complaint that Morton and Parsons, by virtue of their positions as principals of EHS, had a proper motive for their actions of placing plaintiff in the position of ISS coordinator, plaintiff has failed to show that she can make out a prima facie case of malicious interference of contract at trial."); *Privette*, 96 N.C.App. 124, 385 S.E.2d 185 (1989) (complaint admits defendants had proper motive by alleging they were directors of "Center" and Center's "Lab" thereby showing they had interest in insuring

5

Case 1:17-cv-00854-TDS-LPA   Document 64   Filed 11/14/18   Page 5 of 12

proper work procedures and legitimate professional interest in plaintiff's performance at Center); *Sides v. Duke University*, 74 N.C.App. 331, 328 S.E.2d 818, *disc. rev. denied*, 314 N.C. 331, 333 S.E.2d 490 (1985) (complaint must admit of no other motive for interference other than malice). Because the undisputed evidence shows that Sherry Spivey had a legitimate business interest in Kovalich's at-will employment, her tortious interference claim must be dismissed.

Second, Kovalich has failed to proffer evidence to create a genuine issue of material fact that Sherry Spivey acted without justification. As recognized by numerous cases, "[t]he interference is 'without justification' if the defendants' motives for procuring termination of the employment contract were 'not reasonably related to the protection of a legitimate business interest' of the defendant." *Privette*, 96 N.C.App. at 134, 385 S.E.2d at 190 (1989) (quoting *Smith v. Ford Motor Co.*, 289 N.C. 71, 94, 221 S.E.2d 282, 292 (1976)). Courts have required that there must be "no motive for interference other than malice." *Id*. at 134-35, 385 S.E.2d at 191; *Sides*, 74 N.C.App. at 346, 328 S.E.2d at 829 (1985). In other words, if malice is not the only motive, then the claim for tortious interference with contract must be dismissed.

Here the undisputed evidence demonstrates Sherry Spivey's involvement in the separation of Kovalich's at-will employment does not demonstrate "no motive for interference other than malice." *Id*. In her Response, Kovalich points to an incident in ***2014***. [DE # 49, p. 7] This incident occurred two years before Kovalich's position was

6

eliminated. This incident cannot under any conceivable standard demonstrate legal malice given the length of time.

The only other mention of Sherry Spivey in Kovalich's brief is when Sherry Spivey allegedly was heard in the background stating: "retaliation, retaliation" while Dr. Spivey was speaking with Kovalich. [DE # 49, p. 9] Kovalich has not presented any arguments as to how this statement—even if it occurred—can create a genuine issue of material fact to demonstrate that Sherry Spivey intentionally interfered with Kovalich's at-will employment contract with PPM solely for discriminatory or retaliatory purposes. *See, e.g., Filmar Racing, Inc*., 141 N.C.App. at 674-75, 541 S.E.2d at 738; *Varner*, 113 N.C.App. at 702, 440 S.E.2d at 298-99; *Privette*, 96 N.C.App. at 134-35, 385 S.E.2d at 190-91; see also *Welch-Walker*, 2014 U.S. Dist. LEXIS 170697 at *20.

In a desperate attempt to resuscitate her tortious interference with contract claim, Kovalich suggests that Sherry Spivey's conduct was malicious because J.M.—who is Sherry Spivey's own daughter—was not terminated whereas Kovalich's position was eliminated. This argument is quickly disposed of. Nepotism is not illegal and certainly cannot be used to establish legal malice. *See, e.g., Holder v. City of Raleigh,* 867 F.2d 823, 825-26 (4th Cir. 1989) (noting that "[w]hile we share his distaste for a decision which appears to have been made for reasons other than merit, we do not believe that Title VII authorizes courts to declare unlawful every arbitrary and unfair employment decision. To hold that favoritism toward friends and relatives is per se violative of Title VII would be, in effect, to rewrite federal law. The list of impermissible considerations within the context

7

of employment practice is both limited and specific: 'race, color, religion, sex or national origin.' We are not free to add our own considerations to the list.")

Even if J.M. was not Sherry Spivey's daughter, Kovalich cannot point to J.M. as a proper comparator in order to attempt to establish malice. In order to be a proper comparator, Kovalich must show that they are similarly situated employees. "Similarly situated employees are alike with respect to performance, qualifications, and conduct. Generally, the compared employees must have dealt with the same decision-maker and engaged in conduct of comparable seriousness . . . an employee need not show complete identity in comparing himself to the better treated employee, but he must show substantial similarity." *Popo v. Giant Foods LLC*, 675 F. Supp. 2d 583, 589 (D. Md. 2009) (internal citations and quotation marks omitted).

Kovalich cannot make these showings. By her own admissions, J.M.'s duties related to marketing [DE # 51, pp. 11-12]. In contrast, Kovalich's duties related to developing the lab. [DE # 50, p. 2] Given the difference in qualifications and duties, Kovalich cannot point to J.M. as a proper comparator. It is not the duty of this Court to "sit as some sort of general personnel management bureau, burdened with the duty to examine or second guess the ultimate wisdom or folly" of business decisions. *Propst v. HWS Co., Inc.*, 148 F.Supp.3d 506, 528, 2015 WL 8207464, at *14 (W.D.N.C.2015) (Voorhees, J.); *Rowe v. Marley, Co.*, 233 F.3d 825, 831 (4th Cir.2000) (holding an employer's decision to discharge one employee over another is the type of decision this court is reluctant to second guess); *Anderson v. Westinghouse Savannah River Co.*, 406

8

F.3d 248, 272 (4th Cir.2005); *EEOC v. Clay Printing Co*., 955 F.2d 936, 946 (4th Cir.1992) ("It is not ... the function of this court to second guess the wisdom of business decisions.").

Plaintiff cites *Biricik v. Wal-Mart Stores E., LP,* No. 7:14-cv-67-BR, 2014 WL 3955085 (E.D.N.C. Aug. 13, 2014) for the proposition that "[e]mployment discrimination, like age discrimination and retaliation, is 'beyond the interest of the employer' in tortious interference cases." *Id.* At * 3. Nagelski's reliance on this case is misplaced. The *Biricik* Court was considering a Motion to Remand. Here, the Court is deciding a Motion for Summary Judgment. Unlike the *Biricik* Court which was required to resolve "all legal and factual issues . . . in plaintiff's favor," Kovalich must proffer evidence to create a genuine issue of material fact on this issue.

In short, Kovalich has fallen far short of proffering evidence to create a genuine issue of material fact that Sherry Spivey tortiously interfered with Kovalich's at-will employment contract. For the foregoing reasons as well as for the reasons stated in *Defendant Preferred Pain Management and Spine Care, P.A's Reply in Support of its Motion for Summary Judgment as to Plaintiff Rebecca Kovalich's Claims*, Kovalich has failed to proffer evidence to create a genuine issue of material fact that Sherry Spivey acted with legal malice and without justification in connection with the elimination of Kovalich's position. Accordingly, Kovalich's claim for tortious interference with contract must be dismissed.

## **CONCLUSION**

For the above-stated reasons, among others, Defendant Sherry Spivey's Motion for Summary Judgment pursuant to Rule 56 should be GRANTED, and Plaintiff Rebecca Kovalich's claims should be DISMISSED WITH PREJUDICE, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this the 14th day of November, 2018.

JACKSON LEWIS P.C.

BY: */s/ Ann H. Smith*
ANN H. SMITH
N. C. State Bar No. 23090
CAITLIN M. GOFORTH
N. C. State Bar No. 49227
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6465
Facsimile: (919) 760-6461
Email: ann.smith@jacksonlewis.com
Email: caitlin.goforth@jacksonlewis.com

10

Case 1:17-cv-00854-TDS-LPA   Document 64   Filed 11/14/18   Page 10 of 12

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-cv-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | **CERTIFICATE OF COMPLIANCE** |
| PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., *et al.*, ) ) ) | |
| Defendants. ) | |

The undersigned counsel hereby certifies compliance with, Local Rule 7.3(d)(1). The undersigned counsel further certifies this Memorandum, including the body of the brief, headings, and footnotes does not exceed 3,125 words.

JACKSON LEWIS P.C.

BY: */s/ Ann H. Smith*
ANN H. SMITH
N. C. State Bar No. 23090
CAITLIN M. GOFORTH
N. C. State Bar No. 49227
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6465
Facsimile: (919) 760-6461
Email: ann.smith@jacksonlewis.com
Email: caitlin.goforth@jacksonlewis.com

11

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-CV-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) **CERTIFICATE OF SERVICE** |
| PREFERRED PAIN MANANGEMENT & SPINE CARE, P.A., *et al.*, | ) ) ) |
| Defendants. | ) ) |

The undersigned certifies that on November 14, 2018, the foregoing *Defendant Sherry Spivey's Reply in Support of Her Motion for Summary Judgment as to Plaintiff Rebecca Kovalich's Claims* was filed with the Clerk of the Court, using the Court's CM/ECF system, which will send notification of such filing as follows:

Sean F. Herrmann, Esq.
Van Kampen Law P.C.
315 East Worthington Avenue
Charlotte, NC 28203
*Attorneys for Plaintiffs*
sean@vankampenlaw.com

*/s/ Ann H. Smith*
ANN H. SMITH
N. C. State Bar No. 23090
CAITLIN M. GOFORTH
N. C. State Bar No. 49227
Jackson Lewis P.C.
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6465
Facsimile: (919) 760-6461
Email: ann.smith@jacksonlewis.com
Email: caitlin.goforth@jacksonlewis.com

4815-8545-5481, v. 1

Case 1:17-cv-00854-TDS-LPA   Document 64   Filed 11/14/18   Page 12 of 12