# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-cv-00854-TDS-LPA

| | | |
|---|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | **DECLARATION OF WENDY YONTZ** |
| PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., DR. DAVID SPIVEY, individually, and SHERRY SPIVEY, individually, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Under penalty of perjury as provided by law, the undersigned certifies pursuant to 28 U.S.C. § 1746 that the following statements are true and correct:

1.      My name is Wendy Yontz (1971). I am older than the age of legal majority, suffer from no legal disabilities, and am otherwise competent to give this declaration.

2.      This declaration is freely and voluntarily given on my own behalf and is based upon my personal knowledge of the matters contained herein.

3.      I am the custodian of records for Defendants Preferred Pain Management and Spine Care, P.A. ("PPM" or the "Company") in this lawsuit. This Declaration supports Defendants' Complete Motions for Summary Judgment and authenticates the various business and personnel records and emails maintained on the Company server attached as Exhibits 1-6 to this Declaration. Each of the Exhibits are original documents or exact duplicates of original documents (except for the added bates number, exhibit label, or CONFIDENTIAL marking). These Exhibits are maintained by the Company in the regular course of its business; it was the regular course of PPM's business for an employee or representative having knowledge of the act,

event, condition or opinion recorded to make the record or transmit information to be included in such record, and these records were made at or near the time of the act, event, condition or opinion recorded or reasonably soon thereafter.

4.      I have been employed at PPM as the Human Resources ("HR") since November 2015. I report to Dr. Spivey, owner, President, and CEO of PPM.

5.      I am familiar with the business, employment and human resources policies and practices of PPM in general, and in particular, with the business, employment and human resources policies and practices in place at PPM during the time Rebecca Kovalich ("Kovalich") and Suzanne Nagelski ("Nagelski") were employed by PPM. In my present capacity, I have access to and have reviewed the relevant business records or otherwise have first-hand knowledge of the statements relating to the operations of PPM as set forth in this Declaration.

6.      In my HR role, I provide HR advice to PPM's management on performance management, employee discipline, termination, compliance, and other employment-related issues. My job duties also include training employees on PPM's policies, and receiving, investigating and responding to employee complaints, including complaints of discrimination, harassment and retaliation.

7.      Also as HR, I evaluate positions at PPM due to the Company's need to decrease expenses. I had input in eliminating the positions held by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8.      I had input in terminating ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮

9.      ████████ position was eliminated as part of the reorganization, and her position was not replaced. I assumed █████████ compliance duties, and her other duties were reassigned to another employee over forty years old.

10.     ████████ filed an EEOC Charge on the basis of age and sex discrimination on July 12, 2016. The EEOC dismissed ████ Charge on April 21, 2017. ████ has never brought suit against the Company.

11.     ████████ was not terminated as part of the reorganization. ████████ was terminated for multiple complaints and performance issues.

12.     ████████ position was eliminated as part of the reorganization, and her position was not replaced. █████████ remaining billing duties were reassigned to another employee under forty years old with more accurate work performance.

13.     ████████ position was eliminated as part of the reorganization, and her position was not replaced. █████████ remaining billing duties were reassigned to another employee under forty years old who was more qualified because she was a certified Medical Claims & Billing Specialist.

14.     █████████ position was eliminated as part of the reorganization, and her position was not replaced. Some of █████████ duties were reassigned to another employee over forty years old.

15.     ████████ position was eliminated as part of the reorganization, and her position was not replaced. █████████ scheduling duties were reassigned to another employee over forty years old. █████████ financial duties were assumed by Consultant Mary Benton and Dr. Spivey.

16.     At the time her position was eliminated, ████████ was a front entrance greeter. The position was eliminated as part of the reorganization, and her position was not replaced.

17.     ████████ was hired in 2009. ████████ was responsible for handling precertifications for certain medical procedures. Due to a significant decrease in the number of those precertifications, the Company attempted to find █████ other duties.

18.     █████ position was eliminated as part of the reorganization, and her position was not replaced. █████ remaining billing duties were reassigned to another employer under forty years old who was more qualified because she was a Certified Professional Coder.

19.     █████ filed an EEOC Charge for age discrimination on April 25, 2017. The EEOC dismissed █████ Charge on March 29, 2018. █████ has never brought suit against the Company.

20.     PPM hired ██████████ on March 13, 2016 for a patient check-out position. ██████████ was terminated for insubordination and performance on April 4, 2017. I had input in the decision to terminate █████████.

21.     PPM hired ██████████ on August 17, 2015 for a patient check-out position. █████████ termination was not part of the reorganization. Her employment was terminated for performance and behavior issues. Prior to her termination, █████ had received a counseling and coaching. I personally met with █████ on several occasions to discuss her performance and discipline.

22.     ███████████ filed an EEOC Charge for age discrimination on June 30, 2016. The EEOC dismissed █████ Charge on March 14, 2017. █████ has never brought suit against the Company.

23. PPM hired ████████████ on November 9, 2015 for a clinic position. ████ ████████ termination was not part of the reorganization. ████████ was terminated on June 15, 2016 for performance and behavior.

24. ████████ filed an EEOC Charge for age discrimination on June 30, 2016. The EEOC dismissed ████ Charge on March 14, 2017. ██████ has never brought suit against the Company.

25. While providing input about the terminations of ████████████████████ ████████████████████████████████████████████████████████ ████████, I did not consider age, sex, or any protected characteristic. At the time of those terminations, I was over 40 years old.

26. ████████████████ was hired in 2008 and currently works in the billing department doing precertification insurance verification. ████████ began working in the billing department in January 2017.

27. ████████████████ was hired in 2011 and is the Front Office Manager for the Winston-Salem and Greensboro offices. ████████ supervises the employees handling patient check-in and check-out, medical records, and front office administrative tasks.

28. Former employee ████████████████ filed an EEOC Charge for age discrimination on November 4, 2014. ██████ has never brought suit against the Company.

29. Former employee ████████████████████ filed an EEOC Charge for sex discrimination on July 26, 2012. ████████ did not accuse Dr. Spivey of sexual harassment.

30. Attached as Exhibit 7 to this Declaration is a chart reflecting the employees PPM hired between January 1, 2015 and August 31, 2018. The Exhibit lists the employees' names, dates of birth, hire dates, ages at hire, whether they are a current PPM employee, end of employment

date, and reason for their separation from PPM. The information contained in the Exhibit is a true and accurate summary of information contained in PPM's business and personnel records which are created and maintained in the regular course of its business; it was the regular course of PPM's business for an employee or representative having knowledge of the act, event, condition or opinion recorded to make the record or transmit information to be included in such record, and these records were made at or near the time of the act, event, condition or opinions recorded or reasonably soon thereafter.

31.    Between January 1, 2015 and August 31, 2018, eighteen (18) employees resigned from PPM.

32.    PPM terminated twenty-three (23) employees between January 1, 2015 and August 31, 2018. Ten (10) of the employees terminated between January 1, 2015 and August 31, 2018 were also hired between January 1, 2015 and August 31, 2018. Eighteen (18) of the employees terminated between January 1, 2015 and August 31, 2018 were at least forty years of age when they were hired.

33.    Nineteen (19) of the current PPM employees as of August 31, 2018 were hired between January 1, 2015 and August 31, 2018.

34.    Between January 1, 2015 and August 31, 2018, PPM hired thirty-three (33) employees. Of these thirty-three employees, eight (8) resigned, ten (10) were terminated, and fifteen (15) are current employees.

35.    Attached as Exhibit 8 to this Declaration is a chart reflecting the fourteen employees named in the Plaintiffs' Joint Exhibit 15 filed in support of their Responses in Opposition to Defendants' Motions for Summary Judgment. [DE # 54-2]. Exhibit 8 lists the employees' names, hire dates, ages at hire, dates of separation, ages at separation, and reasons for

their separation from PPM. The information contained in the Exhibit is a true and accurate summary of information contained in PPM's business and personnel records which are created and maintained in the regular course of its business; it was the regular course of PPM's business for an employee or representative having knowledge of the act, event, condition or opinion recorded to make the record or transmit information to be included in such record, and these records were made at or near the time of the act, event, condition or opinions recorded or reasonably soon thereafter.

*

*

*

*

*

*

*

*

*

*

*

*

*

*

*

\*

\*

I swear and affirm under the penalties of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

FURTHER DECLARANT SAITH NOT.

Executed this __14th__ day of November, 2018.

WENDY YONTZ

4843-4298-8148, v. 1

| | |
|---|---|
| **From:** | David Spivey [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=E87269FBA4D94B49955B8AD93E9CA8AC-DSPIVEY] |
| **Sent:** | Thursday, October 02, 2014 11:45:54 AM |
| **To:** | Sue Nagelski |
| **Subject:** | RE: Quick update |

I am not aware of any "front desk renovation"plans.Are you referring to the wall being built at the secondary waiting area?Note: The information contained in the e-mail may be privileged and confidential and protected fromdisclosure. If the reader of this e-mail is not the intended recipient, you are hereby notified that anyreading, dissemination, distribution, copying, or other use of this e-mail is strictly prohibited. If you havereceived this e-mail in error, please notify the sender immediately by telephone at 336-760-0706 anddestroy this e-mail.Thank you._____From: Sue NagelskiSent: Wednesday, October 01, 2014 9:31 PMTo: David SpiveySubject: Quick updateBelow are bullet point updates- sherry ███████████████████████████████████ Seems there is drama in billing ...-I will need any front desk renovation costs  for my cost Seg project- in prep for end of month wealth mgmt meeting &2014 taxes -  I plan to start moving money from operating acct into secondary operating account so as to have available cash.  You will be able to track every penny in on line banking -- finally - █████████████████████ tossing around staff realignment/org options to leverage efficiency &potentially cut overhead.I will provide more details as they become pertinent /available.Sue NagelskiPreferred Pain Management &Spine Care, PA2912 Maplewood AvenueWinston-Salem, NC 27103(336) 354-4422(704) 453-1316

**EXHIBIT**

DEFENDANTS002575

| | |
|---|---|
| **From:** | Sue Nagelski [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=DAD747596710463B89B3076B77672D4A-SNAGELSKI] |
| **Sent:** | Sunday, March 15, 2015 4:41:27 PM |
| **To:** | Sherry Spivey |
| **CC:** | David Spivey |
| **Subject:** | Re: Time Cards and PTO |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |



EXHIBIT 2

It actually isn't irrelevant. I am not trying to be standoffish. I am stating a fact since this issue falls under the wage &hourly laws. Consistency is essential. Being inconsistent under the circumstances you have described creates company exposure. Since we don't seem to be agreeing on this issue - █████████

█████████████████████████████████████████████████████████████ Sue Nagelski>On Mar 15, 2015, at 11:13 AM, Sherry Spivey <sspivey@preferredpainmanagement.com>wrote:>>Irrelevent.>>-----Original Message----->From: Sue Nagelski >Sent: Saturday, March 14, 2015 9:24 PM>To: Sherry Spivey>Subject: Re: Time Cards and PTO>>Alas- ████████ works 5 days per week. >>Sue Nagelski>>>On Mar 14, 2015, at 8:37 PM, Sherry Spivey <sspivey@preferredpainmanagement.com>wrote:>>>█████████████, because of late patents.>>That is why ████████staggers a day of 0900-1800, in order to have a check out person.>>>Sherry>>>-----Original Message----->>From: Sue Nagelski >>Sent: Saturday, March 14, 2015 2:17 PM>>To: Sherry Spivey>>Cc: David Spivey>>Subject: Re: Time Cards and PTO>>>> ████████████████████

████████████ >>>>Limiting her work week without consequences creates a discriminatory environment and can instigate animosity amongst those who have far more seniority and are required to work 5 days/wk>>>>Sue Nagelski>>Preferred Pain Management &Spine Care PA>>2912 Maplewood Ave>>Winston-Salem, NC 27103>>(336) 760-0800 (main)>> (336) 354-4422 (direct)>> (704) 453-1316 (mobile)>>>>>On Mar 14, 2015, at 1:06 PM, Sherry Spivey <sspivey@preferredpainmanagement.com>wrote:>>>>>>Thank you for sending the attachments for PTO.>>>>>>So that you will be properly informed, I am going to be making some clinic staffing changes.>>>We are currently using a temp on a CNA salary. I was able to negotiate a bit of a lower rate for her, as she is going to be sitting her RN boards 3/26/15. >>>She has excellent assessment and judgement skills, along with the ability to implement them aappropriately and quickly.>>>She can work in GSO or WS offices. She gets along well with the current staff and is respected and liked.>>>It will allow me to focus on other areas of need to improve efficiency.>>>>>>I have offered her nothing, not salary range, etc. Only a tentative conversation to confirm her interest.>>>>>>There are major problems in GSO, ██████████████

████████ >>>By staggering her hours to a half hour earlier, we can expect last minute review of the day's schedule, and organize any anticipated changes or needs.>>>She has the capability of doing so without distractions at that time of morning.>>>>>>Sherry>>>>>>>-----Original Message----->>>From: Sue Nagelski >>>Sent: Friday, March 13, 2015 4:26 PM>>>To: Sherry Spivey>>>Subject: Time Cards and PTO>>>>>>>attached>>>>>>Sue Nagelski>>>Preferred Pain Management &Spine Care , PA>>>2912 Maplewood Avenue>>>Winston-Salem, NC 27103>>>336.760.0706 (x1277)>>>336.354.4422 (direct)>>>704.453.1316 (mobile)>>>www.preferredpainmanagement.com>>>>>CONFIDENTIALITY NOTICE: The

DEFENDANTS002631

| | |
|---|---|
| **From:** | David Spivey <dspiveymd@yahoo.com> |
| **Sent:** | Saturday, September 27, 2014 9:59 AM |
| **To:** | Sherry Spivey;Sherry Spivey |
| **Subject:** | Fw: Jim Wall |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

*David L. Spivey, M.D.*
*Preferred Pain Management and Spine Care, P.A.*

On Thursday, September 25, 2014 3:13 PM, "David L Spivey, MD" <dspiveymd@yahoo.com> wrote:

I agree with your plan.

*Sent from my Verizon Wireless 4G LTE DROID*

I agree with your plan.

Sent from my Verizon Wireless 4G LTE DROID

sue nagelski <sdnagelski@yahoo.com> wrote:

I spoke with Jim Wall about laying off the employee we discussed Tues afternoon. His response was consistent with Kevin's advise. REDACTED we can still proceed according to the following:

1- we have numbers to support the layoff (we do)
2- if we replace with a Full Time Employee- make sure the FTE is certified or has more qualifications.
3- Present a package at time of lay-off that includes a release . By providing a package - we reduce our risk (ie - same as Feb employee dismissal)

I would like Jim Wall to confer with Kevin to make sure the lay-off doesn't complicate our current case. Then, have Jim draw up the paperwork & present to employee to ensure discretion and minimize our face to face contact with the employee so as tomitigate any possible slip of tongue that could be perceived as falsely tying the current legal matter to the part time layoff.

Let Me know your thoughts. I will be in the office Monday for the late afternoon EHR meeting with Jennifer.

FYI - Kevin sent Faye a letter telling her she is no longer to have contact with PPM. All future correspondence will come to him. REDACTED REDACTED Thus sheis trying to get her employee file.

I'll ask Steph to verify the employee file cabinet remains locked at all times.

**EXHIBIT**
tabbies
3

1

*SueNagelski*

**CONFIDENTIALITY NOTICE:** This email, including any attachments, is for the sole useof the intended recipient(s) and may contain confidential, nonpublic and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you received this email and are not the intended recipient, please inform the senderby email reply and destroy all copies of the original message.

DEFENDANTS006583

# W. Yontz Declaration Ex. 4

# 3/14/17 EEOC Charge Dismissal

# FILED UNDER SEAL

# W. Yontz Declaration Ex. 5

# 3/14/17 EEOC Charge Dismissal

# FILED UNDER SEAL

# W. Yontz Declaration Ex. 6

# 4/21/17 EEOC Charge Dismissal

# FILED UNDER SEAL

# W. Yontz Declaration Ex. 7

# PPM January 2015 – August 2018 Hiring Chart

# FILED UNDER SEAL

# W. Yontz Declaration Ex. 8

# PPM January 2015 – August 2018 Reorganization Chart

# FILED UNDER SEAL