IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-CV-00854-TDS-LPA

| | | |
|---|---|---|
| REBECCA KOVALICH and<br>SUZANNE NAGELSKI,<br><br>        Plaintiffs,<br><br>vs.<br><br>PREFERRED PAIN MANANGEMENT<br>& SPINE CARE, P.A., *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM OF LAW IN<br>SUPPORT OF DEFENDANTS'<br>MOTION TO SEAL DOCUMENTS<br>TO REPLY BRIEFS** |

Defendants, Preferred Pain Management & Spine Care, P.A. ("PPM"), Dr. David Spivey ("Dr. Spivey") and Sherry Spivey ("Sherry Spivey") (collectively referred to as "Defendants"), by and through their undersigned counsel, and pursuant to Local Civil Rule 5.4, hereby submit this memorandum in support of their Motion to Seal Documents to Reply Briefs ("Motion"). For the reasons that follow, the Motion should be granted.

I.     **Nature of the Matter Before the Court and Significant Facts.**

Defendants are contemporaneously filing their Memoranda of Law in Reply to Plaintiffs' Responses to Defendants' Motions for Summary Judgment ("Replies") [DE #s 59-64] and Joint Appendix [DE #65]. The Replies and Joint Appendix reference sensitive private information about employees who are not parties to this action, including dates of birth, disciplinary actions, dates employment terminated, reasons for termination of employment, and other such personnel information.

Defendants incorporate their Statement of Facts set forth in their previously filed Motions for Summary Judgment and supporting Memoranda of Law. [DE #s 30 – 41]

## II. The Legal Standards By Which The Court Evaluates Authority To Allow A Document To Be Sealed.

Pursuant to the Local Rules of this Court, "if a party seeks to file documents or portions of documents under seal, that party should file a redacted, public version of the documents on the Court's docket, and should separately file a Motion to Seal with complete, unredacted versions of the document or documents. . ." Local Civil Rule 5.4(a). The Rule further provides that:

the party filing the documents . . . should:

1. State the reasons why sealing is necessary;

2. Explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection;

3. Address the factors governing sealing of documents reflected in governing case law; and

4. State whether permanent sealing is sought, and if not, state how long the document should remain under seal and how the document should be handled upon unsealing.

Local Civil Rule 5.4(b); *accord*, *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).

For the reasons that follow, Defendants' Motion to Seal Documents should be granted.

**A.** __The exact document or item, or portions thereof, for which filing under seal is requested.__

Defendants request that this Court seal the following documents which contain personnel information about employees and/or former employees of PPM who are __*not parties*__ to this action:

    **a.**     __Suzanne Nagelski Deposition__

        i.     Exhibit 9

    **b.**     __Rebecca Kovalich Deposition__

        i.     Deposition Excerpts:  pp. 242 and 250

    **c.**     __Sherry Spivey Deposition__

        i.     Deposition Excerpts:  pp. 139; 198-99; and 206

        ii.     Exhibit 59

        iii.     Exhibit 74

    **d.**     __30(b)(6) Deposition (Volume I and II)__

        i.     Deposition Excerpts:  15; 20-21; and 113-114

    **e.**     __Declaration of Sherry Spivey__

        i.     Exhibit 1

    **f.**     __Wendy Yontz Declaration__

        i.     Wendy Yontz Declaration

        ii.     Exhibits 1-2 and 4-8

3

### g.     **Misstatement of the Record Chart**

i.     Entire exhibit

### B.    **How such request to seal overcomes the common law or the First Amendment presumption to access.**

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern. As a result, the courts of this country recognize a general right to inspect and copy judicial records and documents." *Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc.*, No. 1:05CV955, 2011 WL 6934696, at *6 (M.D.N.C. Dec. 30, 2011) (internal quotations and citations omitted). "Despite its importance," however, "the right of access . . . is not absolute. The common law right of access must yield to the supervisory power of the court to control its own records when the public's right of access is outweighed by competing interests." *United States v. Moussaoui*, 65 F. App'x 881, 886 (4th Cir. 2003) (internal quotation omitted).

In that regard, the Fourth Circuit recently reaffirmed that "[t]he right of public access derives from two independent sources: the First Amendment and the common law." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013). "[T]he common law presumes a right to access *all* judicial records and documents, but this presumption can be rebutted if the public's right of access is outweighed by competing interests." *Id.* (internal quotation omitted).[1] "On the other hand, the First Amendment provides a right of access only to *particular* judicial records and documents,

---

[1] The Fourth Circuit also clarified that "documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *Id.*

4

and this right yields only in the existence of a compelling governmental interest that is narrowly tailored to serve that interest." *Id.* (internal quotation omitted).

In deciding whether to seal documents, "a district court must comply with certain substantive and procedural requirements." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Substantively, "the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal quotation omitted). Furthermore, "[t]he United States Court of Appeals for the Fourth Circuit has recognized that 'there may be instances in which discovery materials should be kept under seal even after they are made part of a dispositive motion.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). In sum, the question is a distinct inquiry into whether the common law presumption of access is overcome by competing interests. *Haas v. Golding Transp., Inc.*, 2010 U.S. Dist. LEXIS 29100, *19 n.4 (M.D.N.C. Mar. 26, 2010) (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). Thus, sealing documents is appropriate in the circumstances presented here so long as Defendants can show a compelling governmental interest that is narrowly tailored to serve that interest.

Courts have recognized an individual's interest in avoiding disclosure of certain personal information. *See, e.g., Whalen v. Roe*, 429 U.S. 589, 599-600, 97 S. Ct. 869, 51 L.Ed.2d 64 (1977); *Jennings v. UNC*, 240 F.Supp.2d 492, 505 (M.D.N.C.2002). However, "[a]s the first step in determining whether the information sought is entitled to privacy

5

protection, courts have looked at whether it is within an individual's reasonable expectations of confidentiality." *Walls v. City of Petersburg*, 895 F.2d 188, 192 (4th Cir.1990). Cases discussing "informational privacy" have involved employees or potential employees who were forced by an employer to divulge personal information, *e.g., Walls*, 895 F.2d at 190 (financial information), or individuals whose personnel or medical records were in danger of being disclosed, *e.g., Whalen*, 429 U.S. at 591, 97 S. Ct. 869 (prescription drug records).

The more intimate or personal the information, the more justified is the expectation that it will not be subject to public scrutiny. *Fraternal Order of Police, Lodge 5 v. Philadelphia*, 812 F.2d 105, 112-113 (3d. Cir.1987). The right to keep one's beliefs and thoughts and emotions and sensations secure, and, as against the government, private was described by Justice Brandeis as "the right to be let alone — the most comprehensive of rights and the right most valued by civilized man. *Olmstead v. United States*, 277 U.S. 438, 478, 48 S. Ct. 564, 72 L.Ed. 944 (1928) (Brandeis, J., dissenting). Personal, private information in which an individual has a reasonable expectation of confidentiality is protected by one's constitutional right to privacy.

The right to privacy, however, is not absolute. If the information is protected by a person's right to privacy, then the defendant has the burden to prove that a compelling governmental interest in disclosure outweighs the individual's privacy interest. *Carey v. Population Services International*, 431 U.S. 678, 686, 97 S. Ct. 2010, 2016, 52 L.Ed.2d 675 (1977); *Fraternal Order of Police*, 812 F.2d at 110. As the Supreme Court has

recognized, "compelling" is the key word. *Carey*, 431 U.S. at 686, 97 S. Ct. at 2016, 52 L.Ed.2d at 685. When the decision or the information sought is "fundamental," regulation "may be justified only by compelling state interests, and must be narrowly drawn to express only those interests." *Id.*; *see also Gibson v. Florida Investigation Committee*, 372 U.S. 539, 546, 83 S. Ct. 889, 893, 9 L.Ed.2d 929, 935-936 (1963) (Investigation Committee sought to subpoena membership list of Miami NAACP; "[w]here there is a significant encroachment upon personal liberty, the State may prevail only upon showing a subordinating interest which is compelling.").

Even given these concerns, courts have recognized the privacy interests of non-parties against the First Amendment right of access, *see Robinson v. Bowser*, No. 1:12CV301, 2013 WL 3791770, at *3-4 (M.D.N.C. July 19, 2013) (collecting cases); *Lucero v. Sandia Corp.*, 495 F. App'x 903, 913-14 (10th Cir. 2012); *Pryor v. City of Clearlake*, No. C 11–0954 CW, 2012 WL 3276992, at *3 (N.D. Cal. Aug. 9, 2012); *Collins v. Chem. Coatings, Inc.*, No. 5:07cv116, 2008 WL 5105277 (W.D.N.C. Dec. 1, 2008). As one court explained, "[p]rotecting a public employee's personnel records, including otherwise-confidential performance evaluations, is a compelling interest; and absent some showing to the contrary . . . , this compelling interest outweighs the public's interest in disclosure." *Thoma v. City of Spokane*, No. CV–12–0156–EFS, 2013 WL 1346988, at * (E.D. Wash. Apr. 3, 2013).

Publicly connecting the names of former and/or current employees with their otherwise confidential personnel information could harm or embarrass these employees,

and such interests, where there is no countervailing reason, have been found to outweigh the First Amendment right of access. *See Robinson*, 2013 WL 3791770, at *3-4, *9. As potential comparators, these employees were not involved in the underlying events and their names are not crucial or even important to the Court's decision. As noted in *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 73 (S.D.N.Y. 2010) (internal citations omitted), "[t]o permit wide dissemination of personnel files would result in a clearly defined, serious, and unnecessary injury to the privacy of the employee who is **_not_** a party to the lawsuit. Revelation of such information could cause economic or emotional harm. The files could contain embarrassing material. They commonly contain confidential material. Justice requires protection against wide dissemination of such confidential, personal information." *Id.* (emphasis added). Thus where an individuals' names and personnel information are not important to the disposition of the case, it is appropriate to seal the identified personnel information and keep it out of the public record in order to protect the privacy interests of individuals who are not a party to this action. There is no less drastic action than sealing the documents.

Defendants request that this Court keep documents under seal that reveal the private details of current and former employees' work performance and terms of how their employment ended. These individuals are not parties, and have no stake in the current litigation. Further, there is potential harm to these individuals due to the fact that many of them live in the community and work in the same field as when they were employed with

PPM. Thus, there is a high likelihood these individuals could suffer harm and embarrassment should the details regarding their employment be open to the public.

Moreover, the personnel information is only relevant to Plaintiffs' own age discrimination claims in which they reference other employees. The actual identities of those employees tied with private details of their performance are inconsequential to Plaintiffs' ability to offer evidence in support of their age discrimination claims. The fact that Plaintiffs named seven former employees in the Complaint does not change this analysis. Just because Plaintiffs intentionally included the names and full dates of birth of non-party former employees in their Complaint, does not mean those individuals no longer have a privacy interest. If Plaintiffs' argument was put into practice, courts would be restricted from sealing. Here, where the confidential, personnel information of non-party individuals is not known to the public, not critical to Plaintiffs' ability to establish a *prima facie* case, and certain to cause harm and/or embarrassment to those individuals, the First Amendment's right of access is outweighed.

C.    **The reasons why alternatives to sealing are inadequate**

If the requested documents are not filed under seal, sensitive personal information about individuals who are not parties to this litigation may be revealed to the public. Accordingly, the granting of Defendants' Motion to Seal Documents would be a "reasonable step" in serving the government's interest in protecting confidential information. For the reasons stated above, there is no competing interest in accessing this

9

information sufficient to overcome the interest in protecting this information from disclosure.

Finally, Defendants seek to seal certain pages of deposition testimony and exhibits in their entirety because mere redaction would be an implausible solution in this case. The only material remaining after redaction of this confidential information would be headings, dates, and disjointed phrases, which would be entirely useless to parties outside this case. However, should this Court determine that certain confidential, personnel information be unsealed, Defendants request that at a minimum, the names of current and former employees be redacted.

Given the foregoing arguments, this Court should permanently seal the documents which are the subject of Defendants' Motion to Seal.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, Defendants' Motion to Seal Documents should be GRANTED.

Respectfully submitted this the 14th day of November, 2018.

JACKSON LEWIS P.C.


BY:   */s/ Ann H. Smith*_____
        ANN H. SMITH
        N. C. State Bar No. 23090
        CAITLIN M. GOFORTH
        N. C. State Bar No. 49227
        *Attorneys for Defendants*
        3737 Glenwood Avenue, Suite 450
        Raleigh, NC 27612
        Telephone:  (919) 760-6465

10

Facsimile: (919) 760-6461
Email: ann.smith@jacksonlewis.com
Email: caitlin.goforth@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-cv-00854-TDS-LPA

REBECCA KOVALICH and ) 
SUZANNE NAGELSKI, ) 
  )
          Plaintiffs, )
vs. )          **CERTIFICATE OF**
  )          **COMPLIANCE**
PREFERRED PAIN MANAGEMENT )
& SPINE CARE, P.A., *et al.*, )
  )
          Defendants. )

The undersigned counsel hereby certifies compliance with, Local Rule 7.3(d)(1).

The undersigned counsel further certifies this Memorandum, including the body of the

brief, headings, and footnotes does not exceed 6,250 words.

JACKSON LEWIS P.C.


BY:    */s/ Ann H. Smith*
          ANN H. SMITH
          N. C. State Bar No. 23090
          CAITLIN M. GOFORTH
          N. C. State Bar No. 49227
          *Attorneys for Defendants*
          3737 Glenwood Avenue, Suite 450
          Raleigh, NC 27612
          Telephone:  (919) 760-6465
          Facsimile:   (919) 760-6461
          Email:  ann.smith@jacksonlewis.com
          Email:  caitlin.goforth@jacksonlewis.com

12

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-CV-00854-TDS-LPA

| | | |
|---|---|---|
| REBECCA KOVALICH and<br>SUZANNE NAGELSKI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| PREFERRED PAIN MANANGEMENT<br>& SPINE CARE, P.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

The undersigned certifies that on November 14, 2018, the foregoing *Memorandum of Law in Support of Defendants' Motion to Seal Documents to Reply Briefs* was filed with the Clerk of the Court, using the Court's CM/ECF system, which will send notification of such filing as follows:

Sean F. Herrmann, Esq.
Van Kampen Law P.C.
315 East Worthington Avenue
Charlotte, NC 28203
*Attorneys for Plaintiffs*
sean@vankampenlaw.com

/s/ Ann H. Smith
ANN H. SMITH
N. C. State Bar No. 23090
CAITLIN M. GOFORTH
N. C. State Bar No. 49227
Jackson Lewis P.C.
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6465
Facsimile: (919) 760-6461
Email: ann.smith@jacksonlewis.com
Email: caitlin.goforth@jacksonlewis.com

4839-0203-3019, v. 1

13