IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-CV-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| PREFERRED PAIN MANANGEMENT & SPINE CARE, P.A., *et al.*, | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO SEAL DOCUMENTS TO RESPONSE BRIEFS**

NOW COME Defendants, Preferred Pain Management & Spine Care, P.A. ("PPM"), Dr. David Spivey ("Dr. Spivey") and Sherry Spivey ("S. Spivey") (collectively referred to as "Defendants"), by and through their undersigned counsel, and pursuant to Local Civil Rule 5.4 moves this Court for an order to seal documents filed by Plaintiffs Rebecca Kovalich and Suzanne Nagelski in Support of their Responses in Opposition to Defendants' Motions for Summary Judgment [DE #s 47-52] containing personnel information about employees and/or former employees of PPM who are not parties to this action. Specifically, Defendants request the Court seal the following documents which contain personnel information about employees and/or former employees of PPM who are ***not parties*** to this action; confidential, proprietary business and financial information; and private, domestic information:[1]

---

[1] Plaintiffs filed all exhibits in support of their Responses to Defendants' Motions for Summary Judgment under seal in their entirety. [DE #s 53-54]. Plaintiffs separately filed a Motion to Seal and stated

1

| Exhibit Number | Portions to Seal |
|---|---|
| 1 | **Kovalich deposition excerpts:**<br><br>74:2-25 (confidential, personnel information);<br>123:1-25; 124:1-25; 125:1-25; 126:1-25 (confidential business, proprietary and financial information Defendants previously moved to seal [DE #s 44-45, 55, 55-1]);<br>128:2, 3, 5, 11, 21 (confidential business, proprietary information)<br>129:5-9 (confidential business, proprietary information);<br>133:9-12, 19, 23-24 (confidential business, proprietary information);<br>134:6-7, 10, 14, 17, 20-23 (confidential business, proprietary information);<br>135:7-9, 12, 14-15, 17, 20-21, 23 (confidential business, proprietary information);<br>136:2, 13, 15, 22, 24-25 (confidential business, proprietary information);<br>137:3-4, 10, 16-17, 20 (confidential business, proprietary information);<br>138:25 (confidential business, proprietary information);<br>139:2-4, 8, 13-14, 16, 21 (confidential business, proprietary information);<br>205:10, 15, 23 (private, domestic information). |
| 2 | **Nagelski deposition excerpts**:<br><br>94:19-20, 25 (private, domestic information);<br>97: 4-5, 11-25 (private, domestic information);<br>98:1-25 (private, domestic information);<br>99:1-21 (private, domestic information);<br>187:1-25 (confidential, personnel information Defendants previously moved to seal [DE #s 44-45, 55]);<br>188:1-25 (confidential, personnel information Defendants previously moved to seal [DE #s 44-45, 55]). |
| 3 | **Dr. David Spivey deposition excerpts:**<br>51:1, 3-8 (confidential business, proprietary and financial information Defendants previously moved to seal [DE #s 44-45, 55, 55-1]);<br>70:1-25 (confidential, personnel information Defendants previously moved to seal |

---

Defendants' position as to which exhibits should be sealed. [DE #s 56-58]. However, Plaintiffs did not file any unsealed versions of the exhibits with the Court as required by Local Rule 5.4. Due to this oversight, Defendants cannot link to the record the unsealed versions of the exhibits. Defendants can make these available to the court if requested.

| Exhibit Number | Portions to Seal |
|---|---|
| | [DE #s 44-45, 55]);<br>72:12-14, 24-25 (confidential, personnel information);<br>90:10-21 (confidential, personnel information Defendants previously moved to seal);<br>124:9-20 (confidential, personnel information Defendants previously moved to seal);<br>182:4-8, 12 (confidential, personnel information Defendants previously moved to seal);<br>245:8-11 (confidential, personnel information Defendants previously moved to seal); |
| 4 | **Sherry Spivey deposition excerpts**:<br>206:5-6 (confidential, personnel information); |
| 5 | **Yontz deposition excerpts**:<br>62:8 (confidential, personnel information); |
| 6 | **30(b)(6) deposition excerpts**:<br>13:3-7, 17-25 (confidential, personnel information);<br>14:1-25 (confidential, personnel information);<br>16:2-3, 10-25 (confidential, personnel information);<br>17:5, 14, 20-21 (confidential, personnel information);<br>18:7-8, 15-16, 24 (confidential, personnel information);<br>20:15, 20-25 (confidential, personnel information);<br>21:1-2, 8-9, 19, 24 (confidential, personnel information);<br>22:1, 4, 14, 10-24 (confidential, personnel information);<br>37:7-8, 19-23 (confidential, personnel information);<br>38:1-25 (confidential, personnel information);<br>41:5-7, 14-17, 21-25 (confidential, personnel information);<br>42:1-25 (confidential, personnel information);<br>44:8-25 (confidential, personnel information);<br>45:1-5, 12-21 (confidential, personnel information). |
| 7 | **Benton deposition excerpts**:<br>95:21-22, 24 (confidential, personnel information);<br>101:4, 20, 22 (confidential, personnel information) |
| 8 | **Swicegood deposition excerpts**: None |
| 9 | **Hawks deposition excerpts**: None |

| Exhibit Number | Portions to Seal |
|---|---|
| 10 | Link declaration excerpts referencing employee names in ¶¶ 5, 6, 12, 13, and 14 |
| 11 | Ingold declaration excerpts referencing employee names in ¶¶ 11 and 12 |
| 12 | Nagelski declaration excerpts referencing employee names in ¶¶ 9 and 10 |
| 13 | None |
| 14 | Entire exhibit (confidential, personnel information) – Plaintiffs also moved to seal |
| 15 | Entire exhibit (confidential, personnel information) – Plaintiffs also moved to seal |
| 16 | Entire exhibit (confidential, personnel information) – Plaintiffs also moved to seal |
| 17 | Entire exhibit (confidential, personnel information)– Plaintiffs also moved to seal |
| 18 | Entire exhibit (confidential, personnel information) – Plaintiffs also moved to seal |
| 19 | Entire exhibit (confidential, personnel information) – Plaintiffs also moved to seal |
| 20 | Entire exhibit (confidential, personnel information) – Plaintiffs also moved to seal |
| 21 | Entire exhibit (confidential, personnel information) – Plaintiffs also moved to seal |
| 22 | EEOC Charge portions: Charging Party's name, date of birth, home phone number, and address |
| 23 | EEOC Charge portions: Charging Party's name, date of birth, home phone number, and address |
| 24 | Entire exhibit (confidential, personnel information Defendants previously moved to seal [DE # 43-1, p. 25]) |
| 25 | Entire exhibit (confidential, personnel information Defendants previously moved to seal [DE # 43-4, pp. 2-3]) |
| 26 | Email portions referencing names of terminated employees |
| 27 | Entire exhibit (confidential, personnel information Defendants previously moved to seal [DE # 43-2, p. 37]) |
| 28 | Text message portions referencing an employee's confidential information |
| 29 | EEOC Charge portions: Charging Party's name, date of birth, home phone number, and address |
| 30 | EEOC Charge portions: Charging Party's name, date of birth, home phone number, and address |
| 31 | EEOC Charge portions: Charging Party's name, date of birth, home phone number, and address |
| 32 | EEOC Charge portions: Charging Party's name, date of birth, home phone number, address, name of non-party alleged harasser |
| 33 | None |
| 34 | Email portions referencing name of terminated employee |

| Exhibit Number | Portions to Seal |
|---|---|
| 35 | None |
| 36 | Entire exhibit (confidential, personnel information) – Plaintiffs also moved to seal |
| 37 | None |
| 38 | None |
| 39 | None |
| 40 | Entire exhibit (confidential, personnel information) |
| 41 | Entire exhibit (confidential, personnel information Defendants previously moved to seal [DE # 43-3, pp. 12-14]) – Plaintiffs also moved to seal |
| 42 | PPM discovery responses portions: witness names and contact information, except for Defendants' counsel, on pages 4-7; names and contact information of non-party individuals on pages 8-11; name and contact information of non-party individual on pages 9-10; and employee's rate of pay on page 14 |
| 43 | Email portions referencing employees and their performance and questions for company attorney (Defendants previously moved to seal [DE # 43-9, 7]) |
| 44 | Entire exhibit (confidential, personnel information Defendants previously moved to seal [DE # 43-9, pp. 8-9]) |
| 45 | Email portions referencing employee performance |
| 46 | Email portions referencing confidential employee medical information |
| 47 | Email portions referencing confidential employee medical information and performance |
| 48 | Plaintiffs' Exhibit 48 is the same as Plaintiffs' Exhibit 45, and thus the proposed redactions are the same |
| 49 | None |
| 50 | None |

In support of their Motion, Defendants submit *Defendant's Memorandum of Law in Support of Motion to Seal Documents to Response Briefs*, filed contemporaneously herewith.

WHEREFORE, Defendants respectfully request that the Court grant their Motion and order that that the aforementioned documents be filed under seal.

Respectfully submitted this the 20th day of November, 2018.

JACKSON LEWIS P.C.

BY: */s/ Ann H. Smith*
ANN H. SMITH
N. C. State Bar No. 23090
CAITLIN M. GOFORTH
N. C. State Bar No. 49227
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6465
Facsimile: (919) 760-6461
Email: ann.smith@jacksonlewis.com
Email: caitlin.goforth@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 1:17-CV-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | **CERTIFICATE OF SERVICE** |
| PREFERRED PAIN MANANGEMENT & SPINE CARE, P.A., *et al.*, ) ) ) ) | |
| Defendants. ) | |

The undersigned certifies that on November 20, 2018, the foregoing *Defendants' Motion to Seal Documents to Response Briefs* was filed with the Clerk of the Court, using the Court's CM/ECF system, which will send notification of such filing as follows:

Sean F. Herrmann, Esq.
Van Kampen Law P.C.
315 East Worthington Avenue
Charlotte, NC 28203
*Attorneys for Plaintiffs*
sean@vankampenlaw.com

/s/ Ann H. Smith
ANN H. SMITH
N. C. State Bar No. 23090
CAITLIN M. GOFORTH
N. C. State Bar No. 49227
Jackson Lewis P.C.
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6465
Facsimile: (919) 760-6461
Email: ann.smith@jacksonlewis.com
Email: caitlin.goforth@jacksonlewis.com

4848-7881-9712, v. 1

7