IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:17-cv-00854-TDS-LPA

| | |
|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, | ) ) ) |
| Plaintiffs, | ) |
| v. | ) ) |
| PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., DR. DAVID SPIVEY, individually, and SHERRY SPIVEY, individually. | ) ) ) ) ) |
| Defendants. | ) |

**Exhibit 38**




March 9, 2016

**Via Overnight Mail**

Dr. David L. Spivey, MD
President and CEO
Preferred Pain Management & Spine Care, P.A.
2912 Maplewood Avenue
Winston-Salem, NC 27103

    Re:    Sue Nagelski

Dear Mr. Spivey:

    I represent Sue Nagelski in connection with her former employment with Preferred Pain Management & Spine Care, P.A. (the "Company"). Regrettably, we received no response to our letter dated February 16, 2016. While we are hopeful that this matter can be resolved amicably, we respectfully request that the Company carefully preserve the following documents and items in hard copy and electronic format (including native format) unless and until this matter is resolved:

1. The actual computers, personal electronic devices, and cell phones used by Dr. David Spivey, Ms. Spivey, and any other individuals who were involved in Plaintiff's termination (the "Principal Players");

2. The daily, weekly, and monthly backup tapes or other backup media for the computers and devices referenced above;

3. Mirror image of any smart phones, cell phones, lap tops, or desktops for the Principal Players;

4. The personnel, employee relations, and human resources files for the Principal Players;

5. Any documents related to or otherwise discussing Plaintiff in any way, including but not limited to: emails; notes; voicemails; digital messages; assignments; receipts; bills, or recommendations;

225 East Worthington Ave.
Charlotte, NC  28203

(704) 247-3245
Fax: (704) 749-2638
www.ncemploymentattorneys.com

KN 1876




6. All organizational charts or similar documents showing the hierarchy, chain of command, or organizational relationship for Plaintiff's former department or organization from January 1, 2006, to the present;

7. All electronic or hardcopy calendars for the Principle Players;

8. Any phone, address, mailing lists or directories for the department/ organization in which Plaintiff worked;

9. All documents related to any reports, allegations, internal or external complaints, charges or grievances (collectively "complaint") that alleged discrimination on the basis of age, or The Employee Retirement Income Security Act of 1974 (ERISA), currently or formerly employed by the Company, FMLA violations or retaliation of any kind involving any other individuals involved in Plaintiff's termination or complaints which occurred within Plaintiff's previous department/organization, including but not limited to: the actual complaint documentation; the complainant's personnel file (if applicable); all documents related to the investigation; and all documents relating to the ultimate disposition of the complaint;

10. All documents relating to any lawsuits filed or threatened to be filed against the Company on the basis of age, ERISA, or retaliation involving or any other individuals involved in Plaintiff's termination or which occurred within Plaintiff's previous department/organization, including but not limited to: demand letters; the lawsuit itself; and any documents relating to settlement;

11. All documents relating to Plaintiff and any other individuals reporting to her managers, job performance in any way, including annual evaluations and job actions;

12. All documents relating to the performance of Plaintiff and any other individuals sharing the same job title as Plaintiff within her district/region, or who otherwise reported directly to Wendy Yontz, Lisa Palmer, Brandi Frey and Rebecca Kovalich (collectively, the "Peers");

13. All documents related to any disciplinary actions, suspensions, demotions or terminations ("job actions") in which any of the Principal Players were among the decisionmaker or which were otherwise issued to any of the Peers;

225 East Worthington Ave.
Charlotte, NC 28203
(704) 247-3245
Fax: (704) 749-2638
www.ncemploymentattorneys.com

2

KN 1877




14. All documents related to any job actions issued to or any other individuals who issued job actions to Plaintiff;

15. All documents relating to any job actions issued by the Company to any current or former employees relating to complaints of age, ERISA, or retaliation within Plaintiff's previous department/organization;

16. All documents related to job actions issued to current or former employees who made internal or external complaints, charges or grievances that alleged age, ERISA, retaliation, or other inappropriate behavior within Plaintiff's previous department/organization;

17. All documents related to the Company's investigation of any internal or external complaints made by Plaintiff including but not limited to: any documentation or tapings of interviews, any documents reviewed in conjunction with the investigation; any phone records reviewed, including text messages and text photographs; any videos reviewed; and any documents generated during the investigation;

18. All documents related to Ms. Spivey and Plaintiff's conversation(s) about the termination of three employees on or around July 23, 2015;

19. All procedures, policies, formal and informal guidelines, training materials or best practices relating to disciplinary actions, the investigation of internal complaints regarding discrimination of any kind, or compliance with employment laws generally in effect during Plaintiff's employment with the Company;

20. Any documents, policies, formal and informal guidelines, training materials or best practices relating to disciplinary actions, discrimination, or retaliation;

21. Any statement from anyone who may have or is thought to have information regarding Plaintiff's allegations or the contentions in the Company's defense to those allegations (whether the statement is tape recorded, video recorded, handwritten, typed or otherwise);

22. All documents relating to the discussion of alleged wage and hour infractions and possible ERISA violations committed by Ms. Yontz;

225 East Worthington Ave.
Charlotte, NC 28203
(704) 247-3245
Fax: (704) 749-2638
www.ncemploymentattorneys.com

3

KN 1878




23. All documents relating to Plaintiff's complaints made about the alleged wage and hour infractions and possible ERISA violations committed by Ms. Yontz;

24. All documents related to the Company's policy or procedure for storing or destroying documents; and any documents relating to the Company's efforts to preserve documents, such as litigation hold letters; and

25. Any insurance policies that the Company believes may cover any of the claims set forth in Plaintiff's complaints, and any correspondence or communications the Company has had with the insurance carrier relating to potential coverage of said claims.

Unless otherwise specified, the time frame for the above-referenced documents spans from January 1, 2010 to the present. To the extent any requested documents may have been deleted, please also take steps to identify and preserve the relevant back-up tapes and computers so that the parties will have the option of retrieving those items forensically. Furthermore, if any of the identified documents are in the possession of a third party, please immediately notify that third party of this documentation preservation letter and obtain copies of the documents identified herein.

While we have tried to provide the Company with a good faith estimate of the universe of potential evidence in this case, the above-referenced list is not exhaustive. Indeed, as the case develops and we learn more, it will likely be necessary to augment this list. Accordingly, the Company should not conclude that they are safe to destroy any unidentified documents or documents that would otherwise be potentially relevant to Ms. Nagelski's claims.

We recognize that the Company may later resist production of some (or even many) of these documents and we will defer to a court's ruling on any motions to compel on such issues. However, for purposes of preserving potential evidence, we encourage the Company to preserve all of these items regardless of what may be its future position(s) regarding production.

If you have any questions, please contact me. We appreciate the Company's efforts in ensuring that a court will have a complete record from which to rule in the unfortunate event we cannot resolve the matter pre-litigation.

Sincerely yours,

Sean F. Herrmann, Esq.

225 East Worthington Ave.
Charlotte, NC 28203
(704) 247-3245
Fax: (704) 749-2638
www.ncemploymentattorneys.com

4

KN 1879

Case 1:17-cv-00854-TDS-LPA   Document 72-35   Filed 10/31/18   Page 5 of 5