IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:17-cv-00854-TDS-LPA

| | | |
|---|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **Exhibit 42** |
| PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., DR. DAVID SPIVEY, individually, and SHERRY SPIVEY, individually. | ) ) ) ) ) | |
| Defendants. | ) | |

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-CV-00854-UA-LPA

REBECCA KOVALICH and SUZANNE
NAGELSKI,

      Plaintiffs,

vs.

PREFERRED PAIN MANAGEMENT &
SPINE CARE, P.A., DR. DAVID SPIVEY,
individually, and SHERRY SPIVEY,
individually,

      Defendants.

**RESPONSES AND OBJECTIONS OF
DEFENDANT PREFERRED PAIN
MANAGEMENT & SPINE CARE, P.A.
TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION OF DOCUMENTS**

     **NOW COMES** Defendant, Preferred Pain Management & Spine Care, P.A. (hereinafter "Defendant" or "PPM") by and through its undersigned counsel, and for its responses and objections to *Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant Preferred Pain Management & Spine Care, P.A.,* states as follows:

## GENERAL STATEMENT

     These answers to *Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant Preferred Pain Management & Spine Care, P.A.* were prepared with the assistance of the undersigned counsel; therefore, the word usage and sentence structure used in the answers may be that of counsel, and do not purport to be the precise language of Defendant.

     THESE RESPONSES ARE MADE SUBJECT TO THE ABSOLUTE PRIVILEGE AND RIGHT OF THE DEFENDANT TO SUPPLEMENT AND/OR AMEND THESE ANSWERS AT ANY TIME.

# GENERAL OBJECTIONS

Defendant responds to *Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant Preferred Pain Management & Spine Care, P.A.*, subject to the accompanying objections, without waiving and expressly preserving all such objections. Defendant hereby incorporates the following general objections into each of its answers as if fully set forth herein:

1. Defendant objects to Plaintiff's interrogatories and request for documents to the extent that they may be construed to request confidential communications with legal counsel concerning this or other ongoing litigation, or the identity of information or documents created or prepared to anticipation of litigation or for trial, on the grounds that such information or documents are protected by the attorney-client and/or work product privilege.

2. Defendant objects to Plaintiff's interrogatories and request for documents to the extent that they seek to impose a duty beyond that which is required by the Federal Rules of Civil Procedure.

3. Defendant objects to Plaintiff's interrogatories and request for documents to the extent that they call for the production of information and/or the identification of documents that are not within the applicable scope of discovery to this action under the Federal Rules of Civil Procedure.

4. Defendant objects to Plaintiff's interrogatories and request for documents to the extent that they call for a legal conclusion or for information which is not available to Defendant after reasonable inquiry.

5. Defendant objects to Plaintiff's interrogatories and request for documents to the extent that the same are overly broad or overly inclusive and/or they call for extensive research, investigation, or identification or documents which would subject Defendant to annoyance, embarrassment, oppression, or undue burden of expense.

6. Defendant objects to Plaintiff's interrogatories and request for documents to the extent that they request documents and information protected from disclosure by state and/or federal laws.

Subject to and without waiving the foregoing general objections, Defendant answers the following First Set of Interrogatories and Requests for Production of Documents in accordance with the Federal Rules of Civil Procedure as follows:

# INTERROGATORIES

1. Identify by name, address, telephone number, and relationship to You, all persons, other than counsel, who assisted in or contributed to the answering of any of any of Plaintiffs' First Set of Discovery Responses.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 1 because it seeks information protected by attorney-client privilege and/or work product privilege. Subject to and without waiving this objection, Defendant responds to Plaintiffs' Interrogatory Number 1 as follows:**

> **Dr. David Spivey**
> **Co-Defendant and founder of Preferred Pain Management & Spine Care, P.A.**
>
> **Sherry Spivey**
> **Co-Defendant and RN and Clinical Manager for Preferred Pain Management & Spine Care, P.A.**
>
> **Wendy Yontz**
> **Director of Human Resources for Preferred Pain Management & Spine Care, P.A.**
>
> **These individuals can be contacted through undersigned counsel.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

2. State the full names, addresses, and telephone numbers of all persons known to You who have knowledge of the facts alleged in the Complaint or Your Answer and describe the specific factual issues about which they have knowledge, identify any written or recorded statement obtained from these persons, identify who has possession of such statements, and whether you intend to call them a witness.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 2 because it seeks information protected by attorney-client privilege and/or work product privilege. Defendant further objects to this Interrogatory to the extent that it seeks information not within the personal knowledge of this answering Defendant. Defendant further objects to this Interrogatory to the extent that it seeks to impose obligations beyond the Federal Rules of Civil Procedure. Subject to and without waiving this objection, Defendant responds to Plaintiffs' Interrogatory Number 2 as follows:**

3

| | Name | Contact Information | Summary of Information |
|---|---|---|---|
| 1. | | ████████████████████ | • Knowledge regarding Plaintiffs' job performance |
| 2. | Benton, Mary | c/o Jackson Lewis Ann H. Smith 3737 Glenwood Avenue, Suite 450 Raleigh, NC 27612 (919) 760-6465 | • Knowledge regarding Company policies and procedures<br>• Knowledge regarding Company benefits<br>• Knowledge regarding Plaintiffs' job performance<br>• Knowledge regarding her interactions with the Plaintiffs |
| 3. | | ████████████████████ | • Knowledge regarding Plaintiff Nagelski's separation |
| 4. | | ████████████████████ | • Knowledge regarding Plaintiff Nagelski's separation |
| 5. | | ████████████████████ | • Knowledge regarding Plaintiff Kovalich's job performance<br>• Knowledge regarding her interactions with Plaintiff Kovalich. |
| 6. | Frey, Brandi | c/o Jackson Lewis Ann H. Smith 3737 Glenwood Avenue, Suite 450 Raleigh, NC 27612 (919) 760-6465 | • Knowledge regarding Plaintiffs' job performance |
| 7. | Hawks, Gretchan | c/o Jackson Lewis Ann H. Smith 3737 Glenwood Avenue, Suite 450 Raleigh, NC 27612 | • Knowledge regarding Company policies and procedures<br>• Knowledge regarding |

4

| | | (919) 760-6465 | Company benefits<br>• Knowledge regarding Plaintiffs' job performance<br>• Knowledge regarding her interactions with the Plaintiffs |
|---|---|---|---|
| 8. | ██████████ | ██████████ | • Knowledge regarding Plaintiff Nagelski's separation |
| 9. | ██████████ | ██████████ | • Knowledge regarding the set-up of the lab at the Company. |
| 10 | Kovalich, Rebecca | c/o Sean Herrmann | • Knowledge regarding her allegations in the Complaint<br>• Knowledge regarding her alleged damages |
| 11 | Rodney Leftwich | c/o Jackson Lewis<br>Ann H. Smith<br>3737 Glenwood Avenue, Suite 450<br>Raleigh, NC 27612<br>(919) 760-6465 | • Knowledge regarding Plaintiffs' job performance<br>• Knowledge regarding his interactions with the Plaintiffs |
| 12 | ██████████ | ██████████ | • Knowledge regarding Company payroll<br>• Knowledge regarding Company employees regarding payroll |
| 13 | Nagelski, Suzanne | c/o Sean Herrmann | • Knowledge regarding her allegations in the Complaint<br>• Knowledge regarding her alleged damages |
| 14 | ██████ | c/o Jackson Lewis<br>Ann H. Smith<br>3737 Glenwood Avenue, Suite 450<br>Raleigh, NC 27612<br>(919) 760-6465 | • Knowledge regarding Company policies and procedures<br>• Knowledge regarding Company benefits<br>• Knowledge regarding Plaintiffs' job performance<br>• Knowledge regarding her |

5

| | | | |
|---|---|---|---|
| | | | interactions with the Plaintiffs |
| 15 | ████████ | c/o Jackson Lewis<br>Ann H. Smith<br>3737 Glenwood Avenue, Suite 450<br>Raleigh, NC 27612<br>(919) 760-6465 | • Most knowledge would be protected by the attorney/client and attorney work product privileges<br>• Knowledge regarding termination of three employees |
| 16 | Spivey, David | c/o Jackson Lewis<br>Ann H. Smith<br>3737 Glenwood Avenue, Suite 450<br>Raleigh, NC 27612<br>(919) 760-6465 | • Knowledge regarding the creation of the Company<br>• Knowledge regarding Company policies and procedures<br>• Knowledge regarding Company benefits<br>• Knowledge regarding Plaintiffs' job performance<br>• Knowledge regarding his interactions with the Plaintiffs |
| 17 | Spivey, Sherry | c/o Jackson Lewis<br>Ann H. Smith<br>3737 Glenwood Avenue, Suite 450<br>Raleigh, NC 27612<br>(919) 760-6465 | • Knowledge regarding the creation of the Company<br>• Knowledge regarding Company policies and procedures<br>• Knowledge regarding Company benefits<br>• Knowledge regarding Plaintiffs' job performance<br>• Knowledge regarding her interactions with the Plaintiffs |
| 18 | ████████ | | • Knowledge regarding Kovalich's work with him to set up a lab. |
| 19 | ████████ | | • Knowledge regarding Plaintiff Nagelski's separation |

| | | | |
|---|---|---|---|
| 20 | ████████ | c/o Jackson Lewis<br>Ann H. Smith<br>3737 Glenwood Avenue, Suite 450<br>Raleigh, NC 27612<br>(919) 760-6465 | • Any knowledge would be protected by the attorney/client and attorney work product privileges |
| 21 | ████████████████████████████████ | | • Knowledge regarding IT services provided as a vendor |
| 22 | ████████████████████████████████ | | • Knowledge regarding Plaintiff Kovalich's separation |
| 23 | Yontz, Wendy | c/o Jackson Lewis<br>Ann H. Smith<br>3737 Glenwood Avenue, Suite 450<br>Raleigh, NC 27612<br>(919) 760-6465 | • Knowledge regarding Company policies and procedures<br>• Knowledge regarding Company benefits<br>• Knowledge regarding Plaintiffs' job performance<br>• Knowledge regarding her interactions with the Plaintiffs |

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

3.  Identify all persons You have contacted regarding being an expert witness in this matter. For each, identify the person's qualifications as an expert in his or her field, the subject matter upon which the person is expected to testify, and substance of the facts and opinions to which he/she is expected to testify at trial.

**RESPONSE: OBJECTION.** Defendant object to Plaintiff's Interrogatory Number 3 to the extent that it seeks information protected by attorney-client privilege and/or work product privilege. Defendant further objects to this Interrogatory to the extent that it seeks to impose a duty beyond that which is required by the Federal Rules of Civil Procedure. Subject to and without waiving these objections, Defendant has not yet decided who will be called as expert witness(es) in this matter. Pursuant to the 26(f) Report filed with the Court November 30, 2017, Defendant will provide the reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C).

7

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

4.   Identify any individuals who had direct or indirect input into Your decision to terminate Plaintiff Nagelski's employment (i.e., individuals who were consulted in advance of each action, whose opinions or input were considered, and/or who were otherwise given the opportunity to weigh in before action occurred) (hereinafter, "Principal Players").

**RESPONSE: OBJECTION.** Defendant objects to Plaintiffs' Interrogatory Number 4 because it seeks information protected by attorney-client privilege and/or work product privilege. Defendant further objects to this Interrogatory to the extent that it is vague and ambiguous. Subject to and without waiving this objection, Defendant responds to Plaintiffs' Interrogatory Number 4 as follows:

Dr. David Spivey, Sherry Spivey, Mary Benton, ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮ had input into the decision to end Plaintiff Nagelski's employment.

**Defendant Sherry Spivey**
Ms. Spivey may be contacted through counsel.

**Mary Z. Benton**
Office Operations, PPM
Ms. Benton may be contacted through counsel.



8

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

5.  Identify any individuals who had direct or indirect input into Your decision to terminate Plaintiff Kovalich's employment (i.e., individuals who were consulted in advance of each action, whose opinions or input were considered, and/or who were otherwise given the opportunity to weigh in before action occurred) (hereinafter, "Principal Players").

**RESPONSE:**   **OBJECTION.**   Defendant objects to Plaintiffs' Interrogatory Number 5 because it seeks information protected by attorney-client privilege and/or work product privilege. Defendant further objects to this Interrogatory to the extent that it is vague and ambiguous.   Subject to and without waiving this objection, Defendant responds to Plaintiffs' Interrogatory Number 5 as follows:

Dr. David Spivey, Sherry Spivey, Mary Benton, Gretchan Hawks, Rodney Leftwich, and ███████████ had input into the decision to end Plaintiff Kovalich's employment.

**Defendant Sherry Spivey**
Ms. Spivey may be contacted through counsel.

**Mary Z. Benton**
Office Operations, PPM
Ms. Benton may be contacted through counsel.

**Gretchan Culler Hawks**
Laboratory Manager, PPM
Ms. Hawks may be contacted through counsel.

**Rodney Leftwich**
Chemist/Lab Technician, PPM
Mr. Leftwich may be contacted through counsel.



By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

9

6. State why You allegedly terminated Plaintiff Nagelski's employment and when You made this decision.

RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 6 because it seeks information protected by attorney-client privilege and/or work product privilege. Subject to and without waiving this objection, Defendant responds to Plaintiffs' Interrogatory Number 6 as follows: *See* documents attached hereto as DEFENDANTS005314 – 005325.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

7. State why You allegedly terminated Plaintiff Kovalich's employment and when You made this decision.

RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 7 because it seeks information protected by attorney-client privilege and/or work product privilege. Subject to and without waiving this objection, Defendant responds to Plaintiffs' Interrogatory Number 7 as follows: *See* documents attached hereto as DEFENDANTS000749 – 000763.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

8. Describe the role that those You identified in response to Interrogatory 4 had in the decision to terminate Plaintiff Nagelski's employment, including each individual's input, communications, and advice regarding the termination decision.

RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 8 because it seeks information protected by attorney-client privilege and/or work product privilege. Defendant further objects to this Interrogatory to the extent that it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory to the extent it is vague and ambiguous. Subject to and without waiving this objection, Defendant responds to Plaintiffs' Interrogatory Number 8 as follows:

Dr. David Spivey, Sherry Spivey, and Mary Benton looked at the needs of the business to determine whether Plaintiff Kovalich's employment should continue. By way of further response, *See* documents attached hereto as DEFENDANTS000749 – 000763. Prior to separating Kovalich's employment, Dr. Spivey had communications with ███ ███████████ regarding the performance of Ms. Hawks and Mr. Leftwich. Dr. Spivey also had conversations with Ms. Hawks and Mr. Leftwich to determine the level of Kovalich's involvement in the operation of the lab.

10

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

9. Describe the role that those You identified in response to Interrogatory 5 had in the decision to terminate Plaintiff Kovalich's employment, including each individual's input, communications, and advice regarding the termination decision.

**RESPONSE: OBJECTION.** Defendant objects to Plaintiffs' Interrogatory Number 9 because it seeks information protected by attorney-client privilege and/or work product privilege. Defendant further objects to this Interrogatory to the extent that it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory to the extent that it is vague and ambiguous. Subject to and without waiving this objection, Defendant responds to Plaintiffs' Interrogatory Number 9 as follows:

Dr. David Spivey, Sherry Spivey, and Mary Benton looked at the needs of the business to determine whether Plaintiff Nagelski's employment should continue. By way of further response, *See documents attached hereto as* DEFENDANTS005314 – 005325. Prior to separating Nagelski's employment, Dr. Spivey had communications with ███████████████████████████████████████████ as to whether there was a need for a liaison between the accountants and the wealth management team.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

10. State whether there is an organization chart for the Company, and, if so, state the name and address of the custodian of the chart, or attach a copy to your answers to these interrogatories pursuant to Rule 33(d).

**RESPONSE: Please see the documents attached hereto as** DEFENDANTS000002 - DEFENDANTS000005.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

11

11. State the office address of each office at which employee Personnel Files are maintained, and specify the nature of the employee personnel files maintained at each office.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 11 to the extent it may seek information protected by attorney-client privilege and/or work product privilege. Defendant objects to Plaintiffs' Interrogatory Number 11 to the extent that it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Subject to and without waiving this objection, Defendant responds to Plaintiffs' Interrogatory Number 11 as follows:**

**The personnel files of current employees are maintained onsite at PPM's Winston-Salem office located at 2912 Maplewood Avenue and kept in accordance with state and federal law. PPM stores former employee information at an offsite facility in Winston-Salem managed by the information solutions company COR365.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

12. State whether there is a personnel manual setting forth personnel policy, organizational information, etc., and if so, for each manual state:

- The name of the manual;

- The description of its contents;

- The name and section of the department responsible for maintaining and updating the manual;

- The names, office addresses, and titles of the persons to who the manual is distributed; and

- The name, office addresses, and title of the person who is the custodian of the manual.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 12 because it seeks information protected by attorney-client privilege and/or work product privilege. Subject to and without waiving this objection, Defendant responds to Plaintiffs' Interrogatory Number 12 as follows:**

**The Company has a personnel manual entitled "Employee Handbook of Preferred Pain Management and Spine Care" that it distributes to all employees. The Company's Human Resources Manager Wendy Yontz is the current Handbook custodian. The Handbook contains various Company policies. A copy of the current Handbook is attached hereto as DEFENDANTS000056 - DEFENDANTS000107.**

12

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

13. Identify all current and former employees who reported (directly or indirectly) to anyone identified in response to Interrogatory Nos. 4 and 5 since January 1, 2006, including but not limited to: their dates of employment, chain of command presently and/or at time of separation, job title, department, and (if separated) whether they were terminated (and if so why) or if they voluntarily resigned.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 13 because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory to the extent that it is vague and ambiguous. Further, Defendant objects to this Request because it is duplicative of the information requested in Plaintiffs' Interrogatory Numbers 19 and 20. Defendant further objects on the grounds that this Request is overly broad and unduly burdensome in that it requests information that is in no way related to Plaintiffs' Complaint and occurred years prior to the Plaintiffs' employment. Subject to and without waiving these objections, Defendant responds to Plaintiffs' Interrogatory Number 13 as follows:**

**Please see Defendant's response to Plaintiffs' Interrogatory Request Numbers 19 and 20 as well as documents attached hereto as DEFENDANTS005303 – 005308.**

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

14. Identify any Job Actions in which the individual identified in response to Interrogatory Nos. 4 and 5 were directly or indirectly involved in the last ten (10) years, including but not limited to: the individual to whom the Job Action was issued; the date of the Job Action; the decision maker(s) in the Job Action; and any previous Job Actions issued to that individual.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 14 because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory to the extent that it is vague and ambiguous. Further, Defendant objects to this Request because it is duplicative of the information requested in Plaintiffs' Interrogatory Numbers 13, 19, and 20. Defendant further objects on the grounds that this Request is overly broad and unduly burdensome in that it requests information that is in no way related to Plaintiffs' Complaint and occurred years prior to the Plaintiffs' employment. Subject to and without waiving these objections, Defendant responds to Plaintiffs' Interrogatory Number 14 as follows:**

13

Please see Defendant's response to Plaintiffs' Interrogatory Request Numbers 19 and 20 as well as documents attached hereto as DEFENDANTS005303 - 005308.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

15. Identify all individuals who worked for You in a human resources or employee relations capacity in the last ten (10) years. Please identify their area of responsibility and dates of employment in addition to the matters addressed in the "Definitions" Section pertaining to the word, "Identify."

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 15 because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory to the extent that it is overly broad, vague and ambiguous. Subject to and without waiving these objections, Defendant responds to Plaintiffs' Interrogatory Number 15 as follows:**

**Plaintiff Nagelski**
**4/30/2013 – 2/1/2016**
**Plaintiff handled various HR related functions such as payroll.**

**Wendy Yontz**
**11/23/2015 – present**
**Current PPM HR Manager**
**Ms. Yontz may be contacted through undersigned counsel.**

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

16. Identify all candidates considered to replace Plaintiff Nagelski's position, including but not limited to: last employer, whether they were interviewed and (if so) by whom and when, whether they were an internal or external candidate, and whether they were offered the position, at what rate of pay, and if they accepted.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 16 because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory to the extent that it is overly broad, vague, ambiguous, and misleading. Subject to and without waiving these objections, Defendant responds to Plaintiffs' Interrogatory Number 16 as follows: The Company hired Wendy Yontz to serve as the full-time on-site Director of Human Resources. On November 5, 2015, Plaintiff Nagelski extended the offer to Ms. Yontz on behalf of the Company at a pay rate of ▇▇▇ per hour.**

14

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

17. Identify all candidates considered to replace Plaintiff Kovalich in position, including but not limited to: last employer, whether they were interviewed and (if so) by whom and when, whether they were an internal or external candidate, and whether they were offered the position, at what rate of pay, and if they accepted.

**RESPONSE: OBJECTION.** Defendant objects to Plaintiffs' Interrogatory Number 17 because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory to the extent that it is overly broad, vague, ambiguous, and misleading. Subject to and without waiving these objections, Defendant responds as follows: None. Plaintiff Kovalich's position has not been filled, and there are no plans to fill it.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

18. Identify any retaliation, harassment, or discrimination claims that have been filed in the last five years alleging retaliation, harassment, or discrimination on the basis of age, sex or some protected activity, including but not limited to identifying: the complaining employee, the accused employee(s), the date of the complaint, NCDOL, USDOL, or EEOC Charge number if any, Case number, if any, the date the claim was filed or complaint made, the outcome of the claim/complaint, any Job Actions issued to the employee or the accursed after the complaint/claim.

**RESPONSE: OBJECTION.** Defendant objects to Plaintiffs' Interrogatory Number 18 because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory to the extent that it is overly broad, vague, ambiguous, and misleading. Defendant further objects on the basis that this Interrogatory seeks confidential information protected from disclosure. . Subject to and without waiving this objection, Defendant responds to Plaintiffs' Interrogatory Number 18 as follows: *See* DEFENDANTS000663 - DEFENDANTS000789 and DEFENDANTS005388 - 005393.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

19. Identify all *without* cause and *with* cause terminations between January 1, 2012, and the present, including but not limited to identifying: the employee, the employee's date of

birth, the decision makers in the employee's termination, the date of the employee's termination, whether the employee participated in Your Cash Balance plain (acknowledged in paragraph 49 of Your Answer), and any Job Actions issued to the employee during his or her employment.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 19 because it seeks information protected by attorney-client privilege and/or work product privilege. Further, Defendant objects to this Interrogatory because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory to the extent that it is overly broad, vague, ambiguous, and misleading. Defendant further objects on the basis that this Interrogatory seeks confidential information protected from disclosure. Subject to and without waiving these objections, Defendant responds to Plaintiffs' Interrogatory Number 19 as follows:** *See* **document attached hereto as DEFENDANTS005303.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

20. Identify all employees employed by You between January 1, 2012, and the present, including the employee's date of birth and hire date.[1]

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 20 because it seeks information protected by attorney-client privilege and/or work product privilege. Further, Defendant objects to this Interrogatory because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Interrogatory to the extent that it is overly broad and unduly burdensome. Defendant further objects on the basis that this Interrogatory seeks confidential information protected from disclosure. Subject to and without waiving these objections, Defendant responds to Plaintiffs' Interrogatory Number 20 as follows:** *See* **documents attached hereto as DEFENDANTS005304 – 005308.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

---

[1] Plaintiffs' advance ADEA pattern and practice claim and this information, along with that requested in Interrogatory 19, is necessary to conduct an appropriate statistical analysis. It is also relevant to Plaintiffs' individual disparate treatment claims.

21. Identify the computer(s), network drive(s), and server(s) in use by the individuals identified in response to Interrogatory Nos. 4 and 5, including but not limited to: the respective make and model numbers of each computer and server; the present exact location of those computers and servers, whether any data erasing or scrubbing software was utilized on them, whether there are any limitations on the ability to retrieve any and all data from the computer and server (if so, what those restrictions are), and, if they are no longer in Your possession, an explanation of what happened to them (i.e., were they destroyed/sold/donated and, if so, to whom), when it happened, and whether a backup of the computer's and server's contents was made, by whom a backup was made, and the current location of the backup.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 21 because it seeks information protected by attorney-client privilege and/or work product privilege. Further, Defendant objects to this Interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant responds to Plaintiffs' Interrogatory Number 21 as follows: Defendant is investigating these issues and working with its IT provider. By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

22. Identify any documents responsive to Plaintiffs' document requests or interrogatories, served contemporaneously herewith, which have been destroyed, no longer exist or are otherwise unavailable, including, but not limited to: a description of the document; the authors of the document; the date it was created; to whom the document was addressed or sent; in what program and on what computer or network the document was created and saved upon; where a hardcopy of the document was maintained prior to it becoming unavailable, its last know location; the reason the document no longer exists or is unavailable; the date it became unavailable; and whether the document is or may be retrievable from backup tapes or backup discs, and (if so) the estimated cost for retrieving said document(s).

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 22 because it seeks information protected by attorney-client privilege and/or work product privilege. Further, Defendant objects to this Interrogatory because it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant responds to Plaintiffs' Interrogatory Number 22 as follows: Defendant is investigating these issues and working with its IT provider. By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly**

17

reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

23. If You are covered by an insurance policy or policies for any of the claims alleged in the complaint, or were at the time those claims arose, describe such policy in detail, including: name and address of insurer, type of policy and person(s) covered, effective date of policy, limits of liability, a complete description of the coverage for punitive damages including, but not limited to, the amount of such coverage and any exclusions from such coverage.

**RESPONSE: OBJECTION.** Defendant objects to Plaintiffs' Interrogatory Number 23 because it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Defendant responds to Plaintiffs' Interrogatory Number 23 as follows:

Please see documents attached hereto as DEFENDANTS000006 - DEFENDANTS000008.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

24. Explain Your bases for denying paragraph 18 of Plaintiff's Complaint in Defendant PPM's Answer.

**RESPONSE: OBJECTION.** Defendant objects to Plaintiffs' Interrogatory Number 24 because it seeks information protected by attorney-client privilege and/or work product privilege. Subject to and without waiving this objection, Defendant responds to Plaintiffs' Interrogatory Number 24 as follows:

Dr. Spivey did not recruit Plaintiff Kovalich in July of 2006, but instead utilized her connections in the area as the Company looked to start a practice. In fact, Plaintiff did not become an employee of the Company until 2013.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

18

25. Explain Your bases for denying, in paragraph 20 of Your Answer to the Complaint, that "Suzanne acted as PPM's business manager."

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 25 because it seeks information protected by attorney-client privilege and/or work product privilege. Subject to and without waiving these objections, Defendant responds to Plaintiffs' Interrogatory Number 25 as follows:**

**Plaintiff Nagelski was hired to perform various administrative functions for the practice. Throughout her time as an employee, she provided assistance at various times with technology contracts, payroll, IT security, compliance issues, the Company's finances, and human resources. At no point in time was Plaintiff the business manager for the Company. By way of further response, *see* documents attached hereto as DEFENDANTS005309 – 005325.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

26. Identify any communications between You and any other person that in any way relate to any claim or cause of action in this lawsuit.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 26 because it seeks information protected by attorney-client privilege and/or work product privilege. Further, Defendant objects to this Interrogatory because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Further, Defendant objects to this Interrogatory as being overly broad, unduly burdensome, vague, and ambiguous in that it asks Defendant to identify "any communications" with "any other person" that "in any way relate." Subject to and without waiving these objections, Defendant responds to Plaintiffs' Interrogatory Number 26 as follows:**

**Please see documents attached hereto as DEFENDANTS002017 – 005301.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

27. Identify the reasons that motivated You to remove Plaintiff Kovalich's billing duties in 2014.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 27 because it seeks information protected by attorney-client privilege and/or work product**

19

privilege. Subject to and without waiving this objection, Defendant responds to Plaintiffs' Interrogatory Number 27 as follows:

Plaintiff Kovalich had input into the design of the billing forms and consulted with the Company about how it was to bill for lab services. However, the actual billing for the services performed by the lab were handled by the Company's billing personnel (which did not include Plaintiff Kovalich) and Physician Discoveries.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

28. Identify Your bases for denying paragraph 62 of Plaintiff's Complaint in Defendant PPM's Answer.

RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Interrogatory Number 28 because it seeks information protected by attorney-client privilege and/or work product privilege. Further, Defendant objects to this Interrogatory because it is duplicative of the information requested in Plaintiffs' Interrogatory Numbers 6 and 7. Subject to and without waiving these objections, Defendant responds to Plaintiffs' Interrogatory Number 28 as follows:

Please see Defendant's Responses to Plaintiffs' Interrogatory Request Numbers 6 and 7.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

20

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All documents referred to in or reviewed in conjunction with the preparation of Your responses to any of this First Set of Interrogatories or Requests for Production of Documents, Your Answer, or Position Letters.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 1 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 1 as follows:**

**Please see documents attached hereto as DEFENDANTS000001 – DEFENDANTS005325.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

2.     Any documents relating to Plaintiff Kovalich's job performance, including but not limited to: annual evaluations, assessments, emails, comparisons to peers, commendations, awards, nominations, emails discussing Plaintiff Kovalich's job performance, and Job Actions.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 2 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects on the grounds that this Request is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 2 as follows:**

**Please see documents attached hereto as DEFENDANTS000009 - DEFENDANTS000012 and the emails identified in the accompanying spreadsheet labeled PPM Email Index.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

3. Any documents relating to Plaintiff Nagelski's job performance, including but not limited to: annual evaluations, assessments, emails, comparisons to peers, commendations, awards, nominations, emails discussing Plaintiff Nagelski's job performance, and Job Actions.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 3 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects on the grounds that this Request is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 3 as follows:**

**Please see documents attached hereto as DEFENDANTS000001; DEFENDANTS000013 - DEFENDANTS000055; DEFENDANTS000816 - DEFENDANTS000895, and the emails identified in the accompanying spreadsheet labeled PPM Email Index.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

4. All documents related to or otherwise discussing or relating to Plaintiff Kovalich in any way, including but not limited to: emails; notes; voicemails; reports; statements; text messages; social networking posts; digital messages; or recommendations.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 4 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects on the grounds that this Request is overly broad and unduly burdensome in that the Interrogatory request "all documents" discussing Plaintiffs "in any way." Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 4 as follows:**

**Please see documents attached hereto as DEFENDANTS000009 - DEFENDANTS000012; DEFENDANTS002017 - DEFENDANTS002021; DEFENDANTS002033 - DEFENDANTS002037 - DEFENDANTS002107 - DEFENDANTS002135; DEFENDANTS002141, and the emails identified in the accompanying spreadsheet labeled PPM Email Index.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

22

5. All documents related to or otherwise discussing or relating to Plaintiff Nagelski in any way, including but not limited to: emails; notes; voicemails; reports; statements; text messages; social networking posts; digital messages; or recommendations.

**RESPONSE: OBJECTION.** Defendant objects to Plaintiffs' Request for Production Number 5 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects on the grounds that this Request is overly broad and unduly burdensome in that the Interrogatory request "all documents" discussing Plaintiffs "in any way." Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 5 as follows:

Please see documents attached hereto as DEFENDANTS000001; DEFENDANTS000013 - DEFENDANTS000055; DEFENDANTS000816 - DEFENDANTS000895; DEFENDANTS002018 - DEFENDANTS002032, and the emails identified in the accompanying spreadsheet labeled PPM Email Index

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

6. Any documents, created by, edited by, sent to, or received by the individuals identified in response to Interrogatory Nos. 4 and 5 that contain the following keywords (and their iterations): Suzanne Nagelski, Rebecca Kovalich, Van Kampen, discrimination, retaliation, sex, sexual, harass, harassment, dress, fire, terminate discharge, lawsuit, sue, inappropriate, complaint, age, old, young. Pursuant to Rule 34, this Request – and all Requests seeking documents—encompasses electronically stored information.

**RESPONSE: OBJECTION.** Defendant objects to Plaintiffs' Request for Production Number 6 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects on the grounds that this Request is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 6 as follows:

Please see documents attached hereto as DEFENDANTS000001; DEFENDANTS000013 - DEFENDANTS000055; DEFENDANTS002018, and the emails identified in the accompanying spreadsheet labeled PPM Email Index

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

23

7. All documents that relate to or pertain to your policies or procedures for terminating employees.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 7 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects on the grounds that this Request is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 7 as follows:**

**Please see documents attached hereto as DEFENDANTS000056 - DEFENDANTS000107, and the emails identified in the accompanying spreadsheet labeled PPM Email Index.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

8. Any and all personnel manuals, employee handbooks, benefits manuals, harassment/discrimination/retaliation policies, leave policies, salary schedules, and job descriptions which were applicable to the position held by Plaintiff Kovalich from January 1, 2006 to the present.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 8 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects on the grounds that this Request is overly broad and unduly burdensome. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Subject to and without waiving these objections, Defendant responds as follows: Please see documents attached hereto as DEFENDANTS000056 - DEFENDANTS000107, and the emails identified in the accompanying spreadsheet labeled PPM Email Index.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

9. Any and all personnel manuals, employee handbooks, benefits manuals, harassment/discrimination/retaliation policies, leave policies, salary schedules, and job descriptions which were applicable to the position held by Plaintiff Nagelski from January 1, 2006 to the present.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 9 to the extent it seeks information that is protected by the attorney-client privilege**

24

and/or the work product doctrine. Defendant further objects on the grounds that this Request is overly broad and unduly burdensome. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Subject to and without waiving these objections, Defendant responds as follows: Please see documents attached hereto as DEFENDANTS000056 - DEFENDANTS000107, and the emails identified in the accompanying spreadsheet labeled PPM Email Index

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

10. Any documents relating to any training session offered by You in the last ten (10) years regarding sexual harassment, discrimination, or retaliation, including but not limited to the actual training materials, rosters of attendees, certificates of completion, emails, or any other records of attendance.

RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 10 because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects on the grounds that this Request is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 10 as follows:

Please see the emails identified in the accompanying spreadsheet labeled PPM Email Index.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

11. The Personnel Files, employee relations files, and human resources files for the individuals identified in response to Interrogatory Nos. 4 and 5.

RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 11 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects on the grounds that this Request is overly broad and unduly burdensome. Defendant further objects to this Request to the extent that it seeks confidential information about other individuals. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 11 as follows:

25

**Please see documents attached hereto as DEFENDANTS000382 - DEFENDANTS000402.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

12. The Personnel Files, employee relations files, and human resources files for any individuals interviewed during any investigation or inquiry involving Plaintiff or upon which Plaintiff's termination was based, including but not limited to: Jennifer Bailey, Wendy Yontz, and Mary Benton.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 12 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects on the grounds that this Request is vague, overly broad and unduly burdensome. Defendant further objects to this Request to the extent that it seeks confidential information about other individuals. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 12 as follows:**

**Please see documents attached hereto as DEFENDANTS000108 - DEFENDANTS000302; DEFENDANTS000303 - DEFENDANTS000331.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

13. The Personnel Files of employees who replaced or otherwise largely assumed Plaintiff Nagelski's job duties following her termination, including but not limited to Gretchen Culler Hawk.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 13 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects on the grounds that this Request is vague, overly broad and unduly burdensome. Defendant further objects to this Request to the extent that it seeks confidential information about other individuals. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 13 as follows:**

26

Please see documents attached hereto as DEFENDANTS000332 - DEFENDANTS000381.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

14. The Personnel Files of employees who replaced or otherwise largely assumed Plaintiff Kovalich's job duties following her termination.

**RESPONSE: OBJECTION.** Defendant objects to Plaintiffs' Request for Production Number 14 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects on the grounds that this Request is vague, overly broad and unduly burdensome. Defendant further objects to this Request to the extent that it seeks confidential information about other individuals. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 14 as follows: None. Plaintiff Kovalich's position has not been filled, and there are no plans to fill it

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

15. Wendy Huffman-Yontz's Personnel File.

**RESPONSE: OBJECTION.** Defendant objects to Plaintiffs' Request for Production Number 15 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent that it seeks confidential information about other individuals. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 15 as follows: Please see documents attached hereto as DEFENDANTS000303 - DEFENDANTS000331.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

27

16. Gretchen Hawks' Personnel File.

**RESPONSE: OBJECTION.** Defendant objects to Plaintiffs' Request for Production Number 16 to the extent it seeks information that is protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent that it seeks confidential information about other individuals. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 16 as follows: Please see documents attached hereto as DEFENDANTS000332 - DEFENDANTS000381.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

17. The Personnel Files of the individuals listed in paragraph 47 of Plaintiffs' Complaint.

**RESPONSE: OBJECTION.** Defendant objects to Plaintiffs' Request for Production Number 17 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Further, Defendant objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent that it seeks confidential information about other individuals. Defendant also objects on the grounds that this Request is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 17 as follows:

Please see documents attached hereto as DEFENDANTS000108 - DEFENDANTS000302; DEFENDANTS000403 - DEFENDANTS000443; DEFENDANTS000444 - DEFENDANTS000483; DEFENDANTS000484 - DEFENDANTS000547; DEFENDANTS000548 - DEFENDANTS000571; DEFENDANTS000572 - DEFENDANTS000597; DEFENDANTS000598 - DEFENDANTS000662.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

18. Communications related to the job performance of any of the individuals listed in paragraph 47 of Plaintiffs' Complaint.

**RESPONSE: OBJECTION.** Defendant objects to Plaintiffs' Request for Production Number 18 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Further, Defendant objects to this Request because it

28

seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent that it seeks confidential information about other individuals. Defendant also objects on the grounds that this Request is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 18 as follows:

Please see documents attached hereto as DEFENDANTS000108 - DEFENDANTS000302; DEFENDANTS000403 - DEFENDANTS000443; DEFENDANTS000444 - DEFENDANTS000483; DEFENDANTS000484 - DEFENDANTS000547; DEFENDANTS000548 - DEFENDANTS000571; DEFENDANTS000572 - DEFENDANTS000597; DEFENDANTS000598 - DEFENDANTS000662, and the emails identified in the accompanying spreadsheet labeled PPM Email Index.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

19. Communications related to decisions to terminate the employment of any of the individuals listed in paragraph 47 of Plaintiffs' Complaint.

RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 19 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Further, Defendant objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent it seeks confidential information about other individuals. Defendant also objects on the grounds that this Request is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 19 as follows:

Please see documents attached hereto as DEFENDANTS000108 - DEFENDANTS000302; DEFENDANTS000403 - DEFENDANTS000443; DEFENDANTS000444 - DEFENDANTS000483; DEFENDANTS000484 - DEFENDANTS000547; DEFENDANTS000548 - DEFENDANTS000571; DEFENDANTS000572 - DEFENDANTS000597; DEFENDANTS000598 - DEFENDANTS000662, and the emails identified in the accompanying spreadsheet labeled PPM Email Index.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

20. Communications related to replacing any of individuals listed in paragraph 47 of Plaintiffs' Complaint.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 20 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent that it seeks confidential information about other individuals. Defendant further objects on the grounds that this Request is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 20 as follows:**

**Please see documents attached hereto as DEFENDANTS000108 - DEFENDANTS000302; DEFENDANTS000403 - DEFENDANTS000443; DEFENDANTS000444 - DEFENDANTS000483; DEFENDANTS000484 - DEFENDANTS000547; DEFENDANTS000548 - DEFENDANTS000571; DEFENDANTS000572 - DEFENDANTS000597; DEFENDANTS000598 - DEFENDANTS000662.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

21. All electronic or hardcopy calendars for the individuals identified in response to Interrogatory Nos. 4 and 5.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 21 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent that it seeks confidential information about other individuals. Subject to and without waiving the foregoing objection, Defendant responds to Plaintiffs' Request for Production Number 21 as follows: No Response at this time.**

**Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

22. All documents related to formal or informal grievances, complaints (including but not limited to litigation documents), or reports alleging harassment, discrimination, or retaliation of any kind in the terms and conditions of employment, including violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), or any state or municipal laws prohibiting harassment, discrimination, or retaliation of any kind (collectively, "complaint"), including but not limited to: the actual complaint documentation; associated employee relations or human resources' files; all documents related to the investigation; and documents relating to the ultimate disposition of the complaint or report.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 22 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent that it seeks confidential information about other individuals. Defendant further objects on the grounds that this Request is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 22 as follows:**

**Please see documents attached hereto as DEFENDANTS000663 - DEFENDANTS000789.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.**

23. All documents relating to any lawsuits filed or threatened to be filed against the Company by anyone since January 1, 2012, including but not limited to: demand letters, the lawsuit itself, and any documents relating to a settlement where such suit or threatened suit related to discrimination, sexual harassment or retaliation.

**RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 23 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent that it seeks confidential information about other individuals. Defendant further objects to this Request because it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objection, Defendant responds to Plaintiffs' Request for Production Number 23 as follows:**

**Please see documents attached hereto as DEFENDANTS000013 - DEFENDANTS000055.**

**By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or**

31

preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

24. The Cash Balance Plan identified in paragraph 49 of Your Answer to Plaintiffs' Complaint.

**RESPONSE: Please see documents attached hereto as DEFENDANTS000790 - DEFENDANTS000812.**

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

25. Documents related to the Cash Balance Plan identified in paragraph 49 of Your Answer to Plaintiffs' Complaint, including but not limited to: prior versions of the Cash Balance Plan; unused drafts of the Cash Balance Plan; and attachments, exhibits, and addendum to the Cash Balance Plan.

**RESPONSE: OBJECTION.** Defendant objects to Plaintiffs' Request for Production Number 25 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent that it is vague, overly broad, and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 25 as follows: Subject to and without waiving the foregoing objection, Defendant responds to Plaintiffs' Request for Production Number 25 as follows:

Please see documents attached hereto as DEFENDANTS000813 - DEFENDANTS000815, and the emails identified in the accompanying spreadsheet labeled PPM Email Index.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

26. Communications (specifically including electronically stored information like emails, text messages, and instant messages) related to the Cash Balance Plan identified in paragraph 49 of Your Answer to Plaintiffs' Complaint, including but not limited to discussions on: the Cash Balance Plan's implementation, the Cash Balance Plan's utility, employee enrollment in the Cash Balance Plan, alternatives to the Cash Balance Plan, satisfaction with the Cash Balance Plan, disappointment with the Cash Balance Plan, and costs of the Cash Balance Plan.

**RESPONSE: OBJECTION.** Defendant objects to Plaintiffs' Request for Production Number 26 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 26 as follows:

Please see the emails identified in the accompanying spreadsheet labeled PPM Email Index.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

27. All documents accusing You of dishonestly or otherwise discussing alleged dishonest or fraudulent behavior sent or received by You since January 1, 2011.

**RESPONSE: OBJECTION.** Defendant objects to Plaintiffs' Request for Production Number 27 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent that it seeks confidential information about other individuals. Defendant further objects on the grounds that this Request is vague, ambiguous, overly broad and vague. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 27 as follows: No Response at this time.

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

28. All documents which You intend to use as an exhibit in any trial of this action or in any dispositive motion.

**RESPONSE. OBJECTION.** Defendant objects to Plaintiffs' Request for Production Number 28 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 28 as follows: None at this time. Defendant will

33

comply with this request as required by the Federal Rules of Civil Procedure and the Court's Pretrial Order(s).

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

29.     All documents prepared by or for an expert witness in anticipation of the expert's testimony at deposition or trial, including the expert's complete file, any communications between You and the expert(s), and any documents You provided to the expert witness.

RESPONSE: OBJECTION. Defendant objects to Plaintiffs' Request for Production Number 29 to the extent it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request because it seeks to impose obligations beyond that which is required by the Federal Rules of Civil Procedure. Subject to and without waiving the foregoing objections, Defendant responds to Plaintiffs' Request for Production Number 29 as follows: Defendant has not yet decided who will be called as expert witness(es) in this matter. Pursuant to the 26(f) Report filed with the Court November 30, 2017, Defendant will provide the reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C).

By way of further response, Defendant is presently pursuing discovery and investigation of the facts relating to this case, and has not completed discovery or preparation for trial. Defendant expressly reserves the right to amend, change, modify, and/or supplement this Answer consistent with the Federal Rules of Civil Procedure.

Respectfully submitted this the 16th day of March, 2018.

JACKSON LEWIS P.C.

BY: _Caitlin M. Goforth_

ANN H. SMITH
N.C. State Bar No. 23090
CAITLIN M. GOFORTH
N.C. State Bar No. 49227
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Ann.Smith@jacksonlewis.com
Email: Caitlin.Goforth@jacksonlewis.com

34

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO.: 1:17-CV-00854-UA-LPA

REBECCA KOVALICH and SUZANNE NAGELSKI,

        Plaintiffs,

vs.

PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., DR. DAVID SPIVEY, individually, and SHERRY SPIVEY, individually,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 16, 2018, a copy of the foregoing *Responses and Objections of Defendant Preferred Pain Management & Spine Care, P.A. to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents* was served on all parties to this cause as follows:

☐    Hand delivering a copy hereof to the said party addressed as follows:

☒    Depositing a copy hereof, postage prepaid, in the United States Mail, addressed to said party as follows:

☐    Depositing a copy hereof with a nationally recognized overnight courier service, for overnight delivery, addressed to each said party as follows:

☐    Telecopying a copy hereof to each said party as follows:

> Sean F. Herrmann
> Van Kampen Law, PC
> 315 East Worthington Avenue
> Charlotte, NC 28203
> sean@vankampenlaw.com
> *Attorney for Plaintiffs*

35

JACKSON LEWIS P.C.

BY:  _____

ANN H. SMITH
N.C. State Bar No. 23090
CAITLIN M. GOFORTH
N.C. State Bar No. 49227
*Attorneys for Defendants*
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Ann.Smith@jacksonlewis.com
Email: Caitlin.Goforth@jacksonlewis.com

4824-3051-0175, v. 1

36