IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:17-cv-00854-TDS-LPA

| | | |
|---|---|---|
| REBECCA KOVALICH and SUZANNE NAGELSKI, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | **Exhibit 48** |
| PREFERRED PAIN MANAGEMENT & SPINE CARE, P.A., DR. DAVID SPIVEY, individually, and SHERRY SPIVEY, individually. | ) ) ) ) ) | |
| Defendants. | ) | |

| | |
|---|---|
| **From:** | Sue Nagelski [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=DAD747596710463B89B3076B77672D4A-SNAGELSKI] |
| **Sent:** | Tuesday, June 09, 2015 5:04:01 PM |
| **To:** | Sherry Spivey |
| **Subject:** | Re▉▉▉▉ |

I don't understand your hostility.  I am merely bringing up an employee issue with you-which in turn was brought to my attention.  You suggested getting HR involved.  What would you like HR to do when you won't be so forthcoming with information aboutyour employee?  The more I inquire & try to understand, the more hostile and contradicting you become.
I am not asking for any personal details.  I just want a "heads-up" and to make sure you have some documentation which you already denied having.
I agree with you- enough said.  I have fulfilled my obligations.

Sue Nagelski

On Jun 9, 2015, at 12:52 PM, Sherry Spivey <SSpivey@ppmandsc.com> wrote:

> Sue, I have stated my position on this, so enough said.
> I am not intimitaded by legal repercussions that you frequently bring up.
> ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉
> I can only assume that you got that information from 
>
> Sherry
>
>
>
> Note:  The information contained in the e-mail may be privileged and confidential and protected from disclosure.  If the reader of this e-mail is not the intended recipient, you are hereby notifiedthat any reading, dissemination, distribution, copying, or other use of this e-mail is strictly prohibited.  If you have received this e-mail in error, please notify the sender immediately by telephone at 336-760-0706 and destroy this e-mail.
> Thank you.
>
> ---
>
> **From:** Sue Nagelski
> **Sent:** Tuesday, June 09, 2015 3:51 AM
> **To:** Sherry Spivey
> **Subject:** Re: ▉▉▉▉
>
> I am not asking for details - I am merely asking for something generic that summarizes some agreement/ outcome as a result of her excessive absenteeism.
> "Personal issues" is about as specific as you need to be with documentation.
> W/o it- any other employee can claim favoritism and inconsistent treatment for which you won't be able to legitimately defend
>
> Sue Nagelski
> Preferred Pain Management & Spine Care PA
> 2912 Maplewood Ave
> Winston-Salem, NC 27103
> (336) 760-0706 (main)
> (336) 354-4422 (direct)
> (704) 453-1316 (mobile)

DEFENDANTS003194

On Jun 9, 2015, at 12:44 AM, Sherry Spivey <SSpivey@ppmandsc.com> wrote:

Suz, I am aware that neither you or ▮▮▮ have been kept in the loop regarding ▮▮▮ personal issues.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ cannot be given any memos summarizing ▮▮ present situation.

I will assist ▮▮▮ so that there is no interruption of work flow and provide ▮▮ with clinical support as needed.

There may be interruptions of ▮▮r presence at work, beyond ▮▮ control.

This is a very rare and unusual issue, and I cannot reveal anything that was verbally exchanged between ▮▮ and myself.

I have documented nothing in writing so there would be no possibility of a compromise or breech of ▮▮ privacy, in this particular case.

Should there be any legal information to divulge in the future, it would unlikely involve PPMSC at all.

Sherry

---

**From:** Sue Nagelski
**Sent:** Monday, June 08, 2015 9:06 AM
**To:** Sherry Spivey
**Subject:** Re: ▮▮▮▮▮▮▮

It seems both ▮▮▮▮ & I are unaware of ▮▮ personal issues and haven't been kept in the loop. I trust you have kept notes from your discussions with ▮▮ should this become a legal issue.

(Note- I am not asking for your personal correspondence documentation with ▮▮).

May I recommend that you and ▮▮ discuss some sort of resolution moving forward. This will maintain any personal confidential information between you and ▮▮. All you will need to do after discussions & agreeing to a resolution with ▮▮ would be to send both me & ▮▮▮▮▮ an official memo summarizing the event without providing too many personal details. Be aware there may come a time when you will need to divulge some of the personal details in writing should a legal issue arise.

Let me know what you need from me with respect to record keeping/HR.

Sue Nagelski

On Jun 8, 2015, at 8:49 AM, Sherry Spivey <SSpivey@ppmandsc.com> wrote:

> This has all been previously done.
> ▮▮▮ has conference with me, and the problem does not appear to be related to one particular issue.
> ▮▮▮ has shared personal information, (at ▮▮ insistence,) about some private, matters and events, ongoing in ▮▮ life.
>
> Sherry
>
> ---
> **From:** Sue Nagelski
> **Sent:** Monday, June 08, 2015 8:41 AM
> **To:** Sherry Spivey; ▮▮▮▮▮▮▮▮
> **Cc:** David L Spivey
> **Subject:** Re: ▮▮▮▮▮▮▮

Good idea. Just be aware that chronic absenteeism or pattern absenteeism is more of an issue than PTO overuse.
The first recourse would be documentation of any absenteeisms with MD notes followed by verbal then written notice. Once in writing and acknowledged by ▮▮▮ (with or without ▮▮ signature) -PPM has more leverage to work with ▮ such asschedule modification or option to go part time and loose benefits -etc. However - the outcome needs to include ▮▮▮ input whether it affects the end result or not.


Sue Nagelski

On Jun 8, 2015, at 8:30 AM, Sherry Spivey <SSpivey@ppmandsc.com> wrote:

> ▮▮▮▮▮ I suggest that we talk, and involve HR.
> PTO is an accruable benefit, not given on a "credit" basis.
> So I agree with you, we will talk later today.
>
> Sherry
>
> ---
>
> **From**▮▮▮▮▮▮▮▮
> **Sent:** Monday, June 08, 2015 8:00 AM
> **To:** Sherry Spivey
> **Cc:** David Spivey; Sue Nagelski
> **Subject:** ▮▮▮▮▮▮
>
> Sherry,
>
> ▮▮▮▮▮▮▮▮▮▮ today.
> I am just wanting to know how long we are going to let this continue.
> This is the second week in a row that ▮▮▮▮▮▮▮▮▮
> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
> ▮▮▮▮▮▮▮▮▮▮▮
> Please give me some directions.
>
> Sincerely!
> ▮▮▮▮▮▮▮▮▮▮

DEFENDANTS003196

**CONFIDENTIAL**

| | |
|---|---|
| **From:** | Sue Nagelski [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=DAD747596710463B89B3076B77672D4A-SNAGELSKI] |
| **Sent:** | Tuesday, June 09, 2015 7:50:46 AM |
| **To:** | Sherry Spivey |
| **Subject:** | Re: [redacted] |

I am not asking for details - I am merely asking for something generic that summarizes some agreement/outcome as a result of her excessive absenteeism.
"Personal issues" is about as specific as you need to be with documentation.
W/o it- any other employee can claim favoritism and inconsistent treatment for which you won't be able to legitimately defend

Sue Nagelski
Preferred Pain Management & Spine Care PA
2912 Maplewood Ave
Winston-Salem, NC 27103
(336) 760-0706 (main)
(336) 354-4422 (direct)
(704) 453-1316 (mobile)

On Jun 9, 2015, at 12:44 AM, Sherry Spivey <SSpivey@ppmandsc.com> wrote:

> Suz, I am aware that neither you or [redacted] have been kept in the loop regarding [redacted] personal issues.
> [redacted] cannot be given any memos summarizing [redacted] present situation.
> I will assist [redacted] so that there is no interruption of work flow and provide [redacted] with clinical support as needed.
> There may be interruptions of [redacted] presence at work, beyond [redacted] control.
> This is a very rare and unusual issue, and I cannot reveal anything that was verbally exchanged between [redacted] and myself.
> I have documented nothing in writing so there would be no possibility of a compromise or breech of [redacted] privacy, in this particular case.
> Should there be any legal information to divulge in the future, it would unlikely involve PPMSC at all.
>
> Sherry
>
> ---
>
> **From:** Sue Nagelski
> **Sent:** Monday, June 08, 2015 9:06 AM
> **To:** Sherry Spivey
> **Subject:** Re: [redacted]
>
> It seems both [redacted] & I are unaware of [redacted] personal issues and haven't been kept in the loop. I trust you have kept notes from your discussions with her should this become a legal issue.
> (Note- I am not asking for your personal correspondence documentation with [redacted]).
> May I recommend that you and [redacted] discuss some sort of resolution moving forward. This will maintain any personal confidential information between you and [redacted]. All you will need to do after discussions & agreeing to a resolution with [redacted] would be to send both me & [redacted] an official memo summarizing the event without providing too many personal details. Be aware there may come a time when you will need to divulge some of the personal details in writing should a legal issue arise.

DEFENDANTS003197

Let me know what you need from me with respect to record keeping/HR.

Sue Nagelski

On Jun 8, 2015, at 8:49 AM, Sherry Spivey <SSpivey@ppmandsc.com> wrote:

> This has all been previously done.
> ▮ has conference with me, and the problem does not appear to be related to one particular issue.
> ▮ has shared personal information, (at ▮ insistence,) about some private, matters and events, ongoing in ▮ life.
>
> Sherry
>
>> **From:** Sue Nagelski
>> **Sent:** Monday, June 08, 2015 8:41 AM
>> **To:** Sherry Spivey; ▮
>> **Cc:** David L Spivey
>> **Subject:** Re: ▮
>>
>> Good idea.  Just be aware that chronic absenteeism or pattern absenteeism is more of an issue than PTO overuse.
>> The first recourse would be documentation of any absenteeisms with MD notes followed by verbal then written notice.  Once in writing and acknowledged by ▮ (with or without ▮ signature) -PPM has more leverage to work with ▮ such asschedule modification or option to go part time and loose benefits -etc.  However - the outcome needs to include ▮ input whether it affects the end result or not.
>>
>>
>> Sue Nagelski
>>
>> On Jun 8, 2015, at 8:30 AM, Sherry Spivey <SSpivey@ppmandsc.com> wrote:
>>
>>> ▮ I suggest that we talk, and involve HR.
>>> PTO is an accruable benefit, not given on a "credit" basis.
>>> So I agree with you, we will talk later today.
>>>
>>> Sherry
>>>
>>>> **From:** ▮
>>>> **Sent:** Monday, June 08, 2015 8:00 AM
>>>> **To:** Sherry Spivey
>>>> **Cc:** David Spivey; Sue Nagelski
>>>> **Subject:** ▮
>>>>
>>>> Sherry,
>>>>
>>>> ▮ today.
>>>> I am just wanting to know how long we are going to  let this continue.
>>>> This is the second week in a row ▮
>>>> ▮
>>>> Please give me some directions.

**CONFIDENTIAL**

Sincerely!

████████████

DEFENDANTS003199